PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Fax:          (818) 883-4902
Email:        peter@dion-kindemlaw.com

Attorneys for Plaintiff Paul Kranich

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Kranich,<br><br>         Plaintiff,<br><br>         vs.<br><br>Thomas V. Girardi, Robert Finnerty,<br>Girardi – Keese, and Does 1 through 100,<br>         Defendants. | **Case No.**<br><br>**Complaint for:**<br><br>1. **Fraud**<br>2. **Civil RICO in Violation of Title 18, United States Code, Sections 1962(c) and 1964(c)**<br>3. **Civil RICO Conspiracy in Violation of Title 18, United States Code, Sections 1962(d) and 1964(c)**<br>4. **Conversion**<br>5. **Accounting**<br>6. **Breach of Fiduciary Duty**<br>7. **Violation of California Penal Code Section 496**<br>8. **Unjust Enrichment**<br>9. **Money Had and Received**<br><br>**Demand for Jury Trial** |

**Complaint**

1

Plaintiff Paul Kranich alleges:

1.  This is a case of conspiracy, criminal fraud, theft and breach of trust in which Thomas V. Girardi, Girardi – Keese, a well-known plaintiff's law firm ("Girardi"), and other attorneys and employees of Girardi – Keese participated in and aided and abetted a scheme to defraud their clients by charging excessive fees and costs and fraudulently converting settlement proceeds to which Plaintiff and other clients were entitled.

2.  The underlying litigation involved claims on behalf of current or former employees of Lockheed Corporation against Lockheed and other defendants ("Lockheed Litigation"), Judicial Council Coordination Proceeding No. 2967. Defendants represented Plaintiff in the Lockheed Litigation.

3.  Between 1992 and 2001, settlements were reached in the Lockheed Litigation with various defendants. The settlements, with interest, totaled approximately $130 million. Girardi received settlement funds from the settling defendants in the Lockheed Litigation and controlled all disbursements of such settlement funds.

4.  Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 100 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

5.  Defendants have been or are the principals, officers, directors, agents, employees, representatives and/or co-conspirators of each of the other defendants, and in such

**Complaint**

capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy and Defendants aided and abetted each other in their execution. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over this matter pursuant to Title 28, United States Code, section 1331, in that it arises under the laws of the United States. The Court has jurisdiction over the state law claims alleged because these claims derive from the same common nucleus of operative facts as the federal RICO claims.

7.  This Court has personal jurisdiction over Defendants because they are residents of California.

8.  Venue for this matter properly lies within the Central District of California pursuant to Title 18, United States Code, section 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

**Claim for Relief No. 1**
**Fraudulent Concealment**
**(Against all Defendants)**

9.  Plaintiff realleges the preceding paragraphs.

10. Defendants were the attorneys for Plaintiff and other Lockheed Litigation plaintiffs in the Lockheed Litigation, and, as Plaintiff's attorneys, owed them a fiduciary duty.

### The improper use of Lockheed Settlement Funds

11. Based on allegations made against by plaintiffs in other lawsuits filed against Girardi, it appears that Girardi improperly used Lockheed Settlement funds for the following improper purposes, *inter alia*:

   a. The payments to individuals in unrelated cases who were apparently represented by Defendants, including but not limited to the payment of $619,000 to a person named Albert R. Snider, $405,926.76 to a person named Robert Katz, and $400,000 to a person named Lester Elmore.

   b. The payment for Girardi's personal or unrelated business debts, including but not limited to payments to the following persons or entities:

      i. $250,000 to G&L Aviation, an entity of which Defendant Thomas V. Girardi is a principal;

      ii. $100,000 to Robert Baker falsely designated variously at various times as "settlement" and "associate counsel fees," when in fact Mr. Baker is believed to have been one of Defendant Thomas V. Girardi's divorce attorneys and was neither a settling plaintiff nor an associate counsel in the Lockheed Litigation.

      iii. $181,534 to Fred J. Martino. counsel for Albert R. Snider in an unrelated matter;

      iv. $50,000 to David Harney as associate counsel fees even though he was not an associate counsel;

      v. $500,000 to Everen Securities purportedly as "settlement," when in fact said sum was paid to fund defendant Thomas V. Girardi's private investment account;

      vi. $350,000 to Western Bank purportedly for "fees" when no such fees were legitimately due out of Lockheed Litigation settlement funds and/or funds held by Girardi on behalf of Plaintiff or other Lockheed

