

# THE DION-KINDEM LAW FIRM

EMAIL: peter@dion-kindemlaw.com

July 6, 2015

Thomas V. Girardi (via email: tgirardi@girardikeese.com)
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017

  Re: Lockheed Litigation - Request for Settlement Accounting

Dear Mr. Girardi:

  We represent Paul Kranich, a plaintiff in the Lockheed Litigation. As you are doubtless aware, California Business & Professions Code Section 6091 provides in relevant part:

> **§ 6091.  Mishandling of trust fund; Investigation; Statements of disbursements and charges**
>
> . . . *At the client's written request, the attorney shall furnish the client with a complete statement of the funds received and disbursed and any charges upon the trust account, within 10 calendar days after receipt of the request.* Such requests may not be made more often than once each 30 days unless a client files a complaint with the State Bar and the State Bar determines that more statements are warranted. (Emphasis added.)

  On behalf of Mr. Kranich, I request that you provide me a complete statement of the funds received and disbursed and any charges upon any trust account relating to all settlements in the Lockheed Litigation in which Mr. Kranich participated as required by Section 6091.

  Please also provide the following information and documents:

1. All settlement agreements and other documents reflecting the gross amount of moneys paid by any of the defendants in settlement of the Lockheed Litigation in which settlement Mr. Kranich participated, including without limitation a complete copy of the settlement agreement and the signature page executed by my client, correspondence from any of the defendants' attorneys with respect to the payment of any settlement amounts, deposit slips, statements, settlement drafts or checks and any other documents.

2. For every settlement payment that was made in connection with the settlement of the Lockheed Litigation that was paid to Girardi & Keese, in which my client



THE DION-KINDEM LAW FIRM

Thomas V. Girardi
July 6, 2015
Page 2

> participated, please provide the name of the settling defendant, the amount of the settlement payment, the date the settlement payment was deposited, the name and address of the institution into which the settlement payment was deposited, and the name on the account and account number of the account into which the settlement payment was deposited and copies of the settlement check(s) and documents relating to the deposit of such settlement funds.
>
> 3. Please state whether any settlement payment that was made in connection with settlement of the Lockheed Litigation that was paid to Girardi & Keese, in which settlement my client participated, was deposited into any interest bearing account, and for each interest bearing account into which such settlement payment was deposited, please state the name of the institution into which the settlement payment was deposited, the name on the account and account number of the account into which the settlement payment was deposited, the date and amount of each deposit, and the amount of interest earned on such settlement payment from the date of the deposit until the present and provide copies of any documents reflecting the amount of interest earned on such settlement payment.
>
> 4. For every settlement payment that was made in connection with the settlement of the Lockheed Litigation that was paid to Girardi & Keese, in which settlement my client participated, please state the gross amount of the settlement that was allocated to my client and describe how such gross amount was calculated.
>
> 5. For every settlement payment that was made in connection with the settlement of the Lockheed Litigation that was paid to Girardi & Keese, in which settlement my client participated, please state in detail the amount of attorney's fees that was deducted from the gross amount of each settlement that was allocated to my client and the basis for such attorney's fees calculation.
>
> 6. For every settlement payment that was made in connection with the settlement of the Lockheed Litigation that was paid to Girardi & Keese, in which settlement any of my clients participated, please state in detail the costs that were deducted from the gross amount of each settlement payment that was allocated to my client and the basis for such cost calculation, and provide all backup documentation regarding such costs, including without limitation, invoices, reports, correspondence, and other documents.
>
> 7. For every account into which was deposited any settlement payment that was made in connection with the settlement of the Lockheed Litigation that was paid to Girardi & Keese, in which settlement my client participated, please identify the



THE DION-KINDEM LAW FIRM

Thomas V. Girardi
July 6, 2015
Page 3

>date, check no., amount, payee, and purpose of every check or withdrawal made from such account with respect to the Lockheed Litigation and produce a copy of such check or documents relating to such withdrawal. Please also provide copies of all documents, including without limitation, computer print-outs, reports, computer ledgers, and copies of all checks disbursed, transfers and wire instructions, reflecting the disbursement of any settlement funds to any person and any back-up documentation supporting any such disbursements.

8. Copies of all bank statements, checks, and other documents relating to any accounts into which any Lockheed Litigation settlement funds were deposited, in which settlement my client participated.

**<u>Client Trust Account Ledgers</u>**

California Rules of Professional Conduct, Rule 4-100(A), provides in part:

> (A) All funds received or held for the benefit of clients by a member or law firm, including advances for costs and expenses, shall be deposited in one or more identifiable bank accounts labeled "Trust Account," "Client's Funds Account" or words of similar import, maintained in the State of California, or, with written consent of the client, in any other jurisdiction where there is a substantial relationship between the client or the client's business and the other jurisdiction.

California Rules of Professional Conduct Rule 4-100(B) provides:

> (B) A member shall:
>
> (1) Promptly notify a client of the receipt of the client's funds, securities, or other properties.
>
> (2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.
>
> (3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the member or law firm and render appropriate accounts to the client regarding them; preserve such records for a period of no less than five years after final appropriate distribution of such funds or properties; and comply with any order for an audit of such records issued pursuant to the Rules of Procedure of the State Bar.

Pursuant to Rule 4-100, subd. C, the Board of Governors of the State Bar adopted the following standards, effective January 1, 1993, as to what "records" shall be maintained by



THE DION-KINDEM LAW FIRM

Thomas V. Girardi
July 6, 2015
Page 4

members and law firms in accordance with subparagraph (B)(3):

> (1) A member shall, from the date of receipt of client funds through the period ending five years from the date of appropriate disbursement of such funds, maintain:
>
>> (a) a written ledger for each client on whose behalf funds are held that sets forth:
>>
>>> (i) the name of such client,
>>>
>>> (ii) the date, amount and source of all funds received on behalf of such client,
>>>
>>> (iii) the date, amount, payee and purpose of each disbursement made on behalf of such client, and
>>>
>>> (iv) the current balance for such client;
>>
>> (b) a written journal for each bank account that sets forth:
>>
>>> (i) the name of such account,
>>>
>>> (ii) the date, amount and client affected by each debit and credit, and
>>>
>>> (iii) the current balance in such account;
>>
>> (c) all bank statements and cancelled checks for each bank account; and
>>
>> (d) each monthly reconciliation (balancing) of (a), (b), and (c).

Please provide the written client trust account ledger for any of my clients maintained by Girardi & Keese regarding any settlement funds paid for the settlement of the Lockheed Litigation in which my client participated.

Please provide the trust account bank journal for each client trust account into which Lockheed Litigation settlement proceeds were deposited in which settlement proceeds my client participated.

***************************

I hope that all of you will comply with your fiduciary duties to account for the moneys you received on behalf on my clients in settlement of the lawsuit against State Farm and provide the accounting required by Section 6091 in a timely manner as well as the other information and documentation I have requested.

If you fail to do so, I will take those steps necessary to redress your violations, which will



THE DION-KINDEM LAW FIRM

Thomas V. Girardi
July 6, 2015
Page 5

include, if necessary, the filing of a lawsuit. I certainly hope this will not be necessary. Please do not hesitate to call me if you have any questions.

    Sincerely,

    THE DION-KINDEM LAW FIRM

    PETER R. DION-KINDEM, P.C.
    PETER R. DION-KINDEM