1  GIRARDI | KEESE
   JAMES G. O'CALLAHAN, State Bar No. 126975
2  jgocallahan@girardikeese.com
   1126 Wilshire Boulevard
3  Los Angeles, California 90017
   Telephone: (213) 977-0211
4  Facsimile: (213) 481-1554

5  Attorneys for Defendants

6

7                  UNITED STATES DISTRICT COURT

8         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10  Paul Kranich,                    Case No. 2:16−cv−01209−CAS-E

11          Plaintiff,               **DEFENDANTS THOMAS V.
                                     GIRARDI, ROBERT W.
12       v.                          FINNERTY, AND GIRARDI |
                                     KEESE'S NOTICE OF MOTION
13  Thomas V. Girardi, Robert Finnerty,  AND MOTION TO DISMISS
    Girardi - Keese, and Does 10 through  PURSUANT TO FRCP RULE
14  100,                             12(b)(6); MEMORANDUM OF
                                     POINTS AND AUTHORITIES IN
15          Defendants.              SUPPORT THEREOF;
                                     DECLARATION OF JAMES G
16                                   O'CALLAHAN**

17                                   Date:    May 2, 2016
                                     Time:    10:00 a.m.
18                                   Crtrm.:  No. 5 − 2nd Floor

19                                   The Hon. Christina A. Snyder

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on May 2, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom No. 5 – 2nd floor of the above-entitled court, located at 312 North Spring Street, Los Angeles, California, THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE (Defendants) will move this Court for an order to dismiss Plaintiff's complaint, with prejudice, in its entirety pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and Rule 9(b) for failure to plead fraud based claims with the requisite particularity. Additionally, pursuant to Fed. R. Civ. P. Rule 12(g) Defendants move for an order pursuant to Fed. R. Civ. P. 12(f) to strike portions of paragraph 14 of Plaintiff's Complaint and to strike Claim 3 as redundant.

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed request for judicial notice, the pleadings and papers filed with the court, and upon such other matters that may be presented and considered at the hearing of this motion.  This motion is made after the parties conducted a meet and confer pursuant to Local Rule 7-3 on March 23, 2016.

DATED:  March 29, 2016          GIRARDI | KEESE



                              By:       /s/ James G. O'Callahan
                                        JAMES G. O'CALLAHAN
                                        Attorneys for Defendants

DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................1

II.  FACTUAL BACKGROUND.................................................2

III. LEGAL STANDARD.........................................................3

IV.  ARGUMENT .....................................................................3

    A.   Plaintiff Fails to Plead Fraud With Particularity .....................3

    B.   The Statute Ran Over a Decade Before Plaintiff Filed His Complaint. ...............................................................5

        1.   Plaintiff's Claims are Barred By Section 340.6 ...........6

        2.   Plaintiff Cannot Avoid The Application of Section 340.6 With Conclusory and Baseless Allegations of Fraud .................7

        3.   Plaintiff failed to plead facts to toll the statute of limitations.................................................10

    C.   Plaintiff's Claims that Girardi Took Excessive Fees and Costs Fail to State a Claim ...................................11

    D.   Plaintiff Fails to Adequately Plead Delayed Discovery....................12

    E.   Plaintiff was on inquiry notice of his claims as early as 1992.............14

        1.   Plaintiff was on inquiry notice of his claims when he entered into settlements in the Lockheed Litigation. ...................15

        2.   Plaintiff was on inquiry notice because his co-counsel, Timothy Larson, sued Defendants for the same misconduct in 2001 ...................17

    F.   Plaintiff's RICO Claims Should be Dismissed....................19

    G.   Plaintiff's Claim for Violation of Section 496 Should be Dismissed....................20

    H.   Defendants are Under No Duty to Provide Plaintiff an Accounting....................21

    I.   Unjust Enrichment is Not a Valid Claim Under California Law..........22

    J.   The Court Should Strike Claim Three as Redundant....................22

    K.   The Court Should Strike Portions of Paragraph 14(a) and 14(b)..........23

V.   PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND....................24

i

1

VI.   CONCLUSION.................................................................................................25

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16−cv−01209−CAS-E

DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)............................................................ 3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)............................................................ 3

*California Dep't of Toxic Substances Control v. Alco Pac. Inc.,*
   217 F.Supp. 2d 1028 (C.D. Cal 2001) ...................... 23, 24

*City of Marin v. Deloitte Consulting LLP,*
   836 F. Supp. 2d 1030 (N.D. Cal. 2011)......................... 19

*Desoto v. Condon,*
   371 F. App'x 822, 825 (9th Cir. 2010).......................... 20

*Deutsch v. Turner Corp.,*
   324 F.3d 692 (9th Cir. 2003) ......................................... 24

*Edwards v. Marin Park, Inc,*
   356 F.3d 1058 (9th Cir. 2004) .................................. 4, 20

*In re Capacitors Antitrust Litig.,*
   106 F.Supp.3d 1051 (N.D. Cal. 2015).......................... 10

*In Re Ramirez,*
   183 BR 583  (9th Cir. BAP 1995) ................................. 22

*Kaplan v. Rose,*
   49 F.3d 1363 (9th Cir. 1994),
   *cert. denied,* 516 U.S. 810 .......................................... 4, 5

*McAuliffe v. U.S. Dep't. of Veterans Affairs,*
   No. C06-07353WHA, 2007 WL 2123690, (N.D. Cal. July 23, 2007)........... 23

*Miller v. Rykoff-Sexton, Inc.*
   845 F.2d 209 (9th Cir. 1988) ......................................... 24

*Murphy v. American General Life Ins. Co.,*
   74 F. Supp. 3d 1267 (C.D. Cal. 2015) .......................... 14

*Oestreicher v. Alienware Corp.,*
   544 F.Supp.2d 964 (N.D. Cal. 2008)
   *aff'd* 322 F.App'x 489 (9th Cir. 2009)........................ 4, 11

*Pincay v. Andrews,*
   238 F.3d 1106 (9th. Cir. 2001) ...................................... 14

*Robinson v. HSBC Bank U.S.A.,*
   732 F. Supp. 2d 976 (N.D. Cal. 2010).......................... 22

*Rothman v. Vedder Park Mgmt.,*
    912 F.2d 315 (9th. Cir. 1990) ............................................................... 19

