GIRARDI | KEESE
ROBERT W. FINNERTY, State Bar No. 119775
rfinnerty@girardikeese.com
JAMES G. O'CALLAHAN, State Bar No. 126975
jgocallahan@girardikeese.com
1126 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Paul Kranich,<br><br>    Plaintiff,<br><br>    v.<br><br>Thomas V. Girardi, Robert Finnerty, Girardi - Keese, and Does 10 through 100,<br><br>    Defendants. | Case No. 2:16-cv-01209-CAS (E)<br><br>**DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI \| KEESE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)**<br><br>Date: May 2, 2016<br>Time: 10:00 a.m.<br>Crtrm.: 5 – 2nd floor<br><br>The Hon. Christina A. Snyder |

///
///
///
///
///
///
///
///

      **DEFENDANTS** hereby request that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following true and correct copies of the following documents:

| | |
|---|---|
| **Exhibit 1:** | Class Action Complaint filed on October 24, 2008 by plaintiff's counsel, Gutierrez v. Girardi Keese |
| **Exhibit 2:** | Order Granting Defendants Motion for Judgment on the Pleadings and Judgment |
| **Exhibit 3:** | Notice of Entry of Judgment as to Plaintiff Paul Kranich in the underlying Lockheed Litigation |
| **Exhibit 4:** | Plaintiff's Civil Complaint in the underlying Lockheed Litigation, *Almon v. Lockheed Corporation, et al.* |
| **Exhibit 5:** | Civil Complaint filed in *Anzures, et al. v. Girardi Keese, et al.* |
| **Exhibit 6:** | Third Amended Complaint filed in *Gutierrez v. Girardi Keese, et al.* |
| **Exhibit 7:** | February 11, 2016, Court hearing transcript in *Gutierrez v. Girardi Keese, et al.* |
| **Exhibit 8:** | February 19, 1998 Settlement Agreement between Plaintiff and certain Lockheed Defendants |

# I.

# BASIS FOR TAKING JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence and relevant Federal Court case law, courts may take judicial notice of both documents and the statements contained within them. *See e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001) (taking notice of the existence of extradition documents as well as statements contained in the documents); *see also Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1064 fn. 7 (9th Cir. 1998); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Specifically, Rule 201(b)(2) allows courts to take judicial notice of facts not subject to reasonable dispute if a source's "accuracy cannot reasonably be questioned." Fed. R. Evid. § 201(b)(2).

The Court may also take judicial notice of documents outside the four corners of the complaint under limited circumstances. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("However, we are permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them."), citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-999 (9th Cir. 2011) (the court may consider unattached

materials necessarily relied upon by the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."); *Gemtel Corp. v. Community Redevelopment Agency of City of Los Angeles*, C.A.9th, 1994, 23 F.3d 1542 (court can consider matters of public record on Rule 12(b)(6) motion); *Lee*, 250 F.3d at 689 (citing, *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).

Similarly, a court may take judicial notice of a document outside the four corners of the complaint under the incorporation by reference doctrine. The incorporation by reference doctrine applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Okwu v. McKim*, 2:10-CV-0653-GEB-KJM, 2011 WL 219565, at *2 (E.D. Cal. Jan. 19, 2011) aff'd, 682 F.3d 841 (9th Cir. 2012), (quoting, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005)).

Moreover, Federal Courts may take judicial notice of court records filed in prior actions, including court transcripts. *Southern California Stroke Rehabilitation Associates, Inc., v. Nautilus, Inc.*, S.D.Cal.2011, 782 F.Supp.2d 1096 (District Court would take judicial notice of certain documents filed in prior action brought by purchaser of medical grade exercise equipment against manufacturer…as documents

were matters of public record, and authenticity of documents were not in dispute.); *Airframe Systems, Inc. v. Raytheon Co.*, D.Mass.2007, 520 F.Supp.2d 258, *affirmed* 601 F.3d 9, 95 U.S.P.Q.2d 1082 (On motion to dismiss for failure to state claim, court could consider admission made by defendant's counsel in prior action between parties, which was found in oral argument transcript, since it was public record upon which plaintiff's entire subsequent action relied.)

Exhibits 1 through 8 attached herein are such examples of sources whose accuracy and authenticity remains unchallenged. **Exhibit 1**, a class action complaint filed on October 24, 2008 by plaintiff's counsel in the matter *Gutierrez v. Girardi Keese,* is a matter of public record. **Exhibit 2,** an Order and Judgment issued by the State Court, County of Los Angeles is a court document, which is a matter of public record. Similarly, **Exhibit 3**, a Notice of Entry of Judgment dismissing Plaintiff's claims in the underlying Lockheed Litigation, is available to the public. **Exhibit 4**, Plaintiffs Complaint filed in the underlying Lockheed Litigation, is a court record in the underlying litigation that is the subject of this suit and is a matter of public record.

In addition, **Exhibit 5**, a Complaint filed by attorney's Jeffrey McIntyre and Timothy Larson, is available to the public and is incorporated by reference in Plaintiff's instant complaint. Complaint ¶¶27, 43. **Exhibit 6**, a Complaint filed by plaintiff's counsel in a related matter arising out of the same facts as the instant

action, is also available to the public and is incorporated by reference in Plaintiff's instant complaint. Complaint ¶14(b). **Exhibit 7**, a court transcript from the hearing regarding Defendants Motion for Judgment on the Pleadings, in the matter *Gutierrez v. Girardi Keese*, wherein plaintiff's counsel admits to soliciting the plaintiff in order to bring suit, is a matter of public record from a prior action whose authenticity is unchallenged.

Finally, **Exhibit 8**, one of many settlement agreement's entered into between Plaintiff and Lockheed defendants in the underlying Lockheed Litigation, is subject to judicial notice because Plaintiff repeatedly makes reference to the settlements throughout his Complaint and the settlement agreement, and money resulting therefrom, is central to Plaintiff's claim. Moreover, the authenticity of the settlement agreement in not reasonably in dispute because it is signed and acknowledged by the Plaintiff, himself. Thus, judicial notice of **Exhibit 8** is appropriate under the incorporation by reference doctrine.

Defendant cannot reasonably challenge that either one of these documents is questionable because the documents: (1) are promulgated by the court; (2) are a matter of public record; (3) have been authenticated; and (4) are referenced in Plaintiff's complaint and/or are central to Plaintiff's claim. Accordingly, their content is indisputable.

## II.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its request for judicial notice of the attached documents.

DATED: March 29, 2016        GIRARDI | KEESE


By:     /s/ James G. O'Callahan
        JAMES G. O'CALLAHAN
        Attorneys for Defendants

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1126 Wilshire Boulevard, Los Angeles, CA 90017-1904.

On March 29, 2016, I served true copies of the following document(s) described as **DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(B)(6)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 29, 2016, at Los Angeles, California.

Tracey Faust

**SERVICE LIST**

Peter R. Dion-Kindem, Esq.
The Dion-Kindem Law Firm
Peter R. Dion-Kindem, PC.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
**Attorneys for Plaintiff: Paul Kranich**