EXHIBIT 1

PETER R. DION-KINDEM (SBN 95267)
PETER R. DION-KINDEM, P. C.
DION-KINDEM & CROCKETT
21271 Burbank Blvd., Suite 100
Woodland Hills, California 91367
Telephone:    (818) 883-4400
Fax:            (818) 676-0246

Attorneys for Plaintiff Luis Gutierrez

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 2 3 2001

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

Luis Gutierrez, on behalf of himself and all
others similarly situated,

     Plaintiff,

     vs.

Thomas V. Girardi, Girardi & Keese, and
Does 1 through 100,

     Defendants

Case No.    B C 4 0 0 5 6 0

**CLASS ACTION**

**Complaint for:**

1.    **Breach of Fiduciary Duty**
2.    **Money Had and Received**

Plaintiff Luis Gutierrez on information and belief as follows:

1.    This is a class action brought by Plaintiff on behalf of himself and all other persons who were represented by Thomas Girardi and his law firm, Girardi & Keese, (hereinafter collectively referred to as "Girardi")  in connection with litigation filed on behalf of current or former employees of Lockheed Corporation against Lockheed and other defendants ("Lockheed Litigation").

2.    Between 1992 and 2001, settlements were reached in the Lockheed Litigation with various defendants. The settlements totaled approximately $131 million. Defendants received settlement funds from the Lockheed Litigation and controlled all disbursements.

**Complaint**

1

DION-KINDEM & CROCKETT

3.   Plaintiff claims that Defendants breached their fiduciary duty and committed other wrongful acts with respect to the handling and distribution of the settlement funds generated in the Lockheed Litigation that were owing to Plaintiff and plaintiff class members.

4.   Plaintiff Luis Gutierrez is an individual residing in California.  Girardi represented Plaintiff in the Lockheed Litigation.

5.   Thomas Girardi is an attorney practicing law in the State of California. Girardi & Keese is a law firm believed to be owned in whole or in part by Thomas Girardi.

6.    The true names, identities and capacities, and the respective relationship of the Doe Defendants designated herein as Does 1 through 100 to the known Defendants are presently unknown to Plaintiff, who sues said Doe Defendants by such fictitious names. The Doe Defendants are believed to be individuals or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and plaintiff class members' rights. Plaintiff will request leave to amend this Complaint to set forth their true names, identities and capacities upon ascertaining the same. The Doe Defendants and the known Defendants are referred to hereinafter collectively as Defendants.

7.   Each of the Defendants has been or is the principal, officer, director, agent, employee, representative, and/or co-conspirator of each of the other Defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor.  Each of the Defendants engaged in the conduct alleged hereinafter with the knowledge, consent, authorization, ratification and approval of each other Respondent.

### Class Action Allegations

8.   Plaintiff brings this action on behalf of himself and all others similarly situated as representative of the following class:

DION-KINDEM & CROCKETT

1              All persons who were represented by Defendants in connection with the Lockheed

2              Litigation, except for those class members who settled their claims against

3              Girardi.

4    9.    Plaintiff is a member of the class.

5    10.   Members of the class are so numerous that joinder of all members is impracticable.

6         Plaintiff believes that the size of the class exceeds 500 persons.

7    11.   There are questions of fact and law common to the class, which common questions

8         predominate over any questions affecting only individual members. Those common

9         questions include whether Defendants engaged in the following conduct and whether

10        such conduct is improper and subjects Defendants to civil liability:

11        A.     Whether Defendants breached their fiduciary duty to Plaintiff and plaintiff class

12              members in connection with the Lockheed Litigation.

13        B.     Whether Defendants are liable for money had and received for the benefit of

14              Plaintiff and plaintiff class members.

15    12.   Plaintiff can and will fairly and adequately represent and protect the interests of the class

16         and has no interests that conflict with or are antagonistic to the interests of the class.

17         Plaintiff has retained experienced and competent attorneys who are capable of

18         representing the interests of the class.

19    13.   All class members have the same legal rights to, and interest in, the fair treatment by

20         Defendants.

21    14.   The class action is an appropriate method for fair and efficient adjudication of the

22         controversy given the following:

23        A.     Common questions of law and/or fact predominate over any individual questions

24              that may arise, such that there would be enormous economies to the courts and the

25              parties in litigating the common issues on a class wide instead of a repetitive

26              individual basis;

27        B.     Class members' individual damage claims are too small to make individual

28              litigation an economically viable alternative;

**Complaint**

DION-KINDEM & CROCKETT

C.   Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

D.   No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law or fact to be litigated at the liability stage are common to the class.

15.   Class certification is fair and efficient as well because prosecution of separate actions would create a risk of adjudications with respect to individual members of the class, which as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

16.   Class certification is appropriate because Defendants have acted on grounds generally applicable to the class.

**First Cause of Action - Breach of Fiduciary Duty**
**(Plaintiff, on behalf of himself and the plaintiff class, against all Defendants)**

17.   Plaintiff realleges paragraphs 1 through 16 hereof and incorporates same by reference as though fully set forth herein.

18.   Defendants were the attorneys for Plaintiff and plaintiff class members in the Lockheed Litigation and owed them a fiduciary duty to hold as trustees all settlement proceeds they received in the Lockheed Litigation for the benefit of Plaintiff and plaintiff class members.

