EXHIBIT 3

1 | Laurence F. Janssen, Esq. (State Bar No. 147471)
  | Kevin C. Mayer, Esq. (State Bar No. 118177)
2 | Larry R. Schmadeka, Esq. (State Bar No. 160400)
  | **STEPTOE & JOHNSON LLP**
3 | 633 West Fifth Street, Suite 700
  | Los Angeles, California 90071
4 | Telephone: (213) 439-9400
  | Facsimile: (213) 439-9599
5 |
  | Attorneys for Defendants EXXON MOBIL CORPORATION and
6 | E.I. DUPONT DE NEMOURS & COMPANY, INC.
7 | On Behalf of All Defendants

[Stamp: RECEIVED AUG 1 5 2002 GIRARDI & KEESE]

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JUDICIAL COUNCIL COORDINATION PROCEEDING NUMBER 2967, | JCCP NO. 2967 |
| | (Honorable John A. Torribio, Dept. "W") |
| "LOCKHEED LITIGATION CASES" | NOTICE OF ENTRY OF JUDGMENT AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM, TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS, JUDITH JONES, PAUL KRANICH AND EMMA LEWIS |

///

///

DOC. #87316 V.01

1

NOTICE OF ENTRY OF JUDGMENT AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM, TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS, JUDITH JONES, PAUL KRANICH AND EMMA LEWIS

1  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

2  **PLEASE TAKE NOTICE** that Final Judgment by Court Under Code of Civil Procedure
3  Section 437c as to Plaintiffs Vuna Evans, John Flores, Michael Gilliam, Tommie Hooper, Joel
4  James, Darnese Horne, Patricia Ann Isaacs, Judith Jones, Paul Kranich and Emma Lewis ("Final
5  Judgment") was entered on July 29, 2002. A true and correct copy of the Final Judgment is
6  attached hereto as Exhibit "A."

7

8  Dated: August 14, 2002                STEPTOE & JOHNSON LLP
9
10                                       By: _____
11                                           Larry R. Schmadeka
                                         Attorneys for Defendants
12                                       EXXON MOBIL CORPORATION and E.I.
                                         DUPONT DE NEMOURS & COMPANY, INC.
13

...

28                                                                              DOC. #87316 V.01

2

NOTICE OF ENTRY OF JUDGMENT AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM,
TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS, JUDITH JONES, PAUL KRANICH
AND EMMA LEWIS

**EXHIBIT A**

FILED ORIGINAL
JUL 29 2002
JOHN CLARKE, COUNTY CLERK
BY L. KERN, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JUDICIAL COUNCIL COORDINATION PROCEEDING NUMBER 2967,<br><br>"LOCKHEED LITIGATION CASES" | JCCP NO. 2967<br><br>(Hon. John A. Torribio, Dept. "W")<br><br>[~~PROPOSED~~] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM, TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS, JUDITH JONES, PAUL KRANICH AND EMMA LEWIS |

///
///
///
///

- 1 -

[PROPOSED] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE
SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM,
TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS
JUDITH JONES, PAUL KRANICH AND EMMA LEWIS

DOC. #85694 V.01

THIS COURT, having before it the Motions for Summary Judgment by defendants EXXON MOBIL CORPORATION ("EXXON"), E. I. DUPONT DE NEMOURS & COMPANY, INC. ("DUPONT") and UNION OIL OF CALIFORNIA DBA UNOCAL ("UNOCAL") (collectively referred to as "Defendants"), regarding plaintiffs Vuna Evans, John Flores, Michael Gilliam, Tommie Hooper, Joel James, Darnese Horne, Patricia Ann Isaacs, Judith Jones, Paul Kranich and Emma Lewis, all supporting papers and declarations, the plaintiffs' opposing briefs and all supporting papers and declarations (except for plaintiffs John Flores and Joel James where no opposition was filed), and the reply briefs and all supporting papers and declarations, and the matter having been ruled upon by the Court.

