EXHIBIT 4

1  TIMOTHY A. LARSON (66565)
   15545 DEVONSHIRE STREET, SUITE 205
2  MISSION HILLS, CA 91345

3  (818) 830-1910

4  Attorneys for Plaintiffs

ORIGINAL FILED
MAY 15 1991
COUNTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT ALMON, WALTER ATKINS, JR., MARK AVILES, ISRAEL AYALA, RUSSELL BATES, GARRIE BELCHER, MICHAEL CLARK BOHANNAN, DARRYL BROWN, ERNEST BROWN, JR., RICHARD H. BROWN WINNIE J. BROWN, CHRIS LEE BRUNSON, VINSON CANADY, ROBERT S. CHARRAN, STEVEN COLQUITT, CONNIE DOMINQUEZ, MICHAEL DUKES, VUNA L. EVANS, FRANK FINNEGAN, SAMMIE FORTSON, EMMETT GILCHRIST, RAY O. GILLIAM, DEBORA GORY-BANNER, BARBARA GRIFFIN, EDDIE L. HALL, ANNIE L. HART, ANTHONY HERNANDEZ, C.J. HILL, DARNESE HORNE, TOMMIE JENKINS, ECHO JOHNSON, LEATHEA JOHNSON, JUDITH JONES, MICHAEL KLASNA, JEFFREY R. KOEDDING, PAUL KRANICH, CLARENCE LEE, ALFRED V. LOPEZ, BARBARA LOWE, RENEE LYONS ROBERT MANICK, JOSEPH C. MCAFEE, SR. ANTHONY MESSENGER, TED MOSS, BETTY NELSON, JOSEPH NOHEJL, JOSEPH PAJCSICS, DANIEL PHILIP PARKS, ROBERT JAY POLAKOFF, WILLIAM F. REAGAN, JR., GUADALUPE C. RODRIQUEZ LLOYD T. SAKUDA<br>        Plaintiffs,<br>vs.<br>LOCKHEED CORPORATION, a corporation; LOCKHEED-CALIFORNIA COMPANY, a | CASE NO.: EC004545<br><br>COMPLAINT FOR DAMAGES, FRAUDULENT CONCEALMENT; PRODUCTS LIABILITY (STRICT LIABILITY; NEGLIGENCE) |

1

| | |
|---|---|
| 1 | division of LOCKHEED Corporation; ) |
| | CALAC, a corporation; CHASE ) |
| 2 | CHEMICAL, a corporation; E.I. ) |
| | DuPONT de NEMOURS & COMPANY, a ) |
| 3 | corporation; GENERAL ELECTRIC ) |
| | ELECTRIC, a corporation; HARDEMAN, ) |
| 4 | INC., a corporation; PRC, a ) |
| | corporation; SHARPE CHEMICAL CORP., ) |
| 5 | a corporation; SPECTRUM CHEMICAL, a ) |
| | corporation; SPEREX CORP., a ) |
| 6 | corporation, UNION OIL COMPANY OF ) |
| | CALIFORNIA, a corporation; LEEDER ) |
| 7 | CHEMICALS, INC., ASHLAND CHEMICAL, ) |
| | corporation; UNION PACIFIC ) |
| 8 | CORPORATION, a corporation; UNION ) |
| | PACIFIC RESOURCES, a corporation; ) |
| 9 | STERLING LACQUER MANUFACTURING CO., ) |
| | a corporation; 3M CORPORATION, a ) |
| 10 | corporation; ALLIED CHEMICAL, a ) |
| | corporation; DOW CORNING CORPORATION) |
| 11 | a corporation; SPRAYON PRODUCTS, a ) |
| | corporation; SHELL OIL COMPANY, a ) |
| 12 | corporation; LOCTITE CORPORATION, a ) |
| | corporation; SOHIO ENGINEERED ) |
| 13 | MATERIALS COMPANY, a corporation; ) |
| | DEVCON CORPORATION, a corporation; ) |
| 14 | STABOND CORPORATION, a corporation; ) |
| | AMCHEM PRODUCTS, INC., a ) |
| 15 | corporation; B.F. GOODRICH ADHESIVE ) |
| | SYSTEMS, a corporation; and ) |
| 16 | DOES 1 through 250, ) |
| | inclusive, ) |
| 17 | ) |
| | Defendants. ) |
| 18 | _____) |

Plaintiffs allege:

### FIRST CAUSE OF ACTION

### (FRAUDULENT CONCEALMENT AS TO DEFENDANTS LOCKHEED
### AND DOES 1 THROUGH 50)

1. Plaintiffs, at all times herein mentioned were employees at the facilities of Defendant LOCKHEED CORPORATION and Defendant LOCKHEED-CALIFORNIA COMPANY (hereinafter

