EXHIBIT 5

1  LAW OFFICES OF JEFFREY C. McINTYRE
   JEFFREY C. McINTYRE, Bar No. 62088
2  5000 North Parkway Calabasas, Suite 220
   Calabasas, California 91302
3  Telephone: (818) 222-2391
   FAX: (818) 591-9159
4
5  Attorney for Plaintiffs
6
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF LOS ANGELES
10
11 ROBERT ANZURES; GORDON MARK    )  Case No.: VC035337
   ATER, EXECUTOR OF THE WILL OF  )
12 GORDON ATER; IRMA BACHUS-      )  COMPLAINT
   POMERVILLE; TARA BECNEL AND    )
13 ROXANN BECNEL, SUCCESSORS IN   )  1.  Breach of Fiduciary Duty
   INTEREST OF KATHERINE BECNEL,  )  2.  Fraud
14 DECEASED; ROGER BELL, JR.;     )  3.  Conversion
   JOSEPH BRYANT; SANDRA BUSTOS-  )  4.  Accounting
15 ESCAMILLA; EGBERT CAREY;       )  5.  Constructive Trust
   MICHAEL CARMONA; BENNY COLON;  )  6.  Money Had and Received
16 RALPH COMAS; DOMINGO CORDERO;  )  7.  Negligence
   DWAYNE DANIELS; MARY DIXON;    )  8.  Unjust Enrichment
17 GORDON DOUGLAS; EARZ DUDLEY,   )  9.  Declaratory Relief
   JR.; SHIRLEY EDWARDS; ANGEL    )
18 ESTRADA; LILLIAN EVANS, RYAN   )
   EVANS AND LESLIE EVANS,        )
19 SUCCESSORS IN INTEREST OF ROY  )
   EVANS, DECEASED; MARK FRIEND;  )
20 JOHNNY GARCIA; MARK GILLASPIE; )
   CLYDE GLASSER; TIMOTHY GOLDEN; )
21 GERALD GRIFFIN; SHIRLEY HAWS;  )
   JOSE HERNANDEZ; STEVEN         )
22 HENDERSON; LUCILLE HOWARD AND  )
   ARCHIE HOWARD, JR., SUCCESSORS )
23 IN INTEREST OF ARCHIE HOWARD,  )
   DECEASED; FLOYD D. IVIE;       )
24 THEODORE JENSON; RIGOBERTO     )
   JIMENEZ; LUIS J. LARA; EDWARD  )
25 MAJOR; HANS MAURICE; GLORIA    )
   MATHER; MIKE MCKINNEY; JEANNINE)
26 MILBAUER-KINCHELOE; EDWARD     )
   MINJARES; AGIN MUWWAKKIL; LINDA)
27 NORRIS; ROBERT OROZCO, JR.;    )
   ROBERT OROZCO, SR.; RAYMOND    )
28 OSUNA; RICHARD PEDROZA; WILLIAM )



FILED
LOS ANGELES SUPERIOR COURT

OCT 3 - 2001

JOHN A. CLARKE, CLERK
BY M. ROBALES, DEPUTY

SUMMONS ISSUED

CIT/CASE: VC035337 LEA/DEF#:
RECEIPT #: NOR24453901L6
DATE PAID: 10/03/01 10:11:18 AM
PAYMENT: $194.00
RECEIVED:
        CHECK:
        CASH:
        CHANGE:        194.00
        CARD:          0310