**Complaint**

4

Litigation plaintiffss;

vii. $1,000,000 purportedly paid to "Global Client Payments" and $827,446.77 purportedly paid to "Lockheed Litigation plaintiffss" out of Lockheed Litigation funds and/or funds held by Girardi on behalf of Plaintiff and Lockheed Litigation plaintiffss when, on information and belief, Girardi paid said funds to themselves or others who were not Lockheed Litigation plaintiffs.

c. The complete exhaustion of $8,500,000 in Lockheed Litigation settlement funds during the period from in or about September 1997 to in or about 2000, including monies due Plaintiff and other Lockheed Litigation plaintiffss out of a client trust account maintained by Girardi at Wells Fargo Bank, for expenditures unrelated to Plaintiff or Lockheed Litigation plaintiffss, including, for example only, the payment of $500,000 in or about 1998 toward obligations due under a real estate escrow in which Defendant Thomas V. Girardi was involved and which was unrelated to the Lockheed Litigation.

## The Charging of Excessive Costs

12. Girardi charged excessive costs. For example, Girardi charged a fixed amount of $22,000 in "costs" to Plaintiff and other Lockheed Litigation plaintiffss even though the total amount of pro-rated legitimate costs that had been incurred by Girardi in connection with the Lockheed Litigation prior to the last settlement distribution made to Plaintiff was substantially less than $22,000. Girardi charged Plaintiff and Lockheed Litigation plaintiffss this fixed "cost" charge without disclosing such fact to Plaintiff and concealed from Plaintiff that Girardi was basing the settlement distributions to Plaintiff based in part on such excessive fixed "cost" charge with the intent of defrauding Plaintiff and other Lockheed Litigation

plaintiffs.

13. Not only did Girardi take excessive costs and conceal such fact from Plaintiff, Girardi also improperly charged as "costs" the following:

a. Girardi claimed as costs $480,011.74 in "consulting fees" which had previously been characterized by Girardi as "associate counsel fees." These were payments to other attorneys and possibly other persons who were allegedly involved in the Lockheed Litigation. These amounts were not properly chargeable as "costs" to Plaintiff, however. Moreover, even assuming that such payments were for work done on the Lockheed Litigation, to the extent such payments were to attorneys for their work on the Lockheed Litigation, such payments should have been borne as part of Girardi's share of attorney's fees, not chargeable as "costs." Moreover, many of the alleged "fees" are believed to be unrelated to the Lockheed Litigation and not properly chargeable to Plaintiff or the other Lockheed Litigation plaintiffss as "costs" in any event.

b. Girardi claimed $221,926.76 in "client advances" it had allegedly made as "costs." These are not costs, however, but distributions to clients and should not have been chargeable as "costs" to Plaintiff or the other Lockheed Litigation plaintiffss.

c. Girardi claimed as "costs" $3.5 million in payments made in August 2005 in settlement of a lawsuit brought against Girardi alleging that Girardi had defrauded approximately 80 Lockheed Litigation plaintiffss, which settlement included attorney's fees payable to the attorneys bringing such lawsuit. Any allocation of this amount for attorney's fees would not be costs chargeable to Plaintiff or other Lockheed Litigation plaintiffss.

d. Girardi charged or costs incurred in connection with matter unrelated to the Lockheed litigation, including other litigation being handled by Girardi.

**Complaint**

**The Charging of Excessive Fees**

14. The fees taken by Girardi were excessive and unreasonable. For example:

   a. In calculating Plaintiff and other Lockheed Litigation plaintiffss' shares of the Lockheed settlements, Girardi took fees "off the top," without first deducting from the gross settlements the reasonable costs incurred. Defendants' willfully concealed this fact from Plaintiff, and Plaintiff did not know that Defendants were doing this until after other litigation was filed by Plaintiff's present attorney and Girardi admitted that Girardi was doing this.

   b. In calculating Girardi's fees, Girardi is believed to have charged Plaintiff a total contingency fee of 40% of total gross proceeds, even though Girardi had agreed to accept only one-third in fees on many of the settlements, including without limitation the settlement with Lockheed. Defendants' willfully concealed this fact from Plaintiff, and Plaintiff did not know that Defendants were doing this until after other litigation was filed by Plaintiff's present attorney against Girardi and Defendants admitted that they were doing this.