*Sedima, S.P.R.∴ v. Imrex Co.,*
    473 U.S. 479, (1985) ............................................................................ 19

*Shade v. Wells Fargo Bank,*
    No. 2:08CV1068FCDJFMPS, 2009 WL 1704715 (E.D. Cal. June 17,
    2009) ...................................................................................................... 24

*Thornton v. Solutionone Cleaning Concepts, Inc.,*
    No. CIVF061455AWISMS, 2007 WL 210586 (E.D. Cal. Jan. 26, 2007) ..... 23

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ............................................................. 12

## STATE CASES

*Britton v. Girardi,*
    235 Cal.App.4th 721 (2015) ................................................................. 15

*Cansino v. Bank of America,*
    224 Cal.App.4th 1462 (2014) ............................................................... 13

*Chapman Coll. v. Wagener,*
    45 Cal.2d 796 (1955) ............................................................................ 18

*Doe v. Roman Catholic Bishop of Sacramento,*
    189 Cal.App. 4th 1423 (2010) ............................................................. 14

*E-Fab Inc. v. Accountants, Inc. Services,*
    153 Cal.App.4th 1308 (2007) ............................................................... 12

*Gerbosi v. Gaims, Weil, West & Epstein, LLP,*
    193 Cal.App.4th 435 (2011) ................................................................. 19

*Jones v. ConocoPhilips,*
    198 Cal.App.4th 1198. (2011) ................................................................. 4

*Jordace Enters., Inc. v. Brobeck, Phelger & Harrison,*
    18 Cal.4th 739 (1998) .............................................................................. 6

*Laird v. Blacker,*
    2 Cal.4th 606 (1992) ............................................................................ 6, 9

*Levin v. Graham & James,*
    37 Cal.App.4th 798 (1995) ............................................................. 7, 8, 9

*McBride v. Boughton,*
    123 Cal.App.4th 379 (2004) ................................................................. 22

*McIntosh v. Mills,*
    121 Cal.App.4th 333 (2004) ................................................................. 18

*Noggle v. Bank of America,*
    70 Cal.App.4th 853 (1999) ............................................................ 15

*Otworth v. S. Pac. Transp. Co.,*
    166 Cal.App.3d 452 (1985) ........................................................... 11

*People v. Schroeder,*
    264 Cal.App.2d 217 (1968) ........................................................... 21

*Prakashpalan v. Engstrom, Lipscomb & Lack,*
    223 Cal.App.4th 1105 (2014) ........................................... 6, 14, 16

*Radovich v. Locke-Paddon,*
    35 Cal.App.4th 946 (1995) ............................................................. 7

*Stoll v. Superior Court,*
    9 Cal. App.4th 1362 (1992) ............................................................ 7

*Vafi v. McCloskey,*
    193 Cal.App.4th 874 (2011) ........................................................... 7

**FEDERAL STATUTES**

18, U.S.C. § 1962 ............................................................................... 23

Rule 12(f) ........................................................................................... 22

Rule 9 ............................................................................................. 4, 5

Rule 9(b) .............................................................................................. 5

**STATE STATUTES**

*Business & Professions Code* § 6091 ............................................... 21

*Cal. Civ. Proc. Code* § 340.6 ............................................................. 6

California Penal Code Section 496 .................................................... 20

Penal Code § 801 ............................................................................... 14

**OTHER AUTHORITIES**

*California Rules of Professional Conduct,*
    Rule 4-100(B)(3) ........................................................................... 21

Mallen, *An examination of a statute of limitations for lawyers,*
    (1978) 53 Cal.St. B.J. 166, 166 .................................................... 10

v

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On October 24, 2008, Peter Dion-Kindem filed a class action complaint, entitled *Gutierrez v. Girardi*, Los Angeles Superior Court Case No. BC400560, containing identical allegations that Defendants Thomas V. Girardi and Girardi & Keese ("Girardi Defendants") charged excessive fees and costs in the underlying Lockheed Litigation. Defendants' Request for Judicial Notice "RJN" Ex. 1. After seven years of litigation, and three amended complaints, Peter Dion-Kindem was unable to allege one specific fact to support his claims. Prior to trial, the trial court granted Defendants' Motion for Judgment on the Pleadings and entered judgment on behalf of the Defendants. RJN Ex. 2. The trial court granted Defendants' Motion for Judgment on the Pleadings "based on the clear showing that the applicable statute of limitations barred plaintiff's claims...." RJN Ex. 2, p. 2-3.

Now, seven years after Peter Dion-Kindem, filed the *Gutierrez* action, Peter Dion-Kindem copy and pasted the *Gutierrez* complaint, and added a RICO claim, in an attempt to forum shop. Additionally, Peter Dion-Kindem omitted key factual allegations contained in the *Gutierrez* complaint in an attempt to artfully plead around the statute of limitations. All of Plaintiff's claims however are barred by the statute of limitations and should be dismissed.[1]

---

[1] Plaintiff's claims are barred by the statute of limitations, Plaintiff has failed to adequately plead delayed discovery and Plaintiff's claims lack factual support.

## II.    FACTUAL BACKGROUND

On May 15, 1991 Plaintiff filed a civil lawsuit against his employer, Lockheed Corporation, and various chemical manufacturers for damages allegedly caused by chemical exposure while he was employed at Lockheed (the "underlying lawsuit"). RJN Ex. 4. The defendants in the underlying lawsuit filed a motion for summary judgment on the grounds that Plaintiff's civil lawsuit was barred by the statute of limitations. RJN Ex. 3. Indeed, Plaintiff had applied for worker's compensation benefits on October 19, 1989 seeking compensation for the identical injuries he claimed in the underlying lawsuit.  RJN Ex. 3.

Plaintiff's underlying lawsuit was barred before it was filed.  The trial court summarily dismissed Plaintiff's underlying lawsuit on June 7, 2002. RJN Ex. 3.