19.   As the attorneys for Plaintiff and plaintiff class members, Defendants were required, among other things, to promptly disburse to Plaintiff and plaintiff class members their portion of the settlement proceeds, to promptly provide a complete and accurate accounting to said plaintiffs of all funds received and disbursements made, to disburse as

1    costs only those expenses that were properly and reasonably incurred in the Lockheed

2    Litigation, and to take as fees only those fees to which they were entitled.

3    20.   Defendants knowingly and intentionally breached their fiduciary duties owed to Plaintiff

4          and plaintiff class members by:

5          A.   Failing and refusing, and continuing to fail and refuse, to promptly disburse to

6               Plaintiff and plaintiff class members their share of the settlement proceeds.

7          B.   Failing and refusing, and continuing to fail and refuse, to provide a prompt and

8               complete accounting of all settlement funds received and disbursed.

9          C.   Disbursing settlement funds to which Plaintiff and plaintiff class members were

10              entitled without their knowledge and consent.

11         D.   Failing to maintain the settlement funds in interest bearing trust accounts.

12         E.   Misrepresenting and/or concealing from Plaintiff and plaintiff class members their

13              misuse of the settlement proceeds.

14   21.   As a proximate result of Defendants' breaches of fiduciary duty, Plaintiff and plaintiff

15         class members have been damaged in an amount believed to be in excess of $20 million.

16   22.   The foregoing conduct of Defendants (I) constituted an intentional misrepresentation,

17         deceit, or concealment of a material fact known to the Defendants with the intention on

18         the part of Defendants of thereby depriving Plaintiff of property or legal rights or

19         otherwise causing Plaintiff injury; (II) was intended by Defendants to cause injury to

20         Plaintiff or was despicable conduct that was carried on by Defendants with a willful and

21         conscious disregard of the rights or safety of others; and/or (III) was despicable conduct

22         that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff'

23         rights so as to justify an award of punitive damages against Defendants.

24   23.   Plaintiff discovered Defendants' breach of fiduciary duty within the last year. Plaintiff

25         could not have discovered Defendants' breach of fiduciary duty earlier because

26         Defendants' concealed their wrongful conduct from Plaintiff, and Plaintiff had no way to

27         discover Defendants' wrongful acts.

28

**Complaint**

5

DION-KINDEM & CROCKETT

24.   By virtue of Defendants' violation of their fiduciary duty to Plaintiff and plaintiff class members, Defendants' retention of Plaintiff's and plaintiff class members' share of the settlement funds is wrongful, and Plaintiff is entitled to an order declaring that Defendants hold said settlement funds and any proceeds thereof and any other property acquired therewith (collectively "Property") as a constructive trustee for the benefit of Plaintiff and plaintiff class members and compelling Defendants to convey the Property to Plaintiff and plaintiff class members. To the extent that all or a portion of said Property has been transferred by Defendants to third persons who had no knowledge of Defendants' wrongful acquisition of such Property and for valuable consideration ("Transferred Property"), Plaintiff and plaintiff class members are entitled to an order requiring Defendants to pay Plaintiff and plaintiff class members an amount equal to the value of said Transferred Property, plus interest thereon.

25.   Plaintiff is not aware of the exact amount of money received by Defendants, nor is Plaintiff aware of all disbursements or the reasons therefor. The exact amount of money due from Defendants to Plaintiff and plaintiff class members is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements. Defendants have failed and refused to provide to Plaintiff and plaintiff class members an accurate and complete accounting of the settlement proceeds received in connection with the Lockheed Litigation.

**Second Cause of Action – Money Had and Received**
**(Plaintiff, on behalf of himself and the plaintiff class, against all Defendants)**

26.   Plaintiff realleges paragraphs 1 through 25 hereof and incorporates same by reference as though fully set forth herein.

27.   Defendants received money believed to be in excess of $20 million that was intended to be used for the benefit of Plaintiff and plaintiff class members.

28.   The money was not used for the benefit of Plaintiff and plaintiff class members.

29.   Defendants have not given the money to Plaintiff and plaintiff class members.

**Complaint**

6

1    WHEREFORE Plaintiff prays that judgment be entered against Defendants and each of

2  them and in favor of Plaintiff as follows:

3  1.    For compensatory and general damages according to proof.

4  2.    For the sum owing by Defendants to Plaintiff and plaintiff class members for money had

5        and received for their benefit.

6  3.    For restitution and/or other applicable equitable relief.

7  4.    For an order declaring that Defendants hold Plaintiff's and plaintiff class members'

8        interest in the settlement proceeds received by Defendants as constructive trustee for

9        Plaintiff and plaintiff class members.

10  5.    For an order compelling Defendants to convey to Plaintiff and plaintiff class members

11        their portion of the settlement funds obtained by Defendants.

12  6.    For an order compelling Defendants to account for settlement funds obtained by

13        Defendants.

14  7.    To the extent that all or portions of said settlement funds have been transferred to third

15        persons with no knowledge of Defendants' wrongful acquisition/retention of such funds

16        and for valuable consideration ("Transferred Property"), for an order requiring

17        Defendants to pay Plaintiff and plaintiff class members an amount equal to the value of

18        said Transferred Property, plus interest thereon.

19  8.    For punitive damages according to proof.

20  9.    For interest as allowed by law

21  10.   For costs of suit.

22  11.   For such other relief as the Court may deem proper.

23  Dated: October 22, 2008                      DION-KINDEM & CROCKETT

24

25                                              BY: _____
                                                    PETER R. DION-KINDEM, P.C.
26                                                  PETER R. DION-KINDEM
                                                    Attorneys for Plaintiff Luis Gutierrez
27

28