## I. FINDINGS AND RULINGS OF THE COURT

Defendants' motion for summary judgment came on for hearing before this Court on July 12, 2002, in Department "W" the Honorable John A. Torribio, presiding. No appearances were made on behalf of the parties in that the parties, through their respective counsel, submitted to the Court's July 11, 2002 tentative ruling. After full consideration of the evidence, the separate statements of each party, and the authorities submitted by counsel, the Court, on July 12, 2002 issued its final ruling in which the Court found that there was no triable issue of material fact in these actions as to the below-mentioned facts and that the moving parties are entitled to summary judgment as a matter of law for the below-mentioned reasons:

### A. FINDINGS OF THE COURT

1. Vuna Evans [Robert Almon Alvarez, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. EC 004545].

   There is no triable issue of material fact regarding the following:

   a. On February 16, 1990, plaintiff Vuna Evans signed an "Application for Adjudication of Claim" asserting personal injuries to her "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that she had retained attorney Timothy Larson.

     b.    On May 15, 1991, plaintiff filed her civil complaint in this action against Lockheed, these Defendants and others.

2. <u>John Flores</u> [<u>Cesar L. Aceituno, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. EC 004546].

There is no triable issue of material fact regarding the following:

     a.    On April 30, 1990, plaintiff John Flores signed an "Application for Adjudication of Claim" asserting personal injuries to his "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that he had retained attorney Timothy Larson.

     b.    On May 15, 1991, plaintiff filed his civil complaint in this action against Lockheed, these Defendants and others.

3. <u>Michael Gilliam</u> [<u>Jose Alvarez, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. NCC 37769B].

There is no triable issue of material fact regarding the following:

     a.    On March 6, 1987, plaintiff Michael Gilliam signed an "Application for Adjudication of Claim" asserting personal injuries to his "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that he had retained Timothy Larson.

     b.    On October 28, 1988, plaintiff filed his civil complaint in this action against Lockheed, these Defendants and others.

4. <u>Tommie Hooper</u> [<u>Cesar L. Aceituno, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. EC 004546].

There is no triable issue of material fact regarding the following:

     a.    On October 19, 1989, plaintiff Tommie Hooper an "Application for Adjudication of Claim" asserting personal injuries to his "entire

- 3 -
[PROPOSED] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE
SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM,
TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS
JUDITH JONES, PAUL KRANICH AND EMMA LEWIS

DOC. #85694 V.01

body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that he had retained Timothy Larson.

    b.    On May 15, 1991, plaintiff filed his civil complaint in this action against Lockheed, these Defendants and others.

5.    Joel James [Jose Alvarez, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. NCC 37769B].

There is no triable issue of material fact regarding the following:

    a.    On April 17, 1987, plaintiff Joel James signed an "Application for Adjudication of Claim" asserting personal injuries to his "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that he had retained Timothy Larson.

    b.    On July 1, 1987, plaintiff served Lockheed with his Application for Award for Serious and Willful Misconduct of the Employer, in which he claimed "injury to [his] entire body and psyche" from working "with and around toxic substances" at Lockheed.

    c.    On October 28, 1988, plaintiff filed his civil complaint in this action against Lockheed, these Defendants and others.

6.    Darnese Horne [Robert Almon, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. EC 004545].

There is no triable issue of material fact regarding the following:

    a.    On October 19, 1989, plaintiff Darnese Horne signed an "Application for Adjudication of Claim" asserting personal injuries to his "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that he had retained Timothy Larson.

    b.    On May 15, 1991, plaintiff filed his civil complaint in this action against Lockheed, these Defendants and others.

7. <u>Patricia Ann Isaacs</u> [<u>Jose Alvarez, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. NCC 37769B].

There is no triable issue of material fact regarding the following:

    a. On September 1, 1987, plaintiff Patricia Ann Isaacs signed an "Application for Adjudication of Claim" asserting personal injuries to her "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that she had retained Timothy Larson.

    b. On October 28, 1988, plaintiff filed her civil complaint in this action against Lockheed, these Defendants and others.

8. <u>Judith Jones</u> [<u>Robert Almon, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. EC 004545].

There is no triable issue of material fact regarding the following:

    a. On October 19, 1989, plaintiff Judith Jones signed an "Application for Adjudication of Claim" asserting personal injuries to her "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that she had retained Timothy Larson.

    b. On May 15, 1991, plaintiff filed her civil complaint in this action against Lockheed, these Defendants and others.

9. <u>Paul Kranich</u> [<u>Robert Almon, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. EC 004545].

There is no triable issue of material fact regarding the following:

    a. On October 19, 1989, plaintiff Paul Kranich signed an "Application for Adjudication of Claim" asserting personal injuries to his "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that he had retained Timothy Larson.