2

1  collectively and individually referred to as "Lockheed"), in
2  the County of Los Angeles.
3      2.  Lockheed is, and at all times herein mentioned was,
4  a corporation doing business in the County of Los ANgeles,
5  STate of California, and is a manufacturer, servicer,
6  supplier, seller of defense weaponry and related products.
7      3.  Plaintiffs are informed and believe, and based upon
8  such information and belief allege, that Defendants ASHLAND
9  CHEMICAL, CALAC, CHASE CHEMICAL, DUPONT, GENERAL ELECTRIC,
10 LEEDER CHEMICAL, HARDMAN, INC., PRC, SPECTRUM CHEMICAL, SPEREX
11 CORP., UNION and DOES 51 through 150, inclusive and each of
12 them (all said Defendant, hereafter collectively, and
13 singularly referred to as "Defendant Chemical Companies") are
14 corporations qualified to do business and doing business, in
15 the State of California, County of Los Angeles, and at all
16 times herein mentioned, Lockheed and the Defendant Chemical
17 Companies were in the business of manufacturing chemical
18 substances for sale to and use by the general public and
19 industry various chemicals, including, but not limited to,
20 those chemical substances listed on the "Inventory of
21 Substances" attached hereto as Exhibit "A", and incorporates
22 herein by this reference.
23     4.  Plaintiffs are ignorant of the true names and
24 capacities of Defendants sued herein as DOES 1 through 250,
25 inclusive, and therefore sues these Defendants by such
26 fictitious names.  Plaintiffs will amend this complaint to

3

allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleged, that each of the fictitiously named Defendants are responsible, in some manner or the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the acts of said fictiously named Defendants as hereinafter alleged.

5. At all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and was at all times herein mentioned acting within the scope of such agency and employment.

6. At all times herein mentioned, Lockheed, and DOES 1 through 50, and each of them, were engaged in the business of manufacturing, assembling, distributing, supplying, and selling defense weaponry, and in such business caused to be used certain chemical substances (hereinafter collectively and singularly referred to as "the chemical substances"), including, but not limited to, those chemical substances listed on Exhibit "A" to the complaint, and that the chemical substances were of a toxic nature when used independently and/or in combination with other of the chemical substances. The employment of Plaintiffs, and each of them, requires that they work in close proximity to the chemical substances, use the chemical substances in carrying out their work, and be continuously exposed to the chemical substances during the completion of their work.

7. As a proximate result of being continuously exposed to the chemical substances, Plaintiffs, and each of them, have developed severe illnesses and injuries of the skin, and organs, including, but not limited to skin discoloration, soreness, and rashes, cancer of various organs, and other related diseases, and disorders caused by extended exposure to the toxic chemical substances.

8. Defendant Lockheed, and DOES 1 through 50, and each of them, have known since the commencement of the use of the chemical substances when used independently, or in combination, would be dangerous to health, yet at all times to and including in or about January, 1986, concealed this knowledge from Plaintiffs, advised then that it was safe to work in close proximately to the chemical substances which greatly increased the hazardous effects of the chemical substances in a form that greatly enhanced its hazardous effects of the chemical substances in a form that greatly enhanced its hazardous effect, failed to provide devices and ventilation to prevent Plaintiffs' exposure to the chemical substances, failed to post material safety data sheets, concealed the fact that materials used by Plaintiffs in their employment contained the chemical substances, failed to inform Plaintiffs that some of the chemical substances had been banned by the government and renamed all labeling and warnings placed on the containers in which the chemical substances were stores. At all times from the introduction of the chemical

5

substances to and including in or about January, 1986, Defendant Lockheed, and Defendant 1 through 50, and each of them, learned that Plaintiffs, and each of them, were suffering from diseases and illnesses caused by exposure to the chemical substances, but failed to inform Plaintiffs that their diseases and illnesses were caused by exposure to the chemical substances or to take any measures to cure the diseases and illnesses or prevent Plaintiffs from further exposure to the chemical substances.

9. Defendant Lockheed, and DOES 1 through 50, and each of them further concealed their knowledge concerning the chemical substances and their dangerous health effects, by retaining doctors who were not qualified in regard to the dangerous effects of the chemical substances, and who misinformed Plaintiffs as to the cause and nature of their diseases and illnesses who discouraged Plaintiffs from seeking competent medical advice, and Defendants, and each of them, failed to advise these doctors of the development were the result of the working conditions at the place of employment.