1

1  PHEN, JR.; HAROLD PLEASANT;               )
   GAIL RAND; STEVEN RASCHER;                )
2  MATHEW RIVERA; JOHN ROBINSON;             )
   DON ROGERS; LOURDES SALGADO;              )
3  ALBERT SALGUEIRO; ROBERT                  )
   SANCHEZ, EXECUTOR OF THE WILL             )
4  OF BENJAMIN SANCHEZ; LINDA                )
   SANTIAGO; JOHN SCHLEGEL;                  )
5  MICHAEL ALAN SCOTT; MANUEL                )
   SERVIN; EDWARD A. TAYLOR;                 )
6  TERESA SHOVALD-OLSON; RICKEY L.           )
   SMITH; WILLIAM SNYDER; GARY               )
7  THOMAS; KENNETH THOMAS; HAROLD            )
   TRIMBLE; MICHAEL VESCO; SUSIE             )
8  A. VILLEGAS; RENATO VITAGLIANO;           )
   LINDA FAYE WALKER; PAUL WALKER;           )
9  KENNETH WALLACE; LLOYD L.                 )
   WHITE; VIRGIL WHITESIDE; ALAN             )
10 WILSON; BRENDA WILSON-DYKE;               )
   EMMETT WILSON; MARIO CAESAR               )
11 ZAPATA,                                   )
                                             )
12              Plaintiffs,                  )
                                             )
13      vs.                                  )
                                             )
14                                           )
   GIRARDI & KEESE; THOMAS V.                )
15 GIRARDI; and DOES 1 through 50,           )
   inclusive,                                )
16                                           )
                Defendants.                  )
17 _____  )

18

19      Plaintiffs allege:

20      1.  Plaintiffs are either plaintiffs in the underlying

21 Lockheed toxic tort cases as set forth more fully below or are

22 duly authorized representatives or successors in interest of

23 deceased parties to said actions.

24      2.  Plaintiffs are informed and believe and thereon allege

25 that defendant Girardi & Keese is a law firm solely owned by

26 defendant Thomas V. Girardi.  Plaintiffs are informed and believe

27 and thereon allege that Thomas V. Girardi is an attorney duly

28 licensed to practice law in the state of California.  (Defendants

                              2

Girardi & Keese and Thomas V. Girardi are collectively referred to as "Girardi.")

3. The true names and capacities of the defendants named herein as Does 1 through 50, inclusive, are unknown to plaintiffs who therefore sue such defendants by fictitious names pursuant to Code of Civil Procedure § 474. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiffs' damages herein alleged were proximately caused by those defendants. Plaintiffs will seek permission of this court to amend this complaint to show such true names and capacities when they have been determined. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant shall include reference to all defendants, including fictitiously named defendants.

4. Plaintiffs are informed and believe and thereon allege that each of the defendants herein was, at all times relevant hereto, the agent, employee or representative of the remaining defendants and was acting, at least in part, within the course and scope of such relationship, and that the acts of each of the defendants herein were ratified by the remaining defendants.

5. Commencing in or about 1986 a total of four lawsuits were filed in Los Angeles County Superior Court by The Law Offices of Timothy A. Larson ("Larson") and two lawsuits were filed by the Law Offices of Jeffrey C. McIntyre ("McIntyre"), all on behalf of current or former employees of Lockheed Corporation and its affiliates ("Lockheed"). McIntyre associated in as attorney on those suits initially filed by Larson. (The six

1   lawsuits mentioned above are referred to as the "McIntyre
2   Lawsuits." The plaintiffs in said lawsuits are at times
3   collectively referred to as the "McIntyre Plaintiffs.") The
4   McIntyre Lawsuits, filed on behalf of a total of approximately 80
5   plaintiffs, sought recovery from Lockheed and other defendants
6   for damages for exposure to toxic chemicals. The plaintiffs
7   herein, either individually or by their representatives for those
8   who are deceased, were and are plaintiffs in the underlying
9   McIntyre Lawsuits.

10          6.  In or after 1986 Larson also filed a substantial number
11   of other lawsuits similar to the McIntyre Lawsuits. These
12   lawsuits were filed on behalf of approximately 525 other current
13   or former employees of Lockheed and, like the McIntyre Lawsuits,
14   sought recovery for wrongful exposure to toxic chemicals. In or
15   about 1991 Girardi associated in as counsel of record in said
16   other lawsuits involving the approximately 525 other plaintiffs.
17   (Said lawsuits are hereinafter referred to as the "Girardi
18   Lawsuits," and the plaintiffs therein are referred to as the
19   "Girardi Plaintiffs." The Girardi Plaintiffs are not parties to
20   this lawsuit.)