**The charging of payments made to non-clients as "client distributions."**

15. Girardi claimed that payments made to non-clients were "client distributions," when they were not. Plaintiff did not know that Defendants were doing this until after other litigation was filed by Plaintiff's present attorney against Girardi and Girardi produced documentation reflecting that Girardi was doing this. Defendants concealed this information from Plaintiff.

**Defendants' Fraudulent Concealment**

16. Defendants, as Plaintiff's attorneys, owed Plaintiff a fiduciary duty.

17. Defendants intentionally and willfully failed to disclose and concealed the facts alleged above regarding the excessive costs and fees and fabricated "client

**Complaint**

distributions" and Girardi's improper handling of the Lockheed Litigation settlement proceeds.

18. Plaintiff did not know of the concealed facts.

19. Defendants intended to deceive Plaintiff by concealing the facts.

20. Plaintiff reasonably relied on Defendants' deception in believing that Plaintiff had received all of the settlement proceeds to which Plaintiff was entitled.

21. Plaintiff was harmed in that Plaintiff did not receive the proper share of the Lockheed Litigation settlement proceeds to which he was entitled.

22. Defendants' concealment was a substantial factor in causing Plaintiff's harm.

23. As a proximate result of Defendants' fraudulent conduct and fraudulent breach of fiduciary duty, Plaintiff has been damaged in an unknown amount.

24. Defendants' conduct:

   a. constituted an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing Plaintiff injury;

   b. was intended by Defendants to cause injury to Plaintiff and other Lockheed Litigation plaintiffss or was despicable conduct that was carried on by Defendants with a willful and conscious disregard of the rights or safety of others; and/or

   c. was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of punitive damages against Defendants.

25. By virtue of Girardi's violation of Girardi's fiduciary duty to Plaintiff, Girardi's retention of Plaintiff's share of the settlement funds is wrongful, and Plaintiff is entitled to an order declaring that Girardi holds said settlement funds and any proceeds thereof and any other property acquired therewith (collectively

**Complaint**

"Property") as a constructive trustee for the benefit of Plaintiff and compelling Girardi to convey the Property to Plaintiff. To the extent that all or a portion of said Property has been transferred by Girardi to third persons who had no knowledge of Girardi's wrongful acquisition of such Property and for valuable consideration ("Transferred Property"), Plaintiff is entitled to an order requiring Girardi to pay Plaintiff an amount equal to the value of said Transferred Property, plus interest thereon.

### Defendants' willful concealment of their fraud.

26. In violation of their fiduciary duty to Plaintiff, Defendants willfully concealed the wrongful conduct alleged above. Defendants knew that the payments being made to Plaintiff were less than that to which Plaintiff was entitled and that Girardi was taking excessive fees and charging excessive costs and otherwise improperly using Lockheed Litigation settlement proceeds.

27. Defendants also became aware that their co-counsel in the underlying Lockheed Litigation, Jeffrey C. McIntyre and Timoth Larson, were making claims against Girardi for the certain of the wrongful acts alleged above, and were aware that Mr. McIntyre filed a lawsuit against Girardi alleging breach of fiduciary, fraud, conversion, accounting, constructive trust, money had and received, negligence, unjust enrichment, and declaratory relief based on certain of the wrongful acts alleged above in an action entitled *Anzures, et al. v. Girardi & Keese, Thomas V. Girardi, et al.*, Los Angeles Superior Court Case No. VC35337. In furtherance of their fraudulent conspiracy to conceal their fraudulent conduct alleged above from Plaintiff, Defendants concealed the existence of such lawsuit from Plaintiff in violation of their fiduciary duty.

28. Plaintiff trusted Defendants because Defendants were his attorneys, and Plaintiff did not believe that Girard was being untruthful or that Defendants were

concealing Girardi's wrongful conduct and were not providing Plaintiff with his proper share of the settlement moneys. The bank records and other records reflecting Girardi's improper use of the settlement proceeds were in Girardi's possession, and Plaintiff did not have access to such records. Plaintiff did not discover, or have reason to believe, that he had been injured or that Defendants were defrauding him until in or about March 2015, when he was advised by his current attorney, Peter R. Dion-Kindem, of certain of Defendants' wrongful conduct.