Prior to the dismissal of Plaintiff's underlying lawsuit, general settlements were reached with various defendants.  Plaintiff received his last settlement check in 2001. Plaintiff's Complaint "Complaint" ¶ 3. In the instant action, Plaintiff alleges nine causes of against Defendants.  Each cause of action contains only conclusory allegations that Defendants charged excessive costs and fees.[2]

---

[2] There is not a single factual allegation alleging that Defendant Robert W. Finnerty committed any wrongdoing.  It appears that he was added to the complaint to create Federal Question jurisdiction through Plaintiff's meritless RICO claims.  *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) (Holding that "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person', and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name."), and to prevent Mr. Finnerty from representing Defendants in this action as Mr. Finnerty successfully defeated the exact same claim brought by Mr. Dion-Kindem in a state court action.

Case No. 2:16–cv–01209–CAS-E

DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);

III.   **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing whether a complaint states a claim, the court will begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 679. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements" fails to state a claim. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable of the misconduct alleged. *Id*, at 678. The plausibility standard is not similar to a "'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Indeed "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). This is particularly true with fraud based claims, as alleged in this action, where the claimant must state the circumstances surrounding the alleged fraud "with particularity". *Fed. R. Civ. Proc.* 9(b).

IV.   **ARGUMENT**

A.   **Plaintiff Fails to Plead Fraud With Particularity**

To establish a claim for fraudulent concealment, a plaintiff must establish: (1) the defendant concealed a material fact, (2) the defendant had a duty to disclose the fact to

the plaintiff, (3) the defendant intentionally concealed the fact with the intent to defraud the plaintiff, (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed fact, and (5) as a result of the concealment, the plaintiff sustained damage.   *Jones v. ConocoPhilips* 198 Cal.App.4th 1187, 1198. (2011)

Rule 9(b) requires claims of fraud to be plead with "particularity."   The particularity requirement applies to RICO fraud claims as well.   *Edwards v. Marin Park, Inc*, 356 F.3d 1058, 1066 (9th Cir. 2004).   To avoid dismissal for inadequacy under Rule 9(b), Plaintiff's complaint would need to *'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations*.   *Id., (emphasis added)*; *See also Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994), *cert. denied*, 516 U.S. 810 (pleadings alleging fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud."). "In addition, plaintiffs seeking to satisfy Rule 9(b) must 'set forth an explanation as to why the statement or omission complained of was false and misleading.'" *Oestreicher v. Alienware Corp.*, 544 F.Supp.2d 964, 968 (N.D. Cal. 2008) *aff'd* 322 F.App'x 489 (9th Cir. 2009).

In this case, Plaintiff's woefully inadequate allegations of fraudulent concealment fail to meet the heightened pleading standard under Rule 9. Notably, Plaintiff fails to plead the content of any false representation allegedly made by Defendants, let alone the details surrounding said representation, including the time, place and identities of

the parties. Instead, Plaintiff alleges, generally, that Defendants "concealed" facts and "improperly handled Lockheed settlement funds." The alleged fraudulent statement is intentionally omitted because Plaintiff had the opportunity to meet with a retired judge to discuss his allocation of the Lockheed settlement funds. RJN Ex. 8.[3] However, case law, and Rule 9(b), require that Plaintiff not only identify the alleged misstatement, but Plaintiff must also "set forth an explanation as to why the statement or omission complained of was false and misleading." *Kaplan v. Rose*, 49 F.3d at 137; *Fed. R. Civ. P.* 9(b). Since Plaintiff failed to do so, Plaintiff's inadequately pled claim for fraud should be dismissed.

**B.     The Statute Ran Over a Decade Before Plaintiff Filed His Complaint.**

On October 19, 1989, Timothy Larson, Esq. filed a Worker's Compensation action on behalf of Plaintiff. RJN Ex. 3. Timothy Larson, Esq. waited until May 1991 to file a civil complaint on Plaintiff's behalf. RJN Ex. 3. On June 7, 2002, the Honorable John A. Torribio ruled that Plaintiff Paul Kranich's claims in the underlying Lockheed Litigation were barred as a matter of law because Plaintiff's attorney, Timothy Larson, failed to file his civil action within one year from filing his Worker's Compensation case. RJN Ex. 3. On February 22, 2016, nearly fourteen (14) years later, Plaintiff filed the instant action.[4]

---

[3] Plaintiff omits the fact that retired judges determined the allocation of settlement funds in the Lockheed Litigation in an attempt to survive a Rule 12(b)(6) motion. This is improper. *Walter v. Fid. Mortgage of CA*, 730 F.Supp. 2d 1185, 1196-97.

[4] Timothy Larson associated Girardi & Keese to assist in the representation of Plaintiff.

### 1.    Plaintiff's Claims are Barred By Section 340.6

"An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful acts or omissions, or four years from the date of the wrongful act or omission, **whichever occurs first**." *Cal. Civ. Proc. Code* § 340.6, subd. (a) (emphasis added).   "The legal malpractice statute of limitations applies to actions for any act or omission arising out of the performance of an attorney's professional duties." *Prakashpalan v. Engstrom, Lipscomb and Lack* 223 Cal.App. 4th 1105, 1121 (2014) .  In "no event shall the time for commencement of legal action exceed four years" unless the limitations period is tolled.  Section 340.6.

The statute of limitations begins to run when the plaintiff suffers actual injury, regardless of whether that injury is irremediable. *Laird v. Blacker* 2 Cal.4th 606 (1992) .  Actual injury occurs when the plaintiff has sustained any damages compensable in an action against an attorney for a wrongful act or omission arising in the performance of professional services. *Jordace Enters., Inc. v. Brobeck, Phelger & Harrison* 18 Cal.4th 739, 751 (1998) .   This means that the limitations period under Section 340.6 "commences on entry of adverse judgment or final order of dismissal." *Laird v. Blacker*, 2 Cal.4th at 615.

Section 340.6 establishes that Plaintiff had at most four years from the date he was dismissed from the underlying Lockheed Litigation to file the instant action against

Defendants. Plaintiff, however, waited nearly fourteen years to file this action. Thus, Plaintiff's Complaint is time-barred on its face. Furthermore, public filing of the *Anzures* complaint, and the facts that were available to Plaintiff at the time of each settlement establish that Plaintiff was on inquiry notice of the factual basis for this action *before* his claims in the Lockheed Litigation were summarily dismissed. RJN Ex. 2. Therefore, Plaintiff's claims are barred by Section 340.6.