- 5 -
[PROPOSED] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM, TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS JUDITH JONES, PAUL KRANICH AND EMMA LEWIS

DOC. #85694 V.01

      b.      On May 15, 1991, plaintiff filed his civil complaint in this action against Lockheed, these Defendants and others.

10.      Emma Lewis [<u>Genetta Braud, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. EC 004554].

There is no triable issue of material fact regarding the following:

      a.      On October 19, 1989, plaintiff Emma Lewis signed an "Application for Adjudication of Claim" asserting personal injuries to her "entire body including psyche" as a result of "toxic exposure" at Lockheed, and indicating that she had retained Timothy Larson.

      b.      On May 15, 1991, plaintiff filed her civil complaint in this action against Lockheed, these Defendants and others.

**B.**    <u>**RULINGS OF THE COURT**</u>

Defendants provided evidence that the claims are barred by the applicable one-year statute of limitations. C.C.P. § 340(3). Such evidence includes various claims to the Worker's Compensation Board, signed by plaintiffs, indicating injuries due to "toxic exposure." Plaintiffs' indication that their injuries were due to toxic exposure is sufficient evidence that they were on inquiry notice that their injuries were caused by wrongful acts, beginning the running of the statute of limitations. See, <u>Jolly v. Eli Lilly & Co.</u> (1988) 44 Cal.3d 1103; see also <u>Rivas v. Safety-Kleen Corp.</u> (2002) 98 Cal.App.4th 218. Defendants met their initial burden of establishing that the claims are time-barred. C.C.P. § 437c(o)(2).

<u>Clark v. Baxter Healthcare Corp</u> (2000) 83 Cal.App.4th 1048, setting forth the general rule of <u>Jolly</u>, is factually distinguishable in that there, plaintiff relied upon advice given to her by various doctors regarding her allergies prior to her discovering the manufacture defect. Because she relied on such advice as to the cause of her ailment, the Court found that she was not put on inquiry notice of wrongdoing at the time of her injury. <u>Id</u>. No such facts exist with respect to these plaintiffs.

- 6 -

[PROPOSED] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE
SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM,
TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS
JUDITH JONES, PAUL KRANICH AND EMMA LEWIS

DOC. #85694 V.01

Plaintiffs' declarations, submitted in opposition to the motions, that they did not suspect or have reason to suspect the injuries alleged in the worker's compensation applications were caused by defendant's wrongdoing are not sufficient to create a triable issue of material fact. Most or all of the plaintiffs had retained counsel at the time of their submitting their workers' compensation claims. The evidence, particularly the worker's compensation applications in which "toxic exposure" is listed as the injury, leads solely to the inference that plaintiffs were on inquiry knowledge at that time. Jolly, 44 Cal.3d at 1112. Plaintiffs have not met their burden of establishing that a triable issue of material fact exists with respect to the statute of limitations issue. There, defendants are entitled to judgment as a matter of law.

With respect to John Flores and Joel James, no oppositions were filed.

## II. JUDGMENT

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

**AS TO** plaintiff Vuna Evans [Robert Almon, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. EC 004545].

(1) the summary judgment motions of EXXON, DUPONT and UNOCAL are granted as to plaintiff Vuna Evans; (2) this serves to dispose of the causes of action alleged in the complaint of Vuna Evans; (3) EXXON, DUPONT and UNOCAL are, each, entitled to Judgment against plaintiff Vuna Evans; (4) Judgments in favor of EXXON, DUPONT and UNOCAL and against plaintiff Vuna Evans are hereby entered; and EXXON, DUPONT and UNOCAL shall recover all of their costs of suit herein.

**AS TO** plaintiff John Flores [Cesar L. Aceituno, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. EC 004546].

(1) the summary judgment motions of EXXON, DUPONT and UNOCAL are granted as to plaintiff John Flores; (2) this serves to dispose of the causes of action alleged in the complaint of John Flores; (3) EXXON, DUPONT AND UNOCAL are, each, entitled to Judgment against plaintiff John Flores; (4) Judgments in favor of EXXON, DUPONT and UNOCAL and against plaintiff John Flores are hereby entered; and (5) EXXON, DUPONT and UNOCAL shall recover all of their costs of suit herein.

- 7 -
[PROPOSED] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE
SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM,
TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS
JUDITH JONES, PAUL KRANICH AND EMMA LEWIS

DOC. #85694 V.01

AS TO plaintiff Micheal Gilliam [Jose Alvarez, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. NCC 37769B].