10. Each of the acts and omissions described hereinabove, were done falsely and fraudulently by Lockheed, and DOES 1 through 50, with the induce Plaintiffs to continue to work in a dangerous environment and without safeguards, protection, warnings, proper medical care, and procedure aimed at reducing the risk of exposure with intent to induce Plaintiffs to continue work in a dangerous environment and to

6

1  use methods of working with chemical substances which
2  substantially increased the risk of harm therefrom.
3  Plaintiffs were ignorant of the risks involved and would not
4  have continued to work under such conditions, or to use the
5  products in the manner or form requested by Defendants, and
6  each of them, if the had known the facts.

7      11.  As a proximate result of the acts and omissions of
8  Lockheed, and DOES 1 through 50, and each of them, as herein
9  alleged, Plaintiff's illnesses and diseases as above stated,
10 were aggravated thereby further injuring Plaintiffs in their
11 health, strength, and activity, and causing further injury to
12 their body, and shock and injury to their nervous systems, all
13 of which injuries have caused and continue to cause
14 Plaintiffs, and each of them, great mental, physical, and
15 nervous pain and suffering, and Plaintiffs, and each of them
16 have been damaged in a sum within the jurisdiction of this
17 Court.

18     12.  As a further proximate result of the acts and
19 omissions of Lockheed, and DOES 1 through 50, and each of
20 them, alleged herein, Plaintiffs have been required to expend
21 money and incur obligations, and will continue to expend money
22 and incur obligations, for medical services, x-rays, drugs,
23 and sundries reasonably requires in the treatment and relief
24 of the injuries herein alleges.  Plaintiffs have been damaged
25 thereby in a sum not yet ascertained.

26     The aforementioned acts and omissions of Lockheed, and

DOES 1 through 50, and each of them, were willful and fraudulent. Plaintiffs are therefore entitled to punitive damages $50,000,000.00.

## SECOND CAUSE OF ACTION

### (STRICT LIABILITY IN TORT AS TO ALL DEFENDANTS, AND EACH OF THEM)

13. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1 through 9, inclusive, of their First Cause of Action as though fully set forth.

14. Plaintiffs are informed and believe, and upon such information and belief, allege that Defendants, and each of them, are, and at all times herein were, engaged in the business of formulating, manufacturing, supplying, distributing, and selling the chemical substances for purchase and use by businesses of the type for which Plaintiffs were employed, and for the uses made of them by Plaintiffs in the course of their employment, and at the time of their employment, and at the time of the formulation, manufacturing, supplying, distributing and selling the chemical substances Defendants and each of them, knew and intended that they would be as used.

15. Plaintiffs are informed and believe, and upon such information and belief allege that the chemical substances, and each of them, were, at the time they were manufactures, sold and distributed by Defendants, and each of them,

8

defective, hazardous, and unsafe for its intended purpose, in that said chemical substances were of such toxic nature that they could not be used for their intended purposes without serious immediate, and cumulative injury to the persons using the chemical substances.

16. Plaintiffs are informed and believe, and on such basis allege that to at least in or about January, 1986, and for an uncertain time prior thereto, the chemical substances were used by Plaintiffs in the ordinary course of their employment and for the purposes for which the chemical substances were intended when the chemical substances were supplied to Plaintiffs' employer. During the course of the use of the product hereinabove described, Plaintiffs were subjected to contact with and inhalation of, the chemical substances.

17. Plaintiffs are informed and believe, and thereon allege, that the chemical substances were further defective as a result of the failure of Defendants, and each of them, to give adequate warnings as to their use to prevent their being dangerous to the user and unsafe for their intended purpose in that no warning was given that the chemical substances were of a highly toxic nature, should only be used with highly specialized productive equipment, would have cumulative increase in its hazardous and toxic effect with prolonged use, and could be highly toxic when used in conjunction with other chemical substances which could be

reasonably expected to be used with it.

18. As a proximate result of the defect and exposure of Plaintiffs to the toxic chemical substances as hereinabove alleged, Plaintiffs are informed and believe that they have and will continue in the future to sustain, permanent injuries to their health, strength, and activity, sever shock to their nervous system, and were caused to suffer extreme physical and mental pain, all to their general damage in a sum within the jurisdiction of this Court.