21          7.  At or about the time Girardi associated in on the
22   Girardi Lawsuits, the McIntyre Lawsuits and the Girardi Lawsuits
23   were consolidated for trial in Los Angeles and together are known
24   as the "Lockheed Litigation Cases," Judicial Council Coordination
25   Proceeding No. 2967. By agreement amongst counsel Girardi acted
26   as lead trial counsel for the Lockheed Litigation Cases.

27          8.  Between approximately 1992 and 2001, subsequent to
28   consolidation, settlements were reached in the Lockheed

Litigation Cases with a total of 28 defendants in said cases. The settlements were for a total of approximately $130 million. The settlements were either fixed amounts for each underlying plaintiff, with each plaintiff due the same amount, or lump sum payments for all underlying plaintiffs, with the amount not broken down for each individual plaintiff, with provision for allocation.

9.   All settlement funds except those discussed below were received directly by defendants herein, who controlled all disbursements.   On all occasions on which defendants received settlement funds defendants knew that a proportional share of the funds belonged to and was the property of the McIntyre Plaintiffs.   Certain sums are currently being held by certain settling defendants (hereinafter "Unconsummated Settlements"). The appropriate distribution of the Unconsummated Settlements funds is still in negotiation, though defendants herein have taken a portion of said funds without the knowledge or consent of the McIntyre Plaintiffs or the settling defendants and in contravention of the agreement amongst all parties regarding the disbursement of said funds.

## FIRST CAUSE OF ACTION

### (Breach of Fiduciary Duty Against All Defendants)

10.   Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 9.

11.   At all relevant times defendants agreed to and did hold as trustees for the McIntyre Plaintiffs their settlement proceeds received by defendants.   Further, at all relevant times defendants were attorneys of record on various cases consolidated

1   with the McIntyre Lawsuits, defendants worked closely with

2   McIntyre on the Lockheed Litigation Cases, the Girardi Plaintiffs

3   were aligned with the McIntyre Plaintiffs and the McIntyre

4   Plaintiffs shared confidential information with defendants and

5   vice versa.

6       12.   As part of defendants' agreement and obligations as

7   trustees, defendants were required, among other things, to

8   promptly disburse to the McIntyre Plaintiffs and to their counsel

9   their portion of the settlement proceeds, to promptly provide a

10  complete and accurate accounting to said plaintiffs of all funds

11  received and disbursements made and to disburse as costs only

12  those expenses properly and reasonably incurred in the Lockheed

13  Litigation Cases.

14      13.   Defendants, and each of them, knowingly and

15  intentionally breached their fiduciary duties owed to the

16  McIntyre Plaintiffs by, among other actions or inactions:

17          (a)  Failing and refusing, and continuing to fail and

18  refuse, to promptly disburse to said plaintiffs or their counsel

19  said plaintiffs' proportional share of the settlements;

20          (b)  Failing and refusing, and continuing to fail and

21  refuse, to reach agreement and to allow disbursements to or on

22  behalf of said plaintiffs from the Unconsummated Settlements;

23          (c)  Taking funds from the Unconsummated Settlements

24  without the knowledge and consent of said plaintiffs;

25          (d)  Failing and refusing, and continuing to fail and

26  refuse, to provide a prompt and complete accounting of all

27  settlement funds received and disbursed;

28  ///

(e)  Disbursing said plaintiffs' funds to defendants without said plaintiffs' knowledge and consent;

(f)  Disbursing said plaintiffs' funds to third parties without said plaintiffs' knowledge and consent;

(g)  Disbursing and/or utilizing said plaintiffs' funds for defendants' own individual interests without said plaintiffs' knowledge and consent;

(h)  Disbursing and/or withholding from distribution to said plaintiffs as costs amounts and/or items not properly chargeable as costs;

(i)  Not maintaining said plaintiffs' funds in interest bearing trust accounts;

(j)  Failing to deal honestly and loyally with said plaintiffs;

(k)  Misrepresenting and/or concealing from said plaintiffs the status of settlements; and

(l)  Managing said plaintiffs' funds in a way to maximize profits for defendants at the expense of said plaintiffs.