### Claim for Relief No. 2
### Civil RICO in Violation of Title 18, United States Code, Sections 1962(c) and 1964(c)
### (Against Defendants Thomas V. Girardi and Robert Finnerty and Does 1 through 100)

29.  Plaintiff realleges the preceding paragraphs.

30.  Title 18, United Sates Code, section 1962(c) provides, in relevant part, that "[i]t shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

31.  Title 18, United States Code, section 1961(4) defines the term "person" to include "any individual or entity capable of holding a legal or beneficial interest in property."

32.  Title 18, United States Code, section 1961(4) defines the term "enterprise" to include "any individual, partnership, or other legal entity, and any . . . group of individuals associated in fact although not a legal entity."

33.  Title 18, United States Code, section 1961(1) defines the term "racketeering" in pertinent part as follows:

**Complaint**

> "racketeering activity" means . . . (B) any act which is indictable under any of the following provisions of title 18, United States Code: . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud) . . .

34. Title 18, United States Code, section 1961(5) defines the term "pattern of racketeering activity" as follows:

> "pattern of racketeering activity" requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity;

35. Title 18, United States Code, section 1964(c), provides, in relevant part, that "[a]ny person injured in his business or property be reason of a violation of section 1962 of this chapter may sue thereafter . . . and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee. . . ."

### The "Criminal Enterprise."

36. At all times relevant hereto, Thomas V. Girardi, Robert Finnerty, and Does 1 through 100 were each a "person" within the meaning of Title 18, United States Code, sections 1961(3).

37. At all times relevant hereto, Thomas V. Girardi, Robert Finnerty, and Does 1 through 100 were a partnership, association, or other legal entity, or a group of individuals associated in fact although not a legal entity for the common purpose of operating the law firm known as Girardi – Keese and constituted an enterprise within the meaning of Title 18, United States Code, section 1961(4) (the "Criminal Enterprise").

38. At all times relevant hereto, the Criminal Enterprise was engaged in, and its activities affected, interstate commerce in that, among other things, it was involved in acts, transactions and events occurring in, among other places, California and other states.

**Complaint**

**The Racketeering Acts**

39. Beginning in or about May 1995, Thomas V. Girardi, Robert Finnerty, and Does 1 through 100, being employed by or associated with the Criminal Enterprise, conducted and participated in the conduct of the affairs of the Criminal Enterprise, directly and indirectly, through the pattern of racketeering activity described below, in violation of Title 18, United States Code, section 1962(c).

40. In concealing and covering up their participation and complicity in the scheme to defraud, Thomas V. Girardi, Robert Finnerty, and Does 1 through 100 have sought to evade their liability to Plaintiff from the intentionally wrongful and criminal acts and omissions of them and their employees and agents, which could expose Defendants to actual damages and punitive damages significantly greater than that amount, and to avoid regulatory scrutiny of their conduct and public disdain for their treatment of a client such as Plaintiff.

**Mail Fraud**

41. Beginning in or about May 1995, Thomas V. Girardi, Robert Finnerty, and Does 1 through 100, and each of them, knowingly and with intent to defraud, devised, participated in and executed a scheme and artifice to defraud Plaintiff and to obtain money and property from Plaintiff by means of false and fraudulent pretenses, representations, promises and/or the concealment of material facts as described further below.

42. On or about the dates set forth below, for purposes of carrying out such scheme or artifice, Thomas V. Girardi caused the following items, among others, to be sent and delivered through the U.S. mail, in violation of Title 18, United States Code, sections 1341 and 2:

| Racketeering Act | Date | Description of Mailing |
|---|---|---|
| 1. | May 1995 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 2. | December 1995 | Girardi causes two separate settlement distributions to be mailed to Plaintiff. |
| 3. | October 1996 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 4. | December 1996 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 5. | July 1997 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 6. | December 1997 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 7. | March 1998 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 8. | October 1998 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 9. | December 1998 | Girardi causes a settlement distribution to be mailed to Plaintiff. |
| 10. | February 2001 | Girardi causes a settlement distribution to be mailed to Plaintiff. |

43. Defendants also became aware that their co-counsel in the underlying Lockheed Litigation, Jeffrey C. McIntyre and Timothy Larson, were making claims against Girardi for the certain of the wrongful acts alleged above, and were aware that Mr. McIntyre filed a lawsuit against Girardi alleging breach of fiduciary, fraud, conversion, accounting, constructive trust, money had and received, negligence, unjust enrichment, and declaratory relief based on certain of the wrongful acts alleged above in an action entitled *Anzures, et al. v. Girardi & Keese, Thomas V. Girardi, et al.*, Los Angeles Superior Court Case No. VC35337. In furtherance of their fraudulent conspiracy to conceal their fraudulent conduct alleged above from Plaintiff, Defendants concealed the existence of such lawsuit from Plaintiff in violation of their fiduciary duty.