### 2.    Plaintiff Cannot Avoid The Application of Section 340.6 With Conclusory and Baseless Allegations of Fraud

Plaintiff's barebones fraud allegations are insufficient to invoke the actual fraud exception to the legal malpractice statute of limitations. *Radovich v. Locke-Paddon*, 35 Cal.App.4th 946, 979 (1995). Indeed, Plaintiff's purported fraud allegations consist entirely of conclusions that Defendants took excessive fees and costs. **Complaint ¶¶ 9-29.** The contention that Defendants took excessive fees and costs however does not rest in fraud, but in legal malpractice. *Levin v. Graham & James*, 37 Cal.App.4th 798, 800 (1995) (holding that an allegation that a lawyer charged a client "excessive, unreasonable or unconscionable fees" was barred by the one-year statute of limitations in Section 340.6.); See also *Vafi v. McCloskey*, 193 Cal.App.4th 874, 883 (2011) (stating that "courts have consistently applied section 340.6 to various tort and contract actions."); *Stoll v. Superior Court*, 9 Cal. App.4th 1362, 1368 (1992) (as modified on denial of Rehearings Oct. 27, 1992) (review denied Dec. 31, 1992) (applying section 340.6 to a breach of fiduciary duty claim.).

The facts of *Levin* are illuminating.  There, the plaintiff appealed summary judgment in favor of defendant attorneys on statute of limitations grounds.  *Levin*, 37 Cal.App.4th at 802.  Plaintiff sued the attorneys because "the amount of fees charged, without a fee agreement, is unreasonable and excessive, even to the point of unconscionability." *Id.*  In an attempt to side-step the statute of limitations defense, plaintiff argued that this "was not a malpractice case at all, but merely a suit to recover unconscionable fees charged and paid." *Id.*  The trial court however, disagreed and ruled that the claim was governed by Section 340.6, and the plaintiff's claims were barred by the one-year statute of limitations. *Id.*  Therefore, the court entered judgment in favor of the defendant attorney. *Id.*

On appeal, plaintiff continued to contend that "this *is not* a malpractice action subject to the limitations" of Section 340.6, or in the alternative, "that this *is* a malpractice action but that he did not sustain actual injury until he paid the bills in June 1991." *Id.* at 804.  "Neither of these theories" withstood "the slightest scrutiny." *Id.*  "The record does not indicate that prior to filing his complaint" the plaintiff "**never questioned the amount of attorney's fees charged and paid, or requested fee arbitration**." *Id.* (emphasis added).  The complaint itself was framed entirely in terms of professional negligence/legal malpractice. *Id.*  Plaintiff's assertion that "one *can* assert a claim or state a cause of action for refund of unreasonable attorney fees (e.g. quantum meruit, money had and received) without also alleging malpractice" was "the first of a sea of red hearings beached on the pages of his briefs." *Id.* at 804-805

Thus, in upholding the trial court's ruling, the appellate court stated: "in all cases other than actual fraud, whether the theory of liability is based on the breach of an oral or written contract, a tort, or a breach of fiduciary duty, the one-year statute of limitations applies." *Id.* at 805.  Any other interpretation would run afoul of the bright-line rule announced in *Laird v. Blacker*, 2 Cal.4th 606 (1992)"that the limitations period of section 340.6 commences when a client suffers an adverse judgment or order of dismissal in the underlying action which the malpractice action is based." *Id.* at 614. Tolling the statute would "allow clients, with knowledge that they have suffered actual injury, unilaterally to control the commencement of the statute of limitations and hence undermine the legislative goal of resolving cases while the evidence is fresh, witnesses are available, and memories have not faded." *Id.* at 618.

The holdings of *Levin* and *Laird* establish that Plaintiff had one year from the date judgment was entered against him in the Lockheed Litigation to file this action. Plaintiff however, waited nearly fourteen years after his dismissal in the Lockheed action to file this lawsuit.

Like the plaintiff in *Levin*, Plaintiff's Complaint appears to be based in contract. Indeed, Plaintiff's claims of "fraud" consistent of claims that the Girardi Defendants allegedly breached a fiduciary duty by charging excessive fees and costs.  Complaint ¶ 13-14.  As the court in *Levin* illuminated, these allegations are not based in fraud, but are based in contract.  Therefore, Plaintiff cannot use these allegations to side-step section 340.6.

Additionally, like the plaintiff in *Levin*, Plaintiff's Complaint is devoid of any allegation that Plaintiff attempted to discover Defendants' alleged misconduct. Instead, Plaintiff sat back and waited over a decade to file the instant action. Therefore, Plaintiff's claim is hopelessly time-barred.

### 3. Plaintiff failed to plead facts to toll the statute of limitations.

In an attempt to toll the governing statute of limitations, i.e. Section 340.6, Plaintiff makes a conclusory statement that "Defendants willfully concealed" their alleged misconduct. Complaint ¶ 26. Plaintiff's willful concealment allegations fall woefully short of meeting the pleading requirement to toll Section 340.6. In order to toll Section 340.6, "the requirement of 'concealment' requires affirmative evidence of wrongdoing. Such charges of fraud must rest upon actual evidence which can be tested and disposed of by a motion for summary judgment." Mallen, *An examination of a statute of limitations for lawyers* (1978) 53 Cal.St. B.J. 166, 166. In essence, the pleading requirements of willful concealment seem to mirror the requirements for fraudulent concealment.

Rule 9(b) requires fraud claims to be plead with "particularity." "To toll the statute of limitations under a fraudulent concealment theory, a plaintiff "must plead facts showing that defendants affirmatively misled it, and that plaintiff had neither actual nor constructive knowledge of the facts giving rise to its claim ***despite its diligence in trying to uncover those facts***." *In re Capacitors Antitrust Litig.*, 106 F.Supp.3d 1051, 1065 (N.D. Cal. 2015) (emphasis added). "In addition, plaintiffs

seeking to satisfy Rule 9(b) must 'set forth an explanation as to why the statement or omission complained of was false and misleading.'" *Oestreicher v. Alienware Corp.*, 544 F.Supp.2d 964, 968 (N.D. Cal. 2008) *aff'd* 322 F.App'x 489 (9th Cir. 2009).