(1) the summary judgment motions of EXXON, DUPONT and UNOCAL are granted as to plaintiff Michael Gilliam; (2) this serves to dispose of the causes of action alleged in the complaint of Michael Gilliam; (3) EXXON, DUPONT and UNOCAL are, each, entitled to Judgment against plaintiff Michael Gilliam; (4) Judgments in favor of EXXON, DUPONT and UNOCAL and against plaintiff Michael Gilliam are hereby entered; and (5) EXXON, DUPONT and UNOCAL shall recover all of their costs of suit herein.

AS TO plaintiff Tommie Hooper [Cesar L. Aceituno, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. EC 004546].

(1) the summary judgment motions of EXXON, DUPONT and UNOCAL are granted as to plaintiff Tommie Hooper; (2) this serves to dispose of the causes of action alleged in the complaint of Tommie Hooper; (3) EXXON, DUPONT and UNOCAL are, each, entitled to Judgment against plaintiff Tommie Hooper; (4) Judgments in favor of EXXON, DUPONT and UNOCAL and against plaintiff Tommie Hooper are hereby entered; and (5) EXXON, DUPONT and UNOCAL shall recover all of their costs of suit herein.

AS TO plaintiff Joel James [Jose Alvarez, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. NCC 37769B].

(1) the summary judgment motions of EXXON, DUPONT and UNOCAL are granted as to plaintiff Joel James; (2) this serves to dispose of the causes of action alleged in the complaint of Joel James; (3) EXXON, DUPONT and UNOCAL are, each, entitled to Judgment against plaintiff Joel James; (4) Judgments in favor of EXXON, DUPONT and UNOCAL and against plaintiff Joel James are hereby entered; and (5) EXXON, DUPONT and UNOCAL shall recover all of their costs of suit herein.

AS TO plaintiff Darnese Horne [Robert Almon, et al., v. Lockheed Corporation, et al., Los Angeles County Superior Court Case No. EC 004545].

that plaintiff John Flores shall take nothing, and that defendant UNOCAL shall recover from plaintiff John Flores costs of suit in the sum of $_____.

    3.    <u>Michael Gilliam</u> [<u>Jose Alvarez, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. NCC 37769B].

**IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Michael Gilliam shall take nothing, and that defendant EXXON shall recover from plaintiff Michael Gilliam costs of suit in the sum of $_____. **IT IS ALSO ORDERED, ADJUDGED AND DECREED** that plaintiff Michael Gilliam shall take nothing, and that defendant DUPONT shall recover from plaintiff Michael Gilliam costs of suit in the sum of $_____. **IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Michael Gilliam shall take nothing, and that defendant UNOCAL shall recover from plaintiff Michael Gilliam costs of suit in the sum of $_____.

    4.    <u>Tommie Hooper</u> [<u>Jose Alvarez, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. NCC 37769B].

**IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Tommie Hooper shall take nothing, and that defendant EXXON shall recover from plaintiff Tommie Hooper costs of suit in the sum of $_____. **IT IS ALSO ORDERED, ADJUDGED AND DECREED** that plaintiff Tommie Hooper shall take nothing, and that defendant DUPONT shall recover from plaintiff Tommie Hooper costs of suit in the sum of $_____. **IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Tommie Hooper shall take nothing, and that defendant UNOCAL shall recover from plaintiff Tommie Hooper costs of suit in the sum of $_____.

    5.    <u>Joel James</u> [<u>Jose Alvarez, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. NCC 37769B].

**IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Joel James shall take nothing, and that defendant EXXON shall recover from plaintiff Joel James costs of suit in the sum of $_____. **IT IS ALSO ORDERED, ADJUDGED AND DECREED** that plaintiff Joel James shall take nothing, and that defendant DUPONT shall recover from plaintiff Joel

[PROPOSED] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM, TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS JUDITH JONES, PAUL KRANICH AND EMMA LEWIS

DOC. #85694 V.01

1  James costs of suit in the sum of $_____. **IT IS ORDERED, ADJUDGED AND**
2  **DECREED** that plaintiff Joel James shall take nothing, and that defendant UNOCAL shall
3  recover from plaintiff Joel James costs of suit in the sum of $_____.

4      6.    Darnese Horne [Robert Almon, et al., v. Lockheed Corporation, et al., Los
5  Angeles County Superior Court Case No. EC 004545].