19. As a further proximate result of the defect, as hereinabove alleged, and injuries sustained by Plaintiffs, and each of them, herein alleged, Plaintiffs were requires to, and did employ physicians, surgeons, and other medical personnel and incurred expenses therefor, and incurred additional medical expense for hospital bills and other incidental medical expenses, all to their further damage and Plaintiffs as hereinabove alleged, and injuries sustained by Plaintiffs as herein alleged, and injured sustained by Plaintiffs as herein alleges, Plaintiff will be requires to incur additional medical expense all to their further damage. Plaintiffs will seek leave of Court to amend this complaint to insert the true amount thereof when ascertained.

20. As a further proximate result of the defect as alleged, and injuries sustained by Plaintiffs as herein alleged, Plaintiffs were prevented from attending to their usual occupation. Plaintiffs were informed and believe, and

10

thereon allege that they will thereby be further prevented from attending to their usual occupation in the future and will thereby sustain future loss of earnings all to their further damage in an amount thereof when ascertained.

21. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, knew that the chemical substances were defective in manufacture, design, labeling, and warning, that the chemicals were toxic and poisonous, separately and in combination, and that they were nor safe for their intended use, as hereinabove alleged, and that knowing these facts, and without warning of these facts, in conscious disregard of the safety of Plaintiffs and other like situated, sold, distributes, and supplied the chemical substances, that Defendants, and each of them, by placing, selling distribution, and supplying the chemical substances knowing the manner in which they were to be used, implied, warranted, and represented that they were safe for the purpose for which they were intended, and intended the users of the product, including Plaintiffs, herein, to rely on said representation. Plaintiffs herein did so rely, all to their damage as hereinabove alleged. In doing the things aforementioned, Defendants, and each of them, were guilty of malice, oppression, and fraud, and each Plaintiff individually is entitled to receive exemplary damages in the sum of $5,000,000.00.

### THIRD CAUSE OF ACTION

11

(NEGLIGENCE AS TO ALL Defendants

22. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in Paragraphs 13 through 20 of the Second Cause of Action of the complaint as though fully set forth.

23. Defendants, and each of them, in acting as hereinabove alleged, were negligent in failing to discover and correct the defect alleges as to the chemical substances, in failing to warn or adequately warn and properly label the chemical substances and their containers so as to state their toxic nature and proper use and safeguards, and manufacturing, supplying, selling, and distributing the chemical substances knowing that they were defective and the chemical substances would be used in combination with other chemical substances, which in combination, could cause an undue risk of harm to those persons using the product.

24. As a proximate result of the negligence of Defendants, and each of them, as hereinabove alleges, Plaintiffs are informed and believe that they have, and will continue in the future to sustain permanent injuries to their health, strength, and activity, severe shock to their nervous system, and were caused to suffer extreme physical and mental pain, all to their general damage in a sum within the jurisdiction of this Court.

25. As a further proximate result of the negligence of Defendants, and each of them, as hereinabove alleged,

Plaintiffs, and each of them, were required to, and did employ physicians, surgeons, and other medical personnel and incurred expenses therefor, and incurred additional medical personnel and incurred additional medical expense for hospital bills and other incidental medical expenses, all to their further damage and Plaintiffs are informed and believe, and thereon allege, that as a proximate result of the negligence hereinabove alleged, and injuries sustained by Plaintiffs as herein alleges, Plaintiff will be required to incur additional medical expense all to their further damage. Plaintiffs will seek leave of Court to amend this complaint to insert the true amount thereof when ascertained.

26. As a further proximate result of the negligence of Defendants, and each of them, Plaintiffs were prevented from attending to their usual occupation. Plaintiffs are informed and believe, and thereon allege that they will thereby be further prevented from attending to their usual occupation in the future and will thereby sustain future loss of earnings all to their further damage in an amount not yet ascertained. Plaintiffs will seek leave of Court to amend this complaint to insert the true amount thereof when ascertained.

WHEREFORE, Plaintiffs, and each of them, pray for judgment as follows:

ON THE FIRST CAUSE OF ACTION:

1. For general damages and damages for pain and suffering according to proof;

2. For damages for past and future medical expenses according to proof;

3. For interest on the above sums from and after January 2, 1986;

4. For exemplary damages in the sum of $50,000,000.00;

ON THE SECOND CAUSE OF ACTION:

5. For general and special damages according to proof;

6. For punitive damages in the sum of $5,000,000.00 for each Plaintiff herein;

ON THE THIRD CAUSE OF ACTION:

7. For general and special damages according to proof;

ON ALL CAUSES OF ACTION:

8. For costs of suit incurred herein;

9. For such other and further relief as the Court may deem just and proper.

Dated:                        TIMOTHY A. LARSON
A Law Corporation


By_____
   TIMOTHY A. LARSON
   Attorney for Plaintiffs