14.  As a proximate result of defendants' breaches of fiduciary duty said plaintiffs have been deprived of settlement proceeds to which they were entitled, with lost profits and interest thereon, as well as other proximate, reasonable and foreseeable damages, all in an amount according to proof.

15.  As a further proximate result of defendants' breaches of fiduciary duty, which are continuing to date, plaintiffs have suffered and continue to suffer mental and emotional distress, in an amount according to proof.

16. The conduct of defendants was and continues to be malicious, fraudulent and oppressive, undertaken with the intent of injuring plaintiffs and with a conscious disregard of plaintiffs' rights. Said conduct was despicable in nature and subjected plaintiffs to cruel and unjust hardship. Plaintiffs are thus entitled to punitive damages in an amount according to proof.

## SECOND CAUSE OF ACTION

### (Fraud Against All Defendants)

17. Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 9 and 11 through 13.

18. Subsequent to receiving settlement funds on behalf of the McIntyre Plaintiffs, defendants made the following representations to said plaintiffs on the dates set forth:

(a) On several occasions commencing in or about 1994 and continuing thereafter, including but not limited to in or about July 2000, defendants represented that they were only keeping one-third of recoveries as attorney's fees;

(b) On several occasions commencing in or about 1997 and continuing thereafter, including but not limited to in or about September 1998 and April 1999, defendants represented that certain settlements (hereafter the "1997 Settlements") could not be disbursed until judgments entered after trials of the second and third groups in the Lockheed Litigation Cases were final and that once said judgments were final, the money would be disbursed; and

///

(c)   On several occasions commencing in or about 1992 and continuing thereafter, including but not limited to in or about December 1997, February 1998, July 1998 and December 2000, defendants represented that they were paying said plaintiffs what was due them and that the amounts defendants were taking as attorney's fees and costs were proper.

19.   The representations made by defendants were in fact false.   The true facts were that the attorneys were entitled to forty percent of the amounts recovered and that defendants were in fact intending to and did take at least 40% of almost every settlement; that the disbursement of settlement funds was not contingent on the finality of judgments as to Groups 1 and 2 and that defendants never intended to distribute the 1997 Settlements even when the judgments became final in 1999 or at any time thereafter; and that defendants have not paid said plaintiffs the amounts to which they were entitled and defendants have taken from settlement funds fees and costs to which they were not entitled.

20.   When defendants made these representations they knew them to be false, made the representations without any intent to perform and made said representations with the intention to deceive and defraud the McIntyre Plaintiffs and to induce said plaintiffs to act in reliance on said representations in the manner hereafter alleged, or with the expectation that said plaintiffs would so act.

21.   Plaintiffs, at the time these representations were made by defendants and at the time plaintiffs took the actions herein alleged, were ignorant of the falsity of defendants'

9

representations and believed them to be true. In reliance on these representations plaintiffs were induced to and did continue to allow defendants to handle plaintiffs' funds, make and control disbursements and forego further action. Had plaintiffs known the true facts they would not have consented to defendants' receipt of any of their funds, and said plaintiffs would have sought and received full, timely and proper disbursement of all of their funds that defendants had obtained. Plaintiffs' reliance on defendants' representations was reasonable under the circumstances in this case.