**Injury to Business and Property.**

44. By reason of the foregoing violations of Title 18, United States Code, section 1962(c), Plaintiff has been injured in Plaintiff's property in an amount to be determined at trial.

45. Plaintiff has incurred attorney's fees in pursuing this claim.

**Claim for Relief No. 3**
**Civil RICO Conspiracy in Violation of Title 18, United States Code, Sections 1962(d) and 1964(c)**
**(Against Defendants Thomas V. Girardi and Robert Finnerty and Does 1 through 100)**

46. Plaintiff realleges the preceding paragraphs.

47. Title 18, United States Code, section 1962(d) provides, in relevant part, that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections . . . (b) or (c) of this section [1962]."

48. Beginning at a time that is currently unknown, but believed to be as early as 2000, Defendants, and each of them, knowingly and willfully conspired and agreed to:

   a. Violate Title 18, United States Code, section 1962(c), by conducting the affairs and participating in the conduct of the affairs of the Criminal Enterprise, directly and indirectly, through the pattern of racketeering activity described above, in violation of Title 18, United States Code, section 1962(d); and/or

   b. Commit two or more of the racketeering acts described above, knowing of the essential nature and scope of the Criminal Enterprise and intending to participate in it.

   c. Defendants also became aware that their co-counsel in the underlying Lockheed Litigation, Jeffrey C. McIntyre and Timothy Larson, were making claims against Girardi for the certain of the wrongful acts alleged above, and were aware that Mr. McIntyre filed a lawsuit against Girardi alleging breach

**Complaint**
14

of fiduciary, fraud, conversion, accounting, constructive trust, money had and received, negligence, unjust enrichment, and declaratory relief based on certain of the wrongful acts alleged above in an action entitled *Anzures, et al. v. Girardi & Keese, Thomas V. Girardi, et al.*, Los Angeles Superior Court Case No. VC35337.

d.   In furtherance of their fraudulent conspiracy to conceal their fraudulent conduct alleged above from Plaintiff, Defendants fraudulently concealed the existence of such lawsuit from Plaintiff in violation of their fiduciary duty.

49.   By reason of the foregoing violations of Title 18, United States Code, section 1962(d), Plaintiff has been injured in Plaintiff's property in an amount to be determined at trial.

50.   Plaintiff has incurred attorney's fees in pursuing this claim.

**Claim for Relief No. 4**
**Conversion**
**(Against All Defendants)**

51.   Plaintiff realleges the preceding paragraphs.

52.   Settlements were entered into in the Lockheed Litigation on Plaintiff's behalf.

53.   The settling defendants provided Girardi with settlement funds that were to be distributed to Plaintiff and other Lockheed Litigation plaintiffs.

54.   Plaintiff had an immediate and vested property right in his portion of the settlement funds that Girardi received.

55.   Girardi was required by law to maintain Plaintiff's settlement funds in an attorney trust account until the settlement funds were distributed to Plaintiff.

56.   Girardi wrongfully, and without Plaintiff's knowledge or consent, retained settlement funds that belonged to Plaintiff and Defendants concealed wrongful conduct from Plaintiff.

57.   The exact amount of settlement funds converted by Girardi by wrongfully

**Complaint**

withholding such sums and using them for Girardi's own purposes is unknown but believed to be in excess of $10,000.

58. Girardi, by willfully and repeatedly refusing to provide Plaintiff with the accounting to which Plaintiff is legally entitled, has prevented Plaintiff from ascertaining the true amount of Plaintiff's share of the settlements and, therefore, the exact sums that Girardi has wrongfully converted.

59. The amount of Plaintiff's settlement funds that Girardi wrongfully converted is specific and identifiable, and can be ascertained by Plaintiff from documents presently in Defendants' possession, custody or control.

60. Girardi substantially interfered with Plaintiff's right to possess his funds by continuing to exercise dominion over his such funds and refusing to release custody and control of those funds to Plaintiff.

61. Girardi has converted Plaintiff's funds by removing them from trust accounts and applying them to Girardi's own uses.