Instead of pleading actual facts, Plaintiff once again hides behind inflammatory allegations. Plaintiff has not offered any facts showing that Defendants affirmatively mislead Plaintiff. Additionally, Plaintiff has not offered any facts regarding Plaintiff's effort to discover Defendants' alleged misconduct. Therefore, Plaintiff failed to plead facts to toll the statute of limitations.

**C.      Plaintiff's Claims that Girardi Took Excessive Fees and Costs Fail to**
         **State a Claim**

A complaint alleging a breach of contract "must indicate on its face" whether the contract is written or oral. *Otworth v. S. Pac. Transp. Co.*, 166 Cal.App.3d 452, 458-459 (1985). "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference. *Id,* at 459. Plaintiff's claim that Defendant Girardi took excessive and unreasonable fees appears to be grounded in contract law. There, Plaintiff alleges that "Girardi had agreed to accept only one-third fees on many of the settlements," and improperly took fees off the top Complaint ¶ 14. Plaintiff appears to be making reference with some sort of contractual agreement, but Plaintiff fails, however, to include any reference as to whether the agreement is written or oral. Therefore, Plaintiff's claims based on charging excessive

fees should be dismissed to the extent the claims are based on contract law.

If the Court finds that the charging of excessive fees claim is based on fraud, Plaintiff again fails to meet the pleading requirements because Plaintiff failed to include the specifics of the representation made by Defendant Girardi, i.e. the "'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). While Plaintiff makes a blanket statement that he believes Defendant Girardi "had agreed to accept only one-third on many of the settlements..." Plaintiff fails to state when Defendant Girardi made that representation, to whom that representation was made, and how the representation was made, i.e. whether the representation was made orally or in writing. Therefore, Plaintiff's claim that Defendants charged excessive fees should be dismissed.

### D.     Plaintiff Fails to Adequately Plead Delayed Discovery

Assuming arguendo that Plaintiff's claims are not barred by Section 340.6, which they are, Plaintiff failed to adequately plead delayed discovery. A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show: "(1) the time and manner of discovery; and (2) the inability to have made earlier discovery despite reasonable diligence; and conclusory allegations will not withstand demurrer." *E-Fab Inc. v. Accountants, Inc. Services*, 153 Cal.App.4th 1308, 1319 (2007). If the complaint is time barred on its face, "plaintiff has the burden of pleading and proving that he did not make the discovery until within three years prior to filing of his complaint.'" *Cansino*

12

1   *v. Bank of America*, 224 Cal.App.4th 1462, 1472 (2014) .

2           "To excuse failure to discover the fraud within three years after [commission of

3
4   the alleged act], a plaintiff also must plead 'facts showing that he was not negligent in

5   failing to make the discovery sooner and that he had no actual or presumptive

6   knowledge of facts sufficient to put him on inquiry notice.'" *Ibid*. "To that end, a

7
8   plaintiff must allege facts showing 'the time and surrounding circumstances of the

9   discovery and what the discovery was.'" *Cansino,* 224 Cal.App.4th at 1472.

10  "Conclusory allegations will not withstand a demurrer." *Ibid*. "The discovery related

11
12  facts should be pleaded in detail to allow the court to determine whether the fraud

13  should have been discovered sooner." *Ibid*.

14          Here, Plaintiff conveniently pleads that he did not discover Defendants' alleged

15
16  misconduct until Plaintiff's attorney, Peter Dion-Kindem, informed him in March

17  2015.[5] Complaint ¶ 28. Plaintiff, however, does not offer a single allegation as to why

18  he did not discover the facts earlier.[6] Indeed, Plaintiff omits, likely deliberately, facts
19
20  involving the information he received in the underlying Lockheed Litigation. This is

21  probably because plaintiff's counsel's nearly identical state court action was dismissed

22  on precisely those omitted facts, i.e. the state court found that the plaintiff's claims were
23

24  [5] Mr. Dion-Kindem is willfully violating Rules of Professional Conduct Rule 5-210 by
    making himself a witness to this case.
25
    [6] On October 23, 2008, Peter Dion-Kindem filed a class action complaint against
26  Defendants Thomas V. Girardi and Girardi & Keese containing factually baseless
    allegations that Girardi & Keese charged excessive fees and costs in the Lockheed
27  Litigation.  As part of the class action proceeding, Mr. Dion-Kindem contacted the
28  Lockheed Litigation plaintiffs.

time barred because the plaintiff received sufficient information to place him on inquiry notice of his claims as early as 1992. As a result of Plaintiff's failures and omissions, Plaintiff's complaint is inadequately plead and must be dismissed.

### E.   Plaintiff was on inquiry notice of his claims as early as 1992

Assuming arguendo that Plaintiff's claims are not barred under Section 340.6, Plaintiff's claims are barred as a matter of law because he was on inquiry notice of Defendants' alleged misconduct as early as 1992.[7]

> The discovery rule only delays accrual until the plaintiff has, or should have inquiry notice of the cause of action. The discovery rule does not encourage dilatory tactics because plaintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put them on *inquiry* or if they have *the opportunity to obtain knowledge* from sources open to their investigation.

*Doe v. Roman Catholic Bishop of Sacramento*, 189 Cal.App. 4th 1423, 1430 (2010) (internal quotations omitted). Inquiry notice is triggered "where there is sufficient information (either through an accounting or otherwise) to put the [plaintiff] on notice to take action." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1123 (2014) , *as modified on denial of reh'g* (Feb. 27, 2014). If a plaintiff has sufficient information to put her on inquiry notice, a plaintiff is not allowed to sit back and "rely on 'the assumption' that their trustee would act in their best interest. *Noggle v. Bank of*

---

[7] The statute of limitations for fraud is three years. § 338(d); the statute of limitations for a RICO action is four years. *Pincay v. Andrews,* 238 F.3d 1106, 1108 (9th. Cir. 2001); The statute of limitations for conversion is three years and money had and received is two years. *Murphy v. American General Life Ins. Co.*, 74 F. Supp. 3d 1267, 1279-1280 (C.D. Cal. 2015); and the statute of limitations for Penal Code 496 is three years Penal Code § 801.

*America* 70 Cal.App.4th 853, 860 (1999).  This is true "even when the defendant is a fiduciary." *Britton v. Girardi,* 235 Cal.App.4th 721, 725 (2015).