6      **IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Darnese Horne shall
7  take nothing, and that defendant EXXON shall recover from plaintiff Darnese Horne costs of suit
8  in the sum of $_____. **IT IS ALSO ORDERED, ADJUDGED AND DECREED** that
9  plaintiff Darnese Horne shall take nothing, and that defendant DUPONT shall recover from
10 plaintiff Darnese Horne costs of suit in the sum of $_____. **IT IS ORDERED, ADJUDGED**
11 **AND DECREED** that plaintiff Darnese Horne shall take nothing, and that defendant UNOCAL
12 shall recover from plaintiff Darnese Horne costs of suit in the sum of $_____.

13     7.    Patricia Ann Isaacs [Jose Alvarez, et al., v. Lockheed Corporation, et al., Los
14 Angeles County Superior Court Case No. NCC 37769B].

15     **IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Patricia Ann Isaacs
16 shall take nothing, and that defendant EXXON shall recover from plaintiff Patricia Ann Isaacs
17 costs of suit in the sum of $_____. **IT IS ALSO ORDERED, ADJUDGED AND**
18 **DECREED** that plaintiff Patricia Ann Isaacs shall take nothing, and that defendant DUPONT
19 shall recover from plaintiff Patricia Ann Isaacs costs of suit in the sum of $_____. **IT IS**
20 **ORDERED, ADJUDGED AND DECREED** that plaintiff Patricia Ann Isaacs shall take
21 nothing, and that defendant UNOCAL shall recover from plaintiff Patricia Ann Isaacs costs of
22 suit in the sum of $_____.

23     8.    Judith Jones [Robert Almon, et al., v. Lockheed Corporation, et al., Los Angeles
24 County Superior Court Case No. EC 004545].

25     **IT IS ORDERED, ADJUDGED AND DECREED** that plaintiff Judith Jones shall take
26 nothing, and that defendant EXXON shall recover from plaintiff Judith Jones costs of suit in the
27 sum of $_____. **IT IS ALSO ORDERED, ADJUDGED AND DECREED** that plaintiff
28 Judith Jones shall take nothing, and that defendant DUPONT shall recover from plaintiff Judith

Jones costs of suit in the sum of $_____. IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Judith Jones shall take nothing, and that defendant UNOCAL shall recover from plaintiff Judith Jones costs of suit in the sum of $_____.

      9.    <u>Paul Kranich</u> [<u>Robert Almon, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. EC 004545].

      IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Paul Kranich shall take nothing, and that defendant EXXON shall recover from plaintiff Paul Kranich costs of suit in the sum of $_____. IT IS ALSO ORDERED, ADJUDGED AND DECREED that plaintiff Paul Kranich shall take nothing, and that defendant DUPONT shall recover from plaintiff Paul Kranich costs of suit in the sum of $_____. IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Paul Kranich shall take nothing, and that defendant UNOCAL shall recover from plaintiff Paul Kranich costs of suit in the sum of $_____.

      10.    <u>Emma Lewis</u> [<u>Genetta Braud, et al., v. Lockheed Corporation, et al.</u>, Los Angeles County Superior Court Case No. EC 004554].

      IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Emma Lewis shall take nothing, and that defendant EXXON shall recover from plaintiff Emma Lewis costs of suit in the sum of $_____. IT IS ALSO ORDERED, ADJUDGED AND DECREED that plaintiff Emma Lewis shall take nothing, and that defendant DUPONT shall recover from plaintiff Emma Lewis costs of suit in the sum of $_____. IT IS ORDERED, ADJUDGED AND DECREED that plaintiff Emma Lewis shall take nothing, and that defendant UNOCAL shall recover from plaintiff Emma Lewis costs of suit in the sum of $_____.

## ORDER

IT IS SO ORDERED:

DATED: JUL 2 9 2002 _____, 2002

*[signature]*
Hon. John A. Torribio
Judge of the Superior Court

OK/KK

- 13 -

[PROPOSED] FINAL JUDGMENT BY COURT UNDER CODE OF CIVIL PROCEDURE
SECTION 437c AS TO PLAINTIFFS VUNA EVANS, JOHN FLORES, MICHAEL GILLIAM,
TOMMIE HOOPER, JOEL JAMES, DARNESE HORNE, PATRICIA ANN ISAACS
JUDITH JONES, PAUL KRANICH AND EMMA LEWIS