22.  As a proximate result of defendants' fraudulent conduct said plaintiffs have been deprived of settlement proceeds to which they were entitled, with lost profits and interest thereon, as well as other proximate, reasonable and foreseeable damages, all in an amount according to proof.

23.  The conduct of defendants was malicious, fraudulent and oppressive, undertaken with the intent of injuring plaintiffs and with a conscious disregard of plaintiffs' rights. Said conduct was despicable in nature and subjected plaintiffs to cruel and unjust hardship. Plaintiffs are thus entitled to punitive damages in an amount according to proof.

### THIRD CAUSE OF ACTION

#### (Conversion Against All Defendants)

24.  Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 9, 11 and 12.

25.  At all relevant times defendants knew that the McIntyre Plaintiffs were entitled to a prompt distribution of their

COMPLAINT

1  settlement funds, that defendants could not withhold from the

2  McIntyre Plaintiffs, or make disbursements from the McIntyre

3  Plaintiffs' funds, sums for costs or fees not reasonably or

4  properly incurred in said litigation, and that defendants could

5  not disburse funds from the Unconsummated Settlements without the

6  McIntyre Plaintiffs' knowledge and consent.

7       26.  Subsequent to receiving settlement funds defendants

8  failed and refused to disburse all such funds to or on behalf of

9  the McIntyre Plaintiffs to which they were entitled.  Instead,

10  defendants have disbursed funds in a piecemeal and delayed manner

11  over the years, representing to said plaintiffs that additional

12  disbursements would be made but failing to do so, and defendants

13  converted to their own use funds due the McIntyre Plaintiffs in

14  an amount which plaintiffs are informed and believe exceeds

15  $6,000,000, the full amount of which will be shown according to

16  proof.  Said plaintiffs have demanded the immediate return of all

17  funds, but defendants have failed and refused, and continue to

18  fail and refuse, to turn over to said plaintiffs said funds or

19  the interest that defendants have earned on said funds.

20       27.  In addition, with respect to those funds from the

21  Unconsummated Settlements that defendants did not convert, as a

22  result of the refusal by defendants herein to give consent to

23  disbursements to the McIntyre Plaintiffs, said plaintiffs have

24  been deprived of their proportionate share of said settlement and

25  the interest thereon, which conduct also constitutes conversion.

26       28.  As a proximate result of said conduct plaintiffs have

27  been deprived of settlement proceeds to which they were entitled,

28  with lost profits and interest thereon, as well as other

1   proximate, reasonable and foreseeable damages, all in an amount

2   according to proof.

3       29.   Between the time of defendants' conversion of the above

4   mentioned property to their own use and the filing of this action

5   plaintiffs have expended time and money in pursuit of the

6   converted property, all in an amount according to proof.

7       30.   The conduct of defendants was and continues to be

8   malicious, fraudulent and oppressive, undertaken with the intent

9   of injuring plaintiffs and with a conscious disregard of

10   plaintiffs' rights.   Said conduct was despicable in nature and

11   subjected plaintiffs to cruel and unjust hardship.   Plaintiffs

12   are thus entitled to punitive damages in an amount according to

13   proof.

## FOURTH CAUSE OF ACTION

### (Accounting Against All Defendants)

16       31.   Plaintiffs reallege and incorporate herein by this

17   reference the allegations set forth in paragraphs 1 through 28.

18       32.   In and after 1992 and to the present defendants herein

19   have received settlement proceeds from various defendants in the

20   Lockheed Litigation Cases and interest on said funds, a portion

21   of which is due said plaintiffs, and have made various

22   disbursements from said proceeds.

23       33.   Plaintiffs are not aware of the exact amount of money

24   received by defendants or when said money was received, nor are

25   they aware of all disbursements or the reasons therefor.   The

26   exact amount of money due from defendants to plaintiffs is

27   unknown to plaintiffs and cannot be ascertained without an

28   accounting of the receipts and disbursements.   Although

1   defendants provided an incomplete, misleading and unsubstantiated

2   partial accounting, defendants have failed and refused to provide

3   appropriate information or otherwise complete the accounting.