62. Plaintiff did not consent to Girardi use and conversion of Plaintiff's funds.

63. As a direct and proximate result of Girardi conversion of Plaintiff's settlement proceeds, Plaintiff has been damaged in an amount to be proven at trial.

64. Defendants' conduct:

    a.    constituted an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing Plaintiff injury;

    b.    was intended by Defendants to cause injury to Plaintiff and plaintiff class members or was despicable conduct that was carried on by Defendants with a willful and conscious disregard of the rights or safety of others; and/or

    c.    was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of

**Complaint**

punitive damages against Defendants of at least $50 million.

**Claim for Relief No. 5**
**For an Accounting**
**(Against Defendants Thomas V. Girardi and Girardi – Keese)**

65. Plaintiff realleges the preceding paragraphs.

66. Settlement funds were received by Girardi to be held in trust and Girardi was therefore the trustee of such funds or Plaintiff's benefit.

67. On July 6, 2015, Plaintiff demanded that Girardi account to Plaintiff for his share of the Lockheed settlements in which he participated pursuant to Business and Professions Code Section 6091. A copy of this demand is attached as Exhibit 1.

68. Probate Code Section 16060 sets forth the trustee's duty to account to beneficiaries:

> The trustee has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration.

There is no provision in the Probate Code that relieves a trustee from his statutory duty to account pursuant to Section 16060 when requested by a beneficiary, and no statute or case law holds that an attorney-trustee's statutory duty to account to his beneficiary-client evaporates with the passage of time.

69. Probate Code Section 16061 obligates a trustee to providing a written account to his beneficiary upon the beneficiary's request:

> Except as provided in Section 16069, on reasonable request by a beneficiary, the trustee shall report to the beneficiary by providing requested information to the beneficiary relating to the administration of the trust relevant to the beneficiary's interest.

70. The amount of settlement funds that Girardi received in trust for Plaintiff's benefit, the disposition of such funds, and the amount owing to Plaintiff is unknown at this time by Plaintiff and can only be determined with certainty with records and information in Girardi's possession or control.

**Complaint**

71.   Girardi has failed and refused, and continues to fail and refuse, to provide such an accounting to Plaintiff. The Court should therefore order Girardi to provide Plaintiff with a complete and accurate accounting of all of the settlement funds received in the Lockheed Litigation through settlements in which Plaintiff participated.

**Claim for Relief No. 6**
**For Breach of Fiduciary Duty**
**(Against All Defendants)**

72.   Plaintiff realleges the preceding paragraphs.

73.   As Plaintiff's attorneys, Defendants owed Plaintiff a fiduciary duty.

74.   In committing the wrongful acts alleged above, Defendants breached their fiduciary duties to Plaintiff in the following respects, among others:

   a.   By wrongfully withholding and secreting Plaintiff's share of settlement funds and using those funds for Girardi's own purposes;

   b.   By failing to promptly disburse to Plaintiff his share of the settlement proceeds from the Lockheed Litigation to which he was entitled;

   c.   By failing to deal honestly with Plaintiff and to communicate with him truthfully;

   d.   By commingling Plaintiff's settlement funds with Girardi's own funds or by applying them to Girardi's own purposes;

   e.   By concealing their wrongful acts from Plaintiff; and/or

   f.   By refusing to provide an accounting of Plaintiff's settlement funds upon Plaintiff's request.

75.   As a direct and proximate result of Defendants' breaches of their fiduciary duties, Plaintiffs have been damaged in an amount to be proven at trial.

76.   Defendants' conduct:

   a.   constituted an intentional misrepresentation, deceit, or concealment of a

**Complaint**

material fact known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiff of property or legal rights or otherwise causing Plaintiff injury;

b.   was intended by Defendants to cause injury to Plaintiff and plaintiff class members or was despicable conduct that was carried on by Defendants with a willful and conscious disregard of the rights or safety of others; and/or

c.   was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of punitive damages against Defendants of at least $50 million.

### Claim for Relief No. 7
### For Violation of California Penal Code section 496
### (Against All Defendants)

77.  Plaintiff realleges the preceding paragraphs.

78.  California Penal Code section 496(a) provides, in relevant part:

> [e]very person who receives any property that has been stolen or that has been obtained in any manner constituting theft . . . knowing the property to be so stolen or obtained, or who conceals, . . . withholds, or aids in concealing . . . or withholding any property from the owner, knowing the property to be so stolen or obtained, [is guilty of a criminal offense].