      **1.**      **Plaintiff was on inquiry notice of his claims when he entered into settlements in the Lockheed Litigation.**

      Plaintiff cannot adequately plead delayed discovery because he was on inquiry notice of his claims based on information provided to him throughout the Lockheed Litigation.[8] *Britton v. Girardi* 235 Cal.App.4th at 725 is controlling.  In *Britton*, the court of appeal found that the plaintiff's complaint was based upon three theories of concealment: (1) plaintiffs' lacked informed consent to the settlement because they lacked sufficient information to evaluate the settlement because the plaintiff did not know the total amount of the settlement, how much each plaintiff was getting, how much the attorneys would be paid, and the amount of deducted costs; (2) defendants failed to provide an accounting; and (3) defendants concealed their alleged misappropriation of settlement funds. *Britton v. Girardi*, 235 Cal.App.4th at 734-735.

      In *Britton*, the court of appeal ruled that the plaintiffs' claims were time barred because the information the plaintiffs received at the time of settlement should have put them on inquiry notice of the defendants' alleged misconduct.  There, the court specifically referenced that this situation differed from *Prakashpalan*, "where the plaintiffs did not receive an accounting nor did they allege they had a signed settlement agreement and thus 'had no other sources of information....'" *Id*, at 736.  In contrast to

---

[8]

DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);

*Prakasahpalan*, the court of appeal in *Britton* stated that the plaintiffs had information "that required them to do more than wait almost 15 years to bring their claims against the defendant attorneys." *Ibid*. The court of appeal could not believe that the plaintiffs would sign a Section 1542 waiver giving up all future claims when they did not inquire about the retired judge making the settlement allocation, did not inquire about the fees and costs being deducted from the settlement, did not know the total amount of the settlement, who received what, and did not have the master settlement agreement. *Id*.

This case is identical to the *Gutierrez* action, which Plaintiff's attorney, Peter Dion-Kindem, filed seven years before this action. In *Gutierrez*, the court dismissed plaintiff's claim largely based on the authority of *Britton*, finding that plaintiff was on inquiry notice of his claims as early as 1992. Specifically, the court found that plaintiff was on inquiry notice of his claims because: (1) defendants provided plaintiffs with the opportunity to meet with the court appointed Special Masters regarding the settlement allocation process, (2) plaintiff received net settlement checks after fees and costs were taken out, and (3) co-counsel in the underlying Lockheed Litigation, Timothy Larson, represented plaintiff while Mr. Larson sued Defendants in a case known as *Anzures et al. v. Girardi & Keese* for the same alleged misappropriation of Lockheed settlement funds as alleged in *Gutierrez*. RJN Ex. 2, 5.

Like the plaintiff in the Gutierrez Litigation, Plaintiff in this case participated in the underlying Lockheed Litigation from 1991 until 2002. Similarly, Plaintiff received twelve (12) net settlement checks, totaling approximately $81,000. These settlements

occurred despite the fact that Plaintiff's claims were time barred. Additionally, Timothy Larson, represented Plaintiff in the Lockheed Litigation, like the plaintiff in *Gutierrez*, at the same time Mr. Larson brought his case against the Defendants, identified in Plaintiff's Complaint at ¶43 as *Anzures*.

As a Lockheed litigant, Plaintiff signed countless settlement releases and authorizations to receive money after fees and costs were deducted. Moreover, like the plaintiff in *Britton*, Defendants provided Plaintiff with numerous opportunities to meet with the retired judges who allocated the settlement funds, to which Plaintiff declined. Plaintiff failed to exercise any sense of due diligence to discover his purported claims or to act on the notice he received to investigate his claims, as would a reasonable person in Plaintiff's circumstances. Instead, Plaintiff sat on his hands and let the clock run out. Plaintiff must suffer the consequences of his dilatory actions.

Like the plaintiff in the Gutierrez Litigation and in *Britton*, Plaintiff waited over a decade to bring his current claim. Plaintiff cannot escape the statute of limitations without pleading his basis for delayed discovery. Plaintiff cannot adequately plead a basis for delayed discovery because, like the plaintiff in the Gutierrez Litigation, he was on inquiry notice of his claims as early as 1992. Therefore, Plaintiff's complaint must be dismissed on these grounds.

### 2.    Plaintiff was on inquiry notice because his co-counsel, Timothy Larson, sued Defendants for the same misconduct in 2001

"The general rule of agency is that notice to or knowledge possessed by an agent

is imputable to the principal." *Chapman Coll. v. Wagener*, 45 Cal.2d 796, 802 (1955).

"This rule ordinarily applies in the relation of attorney and client." *Id.*; *See also*

*McIntosh v. Mills*, 121 Cal.App.4th 333, 348 (2004) (holding that attorney agent's

knowledge of illegality of fee splitting agreement was imputed to nonattorney.). As

Plaintiff admits in his Complaint, his allegations of alleged misconduct are entirely

based on the *Anzures v. Girardi Keese*, Los Angeles Superior Court, Case No.

VC035337. Complaint ¶ 11. As Plaintiff further admits, the *Anzures* action was

brought by Girardi & Keese's co-counsel in the underlying Lockheed Litigation, i.e.

Jeffrey McIntrye and Timothy Larson. Complaint ¶ 27. What the Complaint omits is

that Timothy Larson ("Larson") was the original attorney for Plaintiff in the underlying

Lockheed Litigation, and that Larson represented Plaintiff while Larson litigated the

*Anzures* action. Since Larson represented Plaintiff in the underlying Lockheed

Litigation at the time Larson participated in the *Anzures* action, Plaintiff is charged with

the knowledge that is contained in the *Anzures* complaint. The *Anzures* complaint

contains the exact same allegations contained in Plaintiff's Complaint. RJN Ex. 1, 5, 6.

Since Plaintiff's complaint was filed nearly fifteen years after the *Anzures* action,

Plaintiff's complaint is time barred.

Additionally, the *Anzures* action was a matter of public record. Plaintiff should

not only be charged with the knowledge of the *Anzures* action based on the fact that

Plaintiff's attorney, Timothy Larson, participated in the *Anzures* action, but also is

charged with the knowledge of the *Anzures* action as it was a matter of public record.

*Cowden v. Krass*, 202 Cal.App.2d 1, 20 (1962).