4       34.   Plaintiffs have demanded an accounting of the receipts

5   and disbursements and payment of the amounts due plaintiffs, but

6   a full and complete accounting has not been provided, nor have

7   plaintiffs been fully paid all sums due them.

8   **FIFTH CAUSE OF ACTION**

9   (Imposition of a Constructive Trust

10  Against All Defendants)

11      35.   Plaintiffs reallege and incorporate herein by this

12  reference the allegations set forth in paragraphs 1 through 34.

13      36.   At all relevant times herein a confidential

14  relationship existed between plaintiffs herein and defendants in

15  that, among other things, defendants agreed to hold settlement

16  proceeds in trust for said plaintiffs, defendants were attorneys

17  of record on various cases consolidated with the McIntyre

18  Lawsuits, defendants worked closely with McIntyre on the Lockheed

19  Litigation Cases, the Girardi Plaintiffs were aligned with the

20  McIntyre Plaintiffs, the McIntyre Plaintiffs shared confidential

21  information with defendants and vice versa and the McIntyre

22  Plaintiffs provided all of the discovery materials they obtained

23  to the Girardi Plaintiffs.

24      37.   At all relevant times said plaintiffs believed in the

25  integrity of defendants and reposed absolute trust and confidence

26  in them.

27      38.   Defendants were obligated to promptly disburse to and

28  on behalf of the McIntyre Plaintiffs said plaintiffs' portion of

13

1    the settlement funds received by defendants.  Although on several

2    occasions said plaintiffs have demanded an accounting of the

3    monies received by defendants and payment of the monies due them,

4    defendants have failed and refused, and continue to fail and

5    refuse, to render a proper accounting and to pay to said

6    plaintiffs the amounts owed them.

7         39.  By virtue of defendants' violation of the relationship

8    of trust and confidence then existing between said plaintiffs and

9    defendants, defendants hold plaintiffs' settlement proceeds as a

10   constructive trustee for plaintiffs' benefit.

## SIXTH CAUSE OF ACTION

(Money Had and Received

Against All Defendants)

14        40.  Plaintiffs reallege and incorporate herein by this

15   reference the allegations set forth in paragraphs 1 through 9.

16        41.  Within the last four years defendants became indebted

17   to plaintiffs in an amount according to proof but believed to be

18   in excess of $6,000,000, for money had and received by said

19   defendants for the use and benefit of the McIntyre Plaintiffs.

20        42.  Plaintiffs have repeatedly demanded payment from

21   defendants, the most recent occasion occurring within one year.

22        43.  Defendants have not paid plaintiffs the amount owed,

23   leaving a balance due in an amount according to proof but

24   believed to be in excess of $6,000,000, with interest thereon.

25   ///

26   ///

27   ///

28   ///

## SEVENTH CAUSE OF ACTION

### (Negligence Against All Defendants)

44. Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 9, 11, 12, 25 and 36 through 38.

45. As a result of the foregoing defendants owed plaintiffs a duty to act reasonably towards plaintiffs.

46. Defendants, and each of them, negligently and carelessly breached their duty to the McIntyre Plaintiffs in that, among other actions or inactions:

(a) Defendants failed and refused, and continue to fail and refuse, to promptly disburse to said plaintiffs or their counsel said plaintiffs' proportional share of the settlements;

(b) Defendants failed and refused, and continue to fail and refuse, to reach agreement and to allow disbursements to or on behalf of said plaintiffs from the Unconsummated Settlements;

(c) Defendants disbursed funds from the Unconsummated Settlements without the knowledge and consent of said plaintiffs;

(d) Defendants failed and refused, and continue to fail and refuse, to provide a prompt and complete accounting of all settlement funds received and disbursed;

(e) Defendants disbursed said plaintiffs' funds to defendants without said plaintiffs' knowledge and consent;