79.  California Penal Code section 484 defines "theft" to include:

> (a) Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property . . . is guilty of theft. . . . For the purposes of this section, any false or fraudulent representation or pretense made shall be treated as continuing, so as to cover any money, property or service received as a result thereof, and the complaint, information or indictment may charge that the crime was committed on any date during the particular period in question. . . .

80.  California Penal Code section 496(c) provides, in relevant part:

**Complaint**

19

[a]ny person who has been injured by a violation of subdivision (a) . . . may bring an action for three times the amount of the actual damages, if any, sustained by the plaintiff, cost of suit, and reasonable attorney's fees.

81. Girardi received property that was stolen or that was obtained in a manner constituting theft as alleged above knowing the property to be so stolen or obtained.

82. Defendants concealed, withheld, or aided in concealing or withholding properly belonging to Plaintiff, knowing the property to be so stolen or obtained.

83. As a direct and proximate result of these violations of California Penal Code section 496(a), Plaintiff has been injured in an amount to be determined at trial.

84. Plaintiff has incurred attorney's fees in pursuing this claim.

**Claim for Relief No. 8**
**For Unjust Enrichment**
**(Against All Defendants)**

85. Plaintiff realleges the preceding paragraphs.

86. As a result of Defendants' wrongful actions, Girardi received a benefit at the expense of Plaintiff in the form of a portion of Plaintiff's settlement funds to which Girardi was not entitled, the costs of goods and services that were not properly charged to Plaintiff, and attorney's fees that were deducted from Plaintiff's settlement funds that should not have been.

87. Girardi has retained these benefits unjustly and, as a result, Girardi has been unjustly enriched at Plaintiff's expense.

88. As a direct and proximate result of Girardi's wrongful retention of Plaintiff's settlement funds, and unjust enrichment thereby, Plaintiff has been damaged in an amount to be proven at trial.

**Complaint**

**Claim for Relief No. 9**
**Money Had and Received**
**(Against all Defendants)**

89.   Plaintiff realleges the preceding paragraphs.

90.   Defendants received money intended to be used for Plaintiff's benefit.

91.   Defendants did not use such money for Plaintiff's benefit.

92.   Defendants have not given the money to Plaintiff.

WHEREFORE Plaintiff demands a jury trial and prays that judgment be entered against Defendants and each of them and in favor of Plaintiff as follows:

1.   For disgorgement of all attorney's fees received or retained by Defendants with respect to Plaintiff's share of the Lockheed litigation settlements in which Plaintiff participated.

2.   For compensatory and general damages in an amount to be determined at trial;

3.   For restitution and/or other applicable equitable relief.

4.   For an order declaring that Defendants Thomas V. Girardi and Girardi – Keese hold Plaintiff's interest in the settlement proceeds received by them as constructive trustee for Plaintiff, for an order compelling them to convey to Plaintiff his portion of the settlement funds obtained by them, and, to the extent that all or portions of said settlement funds have been transferred to third persons with no knowledge of their wrongful acquisition/retention of such funds and for valuable consideration ("Transferred Property"), for an order requiring them to pay Plaintiff an amount equal to the value of said Transferred Property, plus interest thereon.

5.   For an order compelling Defendants Thomas V. Girardi and Girardi – Keese to account for settlement funds obtained by them and to pay the amount determined to be due Plaintiff pursuant to said accounting.

6.   For disgorgement of any money and property by which Defendants unjustly enriched themselves as a result of their unlawful conduct, including, but not limited to, attorney's fees retained by Defendants from the settlement funds.

**Complaint**

7.  For treble damages.

8.  For punitive damages according to proof.

9.  For an order restoring to Plaintiff all money and property obtained by Defendants, and each of them, as a result of Defendants' wrongful conduct, including, but not limited to, all such settlement funds in which Plaintiff has vested interest

10. For the sum owing by Defendants to Plaintiff for money had and received for Plaintiff's benefit.

11. For prejudgment interest as allowed by law and compounded to the extent permitted by law.

12. For reasonable attorney's fees.

13. For costs of suit.

14. For such other relief as the Court may deem proper.

Dated: February 22, 2016          THE DION-KINDEM LAW FIRM

BY: _____

PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorney for Plaintiff Paul Kranich