Given this, *Gerbosi v. Gaims, Weil, West & Epstein, LLP* 193 Cal.App.4th 435, 448 (2011) is instructive. In *Gerbosi*, the court held that discovery rule makes no sense where the theory of a plaintiff's litigation related causes of action is that she knew about the existence of underlying litigation. If this is the case, it behooved the plaintiff to pursue the litigation sooner. *Id.*

In sum, the public filing of *Anzures* and Plaintiff's admission that Mr. Larson was involved in the *Anzures* action establishes that Plaintiff was aware of the factual basis for this legal malpractice action long before he was summarily dismissed by the Lockheed court. Therefore, Plaintiff cannot benefit from any alleged belated discovery.

**F.    Plaintiff's RICO Claims Should be Dismissed**

In order to state a claim for violation of § 1962(c), a plaintiff must plead "(1) a conduct (2) of an enterprise (3) through pattern (4) of racketeering activity." *Sedima, S.P.R.∴ v. Imrex Co.*, 473 U.S. 479, 496 (1985). Where, as here, the alleged predicate acts of racketeering are mail fraud, the plaintiff must also allege that "(1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Rothman v. Vedder Park Mgmt.*, 912 F.2d 315, 316 (9th. Cir. 1990). "Claims for mail and wire fraud are subject to Rule 9(b)'s heightened pleading requirements." *City of Marin v. Deloitte Consulting LLP*, 836 F. Supp. 2d 1030, 1038 (N.D. Cal. 2011). Thus, in order to avoid

dismissal, the complaint must state 'the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.' *Edwards v. Marin Park, Inc.*, 356 F.3d at 1066.  Based on this rule, a RICO complaint alleging mail and wire fraud that fails to describe these elements in detail will be dismissed. *Desoto v. Condon*, 371 F. App'x 822 (9th Cir. 2010).

Plaintiff's complaint is devoid of any factual allegations to support a RICO claim predicated on mail fraud. Plaintiff's RICO claim appears to be based on the fact that Defendant Girardi allegedly caused various settlement distributions to be mailed to Plaintiff. Complaint ¶ 42. The Complaint, however, fails to identify as alleged representations that were made to Plaintiff, and fails to state how the representations were misleading.  Therefore, Plaintiff's RICO claims fail to satisfy Rule 9(b), and should be dismissed.

Furthermore, Plaintiff fails to identify the role of each defendant in each alleged scheme.  While Plaintiff contends that Defendant Girardi caused settlement distributions to be mailed to Plaintiff, Plaintiff fails to adequately plead facts as to how this amounted to mail fraud.  Additionally, there are no factual allegations that Defendant Finnerty' participated in the alleged misconduct. Plaintiffs meritless RICO causes of action devoid of any factual basis must be dismissed.

## G.    Plaintiff's Claim for Violation of Section 496 Should be Dismissed

In order to establish a violation of California Penal Code Section 496, the plaintiff must show: "(1) The property must be stolen property, (2) the defendant must

receive, conceal, or withhold it or aid in receiving, concealing or withholding it from its owner, (3) and defendant must have knowledge that the property is stolen property." *People v. Schroeder*, 264 Cal.App.2d 217, 225 (1968).

Plaintiff's Penal Code claim lacks any factual allegations to support a claim that Defendants received stolen property. Instead, in two conclusory paragraphs Plaintiff simply makes conclusory allegations that Girardi "received property that was stolen or obtained in a manner constituting theft…". (Complaint ¶¶ 81-82). These statements are no more than conclusions and are not entitled to an assumption of truth on a motion to dismiss. *Iqbal*, at 679. Therefore, Plaintiff has failed to state his claim for violation of Penal Code Section 496, and the Court should Dismiss Claim 7 of the Complaint.

**H.    Defendants are Under No Duty to Provide Plaintiff an Accounting.**

In an effort to manufacture a claim against Defendants, Plaintiff alleges that Defendants breached their fiduciary duty to Plaintiff by failing to provide an accounting in violation of *Business & Professions Code* § 6091. (Complaint ¶¶ 65-71). Plaintiff alleges that he made this request on July 6, 2015. (Complaint ¶ 67). Plaintiff's claim fails however, as Defendants duty to preserve said records expired long ago, and Plaintiff cannot manufacture a claim by waiting fourteen years to demand records from Defendants that Plaintiff has long known about all along.

Plaintiff argues that there is no limitations period in *B&P* § 6091. (Complaint ¶ 68). There is however, a limitation on an attorney's duty to preserve records. Indeed, *California Rules of Professional Conduct*, Rule 4-100(B)(3) specifically limits an

attorney's duty to preserve a client's accounting records to five years from the date of disbursement. This would unquestionably bar Plaintiff's claim under *B&P § 6091*. *See also In Re Ramirez*, 183 BR 583, 587 (9th Cir. BAP 1995) ("Under California Rules of Professional Conduct, attorneys are considered fiduciary custodians of client files and are required to keep and maintain such files for five years after the conclusion of a case."). Plaintiff's argument that client files must be kept in perpetuity is patently unreasonable as it would negate any statute of limitations. Therefore, Plaintiff's accounting claim stemming from a request for an accounting fourteen years after Plaintiff was dismissed from the litigation should be dismissed.

## I.   Unjust Enrichment is Not a Valid Claim Under California Law

"California does not recognize a standalone cause of action for unjust enrichment." *Robinson v. HSBC Bank U.S.A.*, 732 F. Supp. 2d 976, 987 (N.D. Cal. 2010); *See also McBride v. Boughton*, 123 Cal.App.4th 379, 387 (2004) ("Unjust enrichment is not a cause of action, however, or even a remedy, but rather 'a general principle, underlying various legal documents and remedies.'" (internal quotations omitted)). Therefore, Plaintiff's cause of action for unjust enrichment should be dismissed.

## J.   The Court Should Strike Claim Three as Redundant

Rule 12(f) allows courts to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." A "Redundant matter is defined as allegations that ' constitute a needless repetition of other averments or are foreign to the issue.'"