(f) Defendants disbursed said plaintiffs' funds to third parties not authorized to receive such funds without said plaintiffs' knowledge and consent;

///

15

(g)  Defendants disbursed and/or utilized said plaintiffs' funds for defendants' own individual interests without plaintiffs' knowledge and consent;

(h)  Defendants disbursed and withheld from distribution to said plaintiffs as costs amounts and/or items not properly chargeable as costs;

(i)  Defendants failed to maintain said plaintiffs' funds in interest bearing trust accounts;

(j)  Defendants failed to deal honestly and loyally with said plaintiffs;

(k)  Defendants failed to fully disclose to plaintiffs the status of settlements and the payments thereof; and

(l)  Defendants failed to manage said plaintiffs' funds in a way to secure the interests of plaintiffs.

47.  As a proximate result of defendants' conduct said plaintiffs have been deprived of settlement proceeds to which they were entitled, with lost profits and interest thereon, as well as other proximate, reasonable and foreseeable damages, all in an amount according to proof.

48.  As a further proximate result of defendants' conduct plaintiffs have suffered and continue to suffer mental and emotional distress, in an amount according to proof.

## EIGHTH CAUSE OF ACTION

### (Unjust Enrichment Against All Defendants)

49.  Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 9, 11 through 16, 18 through 23, 25 through 30, 36 through 39 and 45 through 47.

16

50. As a result of the wrongful and improper retention, taking and using of plaintiffs' settlement proceeds, defendants have received and utilized funds for their own purposes that they would not otherwise have been able to do but for their wrongful and improper conduct.

51. By reason of the foregoing, defendants have been unjustly enriched at the expense of and to the detriment of plaintiffs, who have been damaged in that, among other things, they have been deprived of settlement proceeds to which they were entitled, with lost profits and interest thereon, as well as other proximate, reasonable and foreseeable damages, all in an amount according to proof.

<u>NINTH CAUSE OF ACTION</u>

(Declaratory Relief Against All Defendants)

52. Plaintiffs reallege and incorporate herein by this reference the allegations set forth in paragraphs 1 through 9.

53. An actual controversy has arisen and now exists between plaintiffs and defendants concerning their respective rights and duties in that plaintiffs contend that their full share of the settlement proceeds currently being held by settling defendants should be disbursed at this time, while defendants dispute this and have refused to cooperate in releasing the funds.

54. Plaintiffs desire a judicial determination of their rights and duties and a declaration as to the amount and their entitlement to the funds at this time.

55. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiffs may

///

COMPLAINT

1   ascertain their rights and duties with respect to the settlement

2   funds held in escrow.

3         WHEREFORE, plaintiffs request relief as follows:

4         1.   For compensatory damages, plus interest thereon,

5   according to proof;

6         2.   For damages for the proximate and foreseeable loss

7   resulting from defendants' conversion, according to proof;

8         3.   For damages for time and money properly expended in

9   pursuit of the converted property, according to proof;

10        4.   For general damages, according to proof;

11        5.   For an order declaring that defendants hold plaintiffs'

12  interest in the settlement proceeds received by defendants in

13  trust;

14        6.   For an order compelling defendants to convey to

15  plaintiffs their portion of the settlement funds obtained by

16  defendants;

17        7.   For an accounting of all receipts of and disbursements

18  from settlement funds received by defendants;

19        8.   For a declaration of plaintiffs' rights in the

20  settlement funds being held by settling defendants and an

21  injunction ordering defendants herein to take all actions

22  necessary to cause disbursement of said funds;

23        9.   For punitive damages, according to proof; and

24        10.  For such further relief as the court deems just and

25  proper.

26  DATED:  October 2, 2001          LAW OFFICES OF JEFFREY C. McINTYRE

27                                   By: _____
                                         JEFFREY C. McINTYRE
28                                       Attorney for Plaintiffs

18

COMPLAINT