*Thornton v. Solutionone Cleaning Concepts, Inc.*, No. CIVF061455AWISMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007).  "Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief." *California Dep't of Toxic Substances Control v. Alco Pac. Inc.*, 217 F.Supp. 2d 1028, 1033 (C.D. Cal 2001). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Id.*

Here, Plaintiff's third claim for Violation of Title 18, U.S.C. § 1962(d) is entirely redundant of Claim 2 as Plaintiff's third claim merely repeats allegations from the prior claims. *See McAuliffe v. U.S. Dep't. of Veterans Affairs*, No. C06-07353WHA, 2007 WL 2123690, at *3 (N.D. Cal. July 23, 2007) (striking Plaintiff's *Bivens* claims as redundant because it only "repeats allegations from the prior claims.").  Consequently, Plaintiff's third claim should be stricken.

**K.  The Court Should Strike Portions of Paragraph 14(a) and 14(b)**

In paragraphs 14(a) and 14(b), Plaintiff alleges that Defendants made various admissions in the *Gutierrez* action. (Complaint ¶ 14 lines 8-9, 15-16)  First, these statement lack any factual support as Plaintiff failed to attach a written fee agreement with Defendants, and that Plaintiff failed to include the information surrounding the alleged agreements made by Defendant Girardi.  This is because Defendant Girardi never made such agreement with Plaintiff.

Second, this entirely inappropriate comment should be stricken as the statement creates the possibility that the trier of fact will draw 'unwarranted' inferences at trial that Defendants have engaged in some sort of misconduct. *California Dep't of Toxic Substances Control v. Alco Pac. Inc.*, 217 F.Supp 2d at 1033. Indeed, this inappropriate comment could create an inference that Defendants took excessive fees, when in reality Defendants never made such admission. Defendants, however, were successful in defeating Peter Dion-Kindem's claims in the *Gutierrez* state court action. Therefore, the Court should strike the statement that "Plaintiff did not know Defendants were doing this until after other litigation was filed by Plaintiff's present attorney against Girardi and Defendants admitted that they were doing this" from Plaintiff's Complaint.

## V.   **PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND**

Leave to amend "may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.* 845 F.2d 209, 215 (9th Cir. 1988). Granting leave to amend is futile where the claim is "barred by the statute of limitations." *Shade v. Wells Fargo Bank*, No. 2:08CV1068FCDJFMPS, 2009 WL 1704715, at *3 (E.D. Cal. June 17, 2009) citing *Deutsch v. Turner Corp.*, 324 F.3d 692, n. 20 (9th Cir. 2003). Additionally, "Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend." *McGlinch v. Shell Chemical Co.,* 845F.2d 802, 820 (9th Cir. 1988) In the *Gutierrez* action, Plaintiff's attorney Peter Dion-Kindem had four attempts to plead around the statute of limitations and establish some sort of fraudulent representation made by the Girardi

DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);

Defendants.  Now, seven-years after filing the *Gutierrez* action, Mr. Dion-Kindem is once again unable to plead any facts to support an allegation for fraud.

Furthermore, even if Plaintiff can somehow make a showing of fraud, which he cannot, Plaintiff's claims are barred by the statute of limitations as Plaintiff was on inquiry notice of Defendants' alleged misconduct when he received his last settlement check in 2001.  Therefore, leave to amend is futile and should not be granted.

## VI.   **CONCLUSION**

Plaintiff's claims are barred by Section 340.6, as this is an attorney malpractice action filed fifteen (15) years after Defendants' alleged misconduct.  Plaintiff cannot avoid application of Section 340.6 with factually baseless and conclusory allegations of fraud.  Moreover, even if Plaintiff's claims are not barred by Section 340.6, Plaintiff's claims are barred as a matter of law because Plaintiff was on inquiry notice  in 2001 when Plaintiff received his last settlement check in the underlying Lockheed Litigation.

For the reasons stated above, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss Pursuant to *Federal Rules of Civil Procedure* Rule 12(b)(6).

DATED:  March 29, 2016          GIRARDI | KEESE

By:      /s/ James G. O'Callahan
         JAMES G. O'CALLAHAN
         Attorneys for Defendants

DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);

# DECLARATION OF JAMES G. O'CALLAHAN

I, JAMES G. O'CALLAHAN, declare as follows:

1.     I am an attorney at the law firm of Girardi | Keese and one of the attorneys of record herein for Defendants Thomas V. Girardi, Robert W. Finnerty, and Girardi & Keese in the above-captioned matter.   Unless otherwise indicated, I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would testify competently thereto.

2.     On March 11, 2016, Defendant Robert W. Finnerty emailed Peter Dion-Kindem and requested that Peter Dion-Kindem grant Defendants additional time to respond to Plaintiff Paul Kranich's Complaint.  Attached hereto as Exhibit "A" is a true and correct copy of Robert Finnerty's March 11, 2016 letter to Peter Dion-Kindem sent via email.

3.     After multiple attempts to receive a response from Mr. Dion-Kindem, Mr. Dion-Kindem finally responded to Defendants' request on March 22, 2016.  Mr. Dion-Kindem refused to provide Defendants with additional time to respond to Plaintiff's complaint.  Attached hereto as Exhibit "B" is a true and correct copy of the E-mail Mr. Dion-Kindem sent Defendant Robert Finnerty on March 22, 2016.

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);

/ / /

4.     On March 23, 2016 I met and conferred with Mr. Dion-Kindem pursuant to Local Rule 7-3.  During the meet and confer process, Mr. Dion-Kindem stated that he does not have to plead facts in his complaint.  Additionally, Mr. Dion-Kindem admitted that retired judges allocated the funds in the underlying Lockheed Litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on this 29th day of March, 2016 in Los Angeles, California.


/s/ James G. O'Callahan
_____
JAMES G. O'CALLAHAN

DEFENDANTS MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1126 Wilshire Boulevard, Los Angeles, CA 90017-1904.

5

6

7

8

On March 29, 2016, I served true copies of the following document(s) described as **DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JAMES G. O'CALLAHAN** on the interested parties in this action as follows:

9

**SEE ATTACHED SERVICE LIST**

10

11

12

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

13

14

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15

Executed on March 29, 2016, at Los Angeles, California.

16

17

_____

18

Tracey Faust

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**

2

3   Peter R. Dion-Kindem, Esq.
    The Dion-Kindem Law Firm
4   Peter R. Dion-Kindem, PC.
    21550 Oxnard Street, Suite 900
5   Woodland Hills, California  91367
    **Attorneys for Plaintiff:  Paul Kranich**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28