1
2
3
4
5
6
7
8
9

PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Fax:          (818) 883-4902
Email:        peter@dion-kindemlaw.com

Attorneys for Plaintiff Paul Kranich

10

11

12

13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

14
15
16
17
18
19
20
21

Paul Kranich,

     Plaintiff,

     vs.

Thomas V. Girardi, Robert Finnerty,
Girardi – Keese, and Does 1 through 100,

     Defendants.

Case No. 2-16-CV-01209-CAS-E

**Plaintiff's Memorandum of Points
and Authorities in Opposition to
Defendants' Motion to Dismiss and
to Strike**

**Date:**    **May 2, 2016**
**Time:**    **10:00 a.m.**
**Crtrm: 5 - 2d Floor**

22
23
24
25
26
27
28

**Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to
Dismiss**

# Table of Contents

I.  The Court should disqualify itself based on her husband's involvement with Defendants in other cases. ........................................................................................... 1

II.  Plaintiff has adequately alleged Defendants' fraudulent concealment of their misappropriation of the settlement funds they received in trust for Plaintiff. ....... 1

III.  Plaintiff's fraud-based claims are not barred by Code of Civil Procedure Section 340.6 because Section 340.6 by its terms does not apply to claims involving "actual fraud." ............................................................................................................ 3

    A.  Because Plaintiff has alleged Defendants "actual fraud," Section 340.6 does not apply. ............................................................................................. 3

    B.  The statute of limitations set forth in Probate Code Section 16460 applies to Plaintiff's fraud-based claims. ................................................................. 3

    C.  Even if Section 340.6 is deemed to apply, Plaintiff's claims are not barred thereunder. ............................................................................................... 5

        1.  Plaintiff has alleged sufficient facts establishing that he did not discover Defendants' wrongful conduct more than one year before the complaint was filed. ................................................... 6

        2.  Because Defendants willfully concealed their wrongful acts, the four-year period of Section 340.6 was tolled by Defendants' continuous representation /or Defendants' willful concealment. ............................................................................. 7

IV.  Defendants have not demonstrated that Plaintiff's fraud-based claims are time-barred under Section 16460. .................................................................................. 8

    A.  Because Defendants never provided a written accounting to Plaintiff, subdivision (a) of Section 16460 does not apply. ........................................ 8

    B.  Plaintiff's fraud claims are not barred by subdivision (b) of Section 16460. .................................................................................................... 9

        1.  Because Defendants were Plaintiff's fiduciaries, the statute of limitations did not begin to run until Plaintiff had knowledge of the wrongful conduct. ................................................................ 9

2.     The fact that Defendants only provided Plaintiff with "net" checks and did not provide Plaintiff with an accounting did not put Plaintiff on "inquiry" notice that Defendants had misappropriated settlement funds. ............................................11

3.     The fact that summary judgment was entered against Plaintiff in the underlying action has no relevance to Plaintiff's claims against Defendants for their wrongful conduct in the handling of the settlement proceeds.........................................................11

4.     The fact Defendants had been sued by other Lockheed Plaintiffs in the *Anzures* action does not mean that the statute of limitations began to run as to Plaintiff's claims when the *Anzures* action was filed. ..........................................13

5.     Larson's purported knowledge of claims against Defendants cannot be imputed to Plaintiff because Larsen never represented Plaintiff in connection with the pursuit of Plaintiff's claims against Defendants. ....................................................15

6.     Even if Plaintiff were on "inquiry notice," there are no facts demonstrating that a reasonable "inquiry" would have revealed Defendants' misappropriation.................................................16

7.     The matters of which Defendants have requested the Court to take judicial notice do not establish as a matter of law that Plaintiff was aware of Defendants' fraudulent conduct more than three years before Plaintiff filed this action.......................16

8.     At a minimum, the issue of Plaintiff's knowledge or imputed knowledge is an issue of fact not properly resolved on the pleadings. .................................................................17

V.     Plaintiff's RICO claims are not time-barred. ...................................... 17

VI.    There is no statute of limitations applicable to Plaintiff's claim for an accounting........................................................................................ 18

       A.    Under common law, no statute of limitations bars a beneficiary of a trust from seeking an accounting........................................................ 18

       B.    Probate Code Section 16060 obligates trustees, such as Defendants, to

**Plaintiff's Opposition Memorandum re Defendants' Motion to Dismiss**

account to their beneficiaries when requested and contains no statute of limitations on a trustee's duty to account.................................................... 18

    C.    Business & Professions Code Section 6091 specifically obligates attorney-trustees to account for trust funds and contains no limitations period on such duty.................................................................................................... 19

VII. Defendants' reliance on the *Britton v. Girardi* is unavailing because the underlying facts and allegations in that case are different. .................................. 21

VIII. Plaintiff has adequately pled his RICO claims.................................................... 22

IX.   Plaintiff has sufficiently alleged a claim under Penal Code Section 496............. 23

X.    Plaintiff's claim for the remedy of restitution based on Defendants' unjust enrichment based on their fraud is a cognizable claim under California law. ...... 23

XI.   Plaintiff's Third claim for conspiracy under RICO is not redundant.................... 24

XII. Paragraph 14 should not be stricken..................................................................... 24

XIII. Conclusion. ........................................................................................................... 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>Table of Authorities</u>

### <u>Cases</u>

*Agency Holding Corp. v. Malley-Duff & Associates, Inc.* (1987) 483 U.S. 143, 156 [107 S.Ct. 2759, 2767, 97 L.Ed.2d 121]..................................................................17

*Alton v. Rogers* (1954) 127 Cal.App.2d 667 [274 P.2d 487].........................................3

*Britton v. Girardi* (2015) 235 Cal.App.4th 721 [185 Cal.Rptr.3d 509], *reh'g denied (Apr. 23, 2015), review denied (June 17, 2015)* ......................................................21

*Compton v. Ide,* 732 F.2d 1429, 1433 (9th Cir.1984) ....................................................17

*Cowden v. Kress* (1962) 202 Cal.App.2d 1, 7 [20 Cal.Rptr. 560, 564] ........................14

*Crofoot v. Blair Holdings Corp.*, 119 Cal.App.2d 156 ................................................16

*Day v. Rosenthal* (1985) 170 Cal.App.3d 1125, 1159 [217 Cal.Rptr. 89, 104]............3

*Elizalde v. Murphy* (1912) 163 Cal. 681 ......................................................................18

*Estate of Shay* (1925) 196 Cal. 355, 365 ......................................................................9

*Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 448 [122 Cal.Rptr.3d 73, 83].......................................................................................15

*Grisham v. Philip Morris USA, Inc* (2007) 40 Cal.4th 623 .........................................10

*Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925 .......................................................12

*Hambrick v. Healthcare Partners Medical Group, Inc.* (2015) 238 Cal.App.4th 124, 162 [189 Cal.Rptr.3d 31, 60], *reh'g denied (June 17, 2015), review denied (Sept. 30, 2015)* ......................................................................................................1

*Herdan v. Hanson*, 182 Cal. 538 ..................................................................................15

*Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412 .....................................................17

*Hobart v. Hobart Estate Co. (1945) 26 Cal.2d 412, 438 [159 P.2d 958]* ...................10

*Hobbs v. Bateman Eichler, Hill Richards, Inc.* (1985) 164 Cal.App.3d 174 ..............10

*In re Clary's Estate* (1928) 203 Cal. 335 .....................................................................18

*J. A. Eck Co. v. Coachella Valley O. G. Assn.*, 102 Cal.App. 1 .................................... 15

*Jackson v. Rogers & Wells* (1989) 210 Cal.App.3d 336, 343 [258 Cal.Rptr. 454] ....... 3

*Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 728 [91 Cal.Rptr.2d 881, 884] ............................................................................................................... 24

*Levin v. Graham & James* (1995) 37 Cal.App.4th 798, 805-06 [44 Cal.Rptr.2d 69] ...6

*Los Angeles Inv. Co. v. Home Sav. Bank*, 180 Cal. 601 ................................................ 15

*MacMullan v. Kelly* (1912) 19 Cal.App. 700 .............................................................. 18

Mayes v. Leipziger (9th Cir. 1984) 729 F.2d 605, 607 ................................................ 25

*Miller v. Bechtel Corp.* (1983) 33 Cal.3d 868 [191 Cal.Rptr. 619, 663 P.2d 177]...... 16

*Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 188-89 [98 Cal.Rptr. 837, 844-45, 491 P.2d 421, 428-29] ...................................................... 1, 3

*Prakashpalan v. Engstrom, Lipscomb and Lack* (2014) 223 Cal.App.4th 1105 ...4, 5, 8

*Prudential Home Mortgage Co. v. Superior Court* (1998) 66 Cal.App.4th 1236, 1248 [78 Cal.Rptr.2d 566, 572-73] ........................................................................... 13

*Redman v. Walters* (1979) 88 Cal.App.3d 448, 454 [152 Cal.Rptr. 42, 45] ............... 16

*Salter v. Lerner* (2009) 176 Cal.App.4th 1184 .......................................................... 18

*Schneider v. Union Oil Co.* (1970) 6 Cal.App.3d 987, 994 [86 Cal.Rptr. 315] ............. 9

*Sears v. Rule* (1945) 27 Cal.2d 131, 148 [163 P.2d 443] ............................................. 6

*Sherman v. Lloyd* (1986) 181 Cal.App.3d 693, 698 ........................................... 6, 9, 10

*Stafford v. Schultz* (1954) 42 Cal.2d 767, 777 ............................................................. 9

*Stitt v. Williams,* 919 F.2d 516, 525 (9th Cir.1990) ..................................................... 17

*Strauss v. Superior Court In and For Los Angeles County* (1950) 36 Cal.2d 396 ...... 18

*Thompson v. Williams*, 190 Cal.App.2d 56 .................................................................. 15

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596 [83 Cal.Rptr. 418, 463 P.2d 770] ............................................................................. 9

*United States v. Condolon,* 600 F.2d 7 ................................................. 22

*United States v. Murr,* 681 F.2d 246 .................................................. 22

*Vai v. Bank of America National Trust & Savings Ass'n* (1961) 56 Cal.2d 329 ........... 5

*Virden v. Graphics One,* 623 F.Supp. 1417 (C.D.Cal.1985) ................................ 22, 23

*Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1415 (9th Cir.1987) ......................... 17

## **Statutes**

18 U.S.C. §§ 1341 ....................................................................... 22

18 U.S.C. §§1343 ........................................................................ 22

18, United Sates Code, section 1962(c) ................................................. 24

18, United States Code, section 1962(d) ................................................ 24

California Business & Professions Code Section 6091 .................................... 19

California Penal Code section 484 ...................................................... 23

Civil Code Section 1707 ................................................................. 1

Code of Civil Procedure Section 340.6 ................................................. 3, 7

Probate Code Section 16060 .......................................................... 18, 19

Probate Code Section 16061 ............................................................. 18

Probate Code Section 16460 ............................................................ 8, 9

## **Rules**

Rules of Professional Conduct, Rule 4-100(B)(3) ...................................... 19, 20

## I.   THE COURT SHOULD DISQUALIFY ITSELF BASED ON HER HUSBAND'S INVOLVEMENT WITH DEFENDANTS IN OTHER CASES.

As is set forth in the accompanying Declaration of Peter R. Dion-Kindem, Judge Snyder is believed to be married to Marc M. Selzer, an attorney at Susman Godfrey, LLP, who has been or currently is co-counsel with Defendants on many federal cases, and possibly other state cases. Given this relationship, Plaintiff requests that the Court recuse itself from this case for the reasons set forth in Mr. Dion-Kindem's Declaration.

## II.   PLAINTIFF HAS ADEQUATELY ALLEGED DEFENDANTS' FRAUDULENT CONCEALMENT OF THEIR MISAPPROPRIATION OF THE SETTLEMENT FUNDS THEY RECEIVED IN TRUST FOR PLAINTIFF.

In Plaintiff's Complaint, Plaintiff alleged that Defendants misused settlement proceeds received in trust and fraudulently concealed their wrongful conduct. Civil Code Section 1707 that a "deceit" includes: "3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact." In *Hambrick v. Healthcare Partners Medical Group, Inc.* (2015) 238 Cal.App.4th 124, 162 [189 Cal.Rptr.3d 31, 60], *reh'g denied (June 17, 2015), review denied (Sept. 30, 2015)*, the Court recited the element of a fraudulent concealment claim:

> "The required elements for fraudulent concealment are (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact. [Citation.]"

There is no question that Defendants were Plaintiff's fiduciaries and had the duty to disclose all material facts. As the California Supreme Court recognized in *Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 188-89 [98 Cal.Rptr. 837, 844-45, 491 P.2d 421, 428-29]:

> the dealings between practitioner and client frame a fiduciary relationship.

The duty of a fiduciary embraces the obligation to render a full and fair disclosure to the beneficiary of all facts which materially affect his rights and interests. 'Where there is a duty to disclose, the disclosure must be full and complete, and any material concealment or misrepresentation will amount to fraud.' (Pashley v. Pacific Elec. Ry. Co. (1944) 25 Cal.2d 226, 235, 153 P.2d 325, 330.)[25] Thus, as we stated in Amen v. Merced County Title Co. (1962) 58 Cal.2d 528, 534, 25 Cal.Rptr. 65, 68, 375 P.2d 33, 36, 'Cases in which the defendant stands in a fiduciary relationship to the plaintiff are frequently treated as if they involved fraudulent concealment of the cause of action by the defendant. The theory is that although the defendant makes no active misrepresentation, this element 'is supplied by an affirmative obligation to make full disclosure, and the non-disclosure itself is a 'fraud'.

*Thus the fact that a client lacks awareness of a practitioner's malpractice [or fraud] implies, in many cases, a second breach of duty by the fiduciary, namely, a failure to disclose material facts to his client. Postponement of accrual of the cause of action until the client discovers, or should discover, the material facts in issue vindicates the fiduciary duty of full disclosure; it prevents the fiduciary from obtaining immunity for an initial breach of duty by a subsequent breach of the obligation of disclosure.*[1]

Here, Plaintiff has alleged Defendants' duty to disclose as Plaintiff's fiduciaries (Complaint, ¶ 10), Defendants' misappropriation of settlement proceeds and improper charging of excessive costs and fees (Complaint, ¶¶ 11-15), Defendants' concealment or suppression of such wrongful conduct, (Complaint, ¶¶ 17, 26-27), Plaintiff's lack of knowledge of the concealed facts (Complaint, ¶ 18, 28), Defendants' intent to defraud Plaintiff by concealing the facts (Complaint, ¶ 19), Plaintiff's reasonable reliance on Defendants' deception by believing he had received all the settlement proceeds to which he was entitled (Complaint, ¶ 20), and Plaintiff's damage resulting from the concealment (Complaint, ¶¶ 21-23.) Plaintiff has clearly sufficiently alleged facts to support his common law fraudulent concealment claim against Defendants.

---

[1] Thus, Defendants' concealment from Plaintiff of the material fact that they had been sued by other Lockheed plaintiffs for their fraudulent use of the Lockheed settlement proceeds also constitutes actionable fraud.

Defendants' reference to case law regarding the pleading of fraudulent *misrepresentation* claims is inapposite to Plaintiff's fraudulent concealment claims. Obviously, in a fraudulent concealment case, there are no misrepresentations to allege, but rather the concealment of material facts, and Plaintiff has alleged Defendants' concealment in great detail. Similarly, because Plaintiff is alleging Defendants' concealment of material facts, there is obviously no "statement" that can be "false" or "misleading."

**III.   PLAINTIFF'S FRAUD-BASED CLAIMS ARE NOT BARRED BY CODE OF CIVIL PROCEDURE SECTION 340.6 BECAUSE SECTION 340.6 BY ITS TERMS DOES NOT APPLY TO CLAIMS INVOLVING "ACTUAL FRAUD."**

**A.   Because Plaintiff has alleged Defendants "actual fraud," Section 340.6 does not apply.**

Code of Civil Procedure section 340.6 by its terms does not apply to claims for "actual fraud." As discussed above, that concealment or misrepresentation by an attorney amounts to fraud. (*Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 188-89 [98 Cal.Rptr. 837, 844-45, 491 P.2d 421, 428-29]; *see also Jackson v. Rogers & Wells* (1989) 210 Cal.App.3d 336, 343 [258 Cal.Rptr. 454]; *Day v. Rosenthal* (1985) 170 Cal.App.3d 1125, 1159 [217 Cal.Rptr. 89, 104] (attorney who wrongfully and withheld trust funds and concealed such fact from client guilty of fraud); *Alton v. Rogers* (1954) 127 Cal.App.2d 667 [274 P.2d 487] (affirming a judgment containing implied findings of fraud and express findings of breach of trust where an attorney had taken a client's funds to invest them for the client, but had used the funds for his own purposes and fraudulently concealed that fact).) Here, as is clear from Plaintiff's allegations, Plaintiff is alleging that Defendants engaged in "actual fraud." Thus, Section 340.6 by its very terms does not apply to Plaintiff's fraud claims.

**B.   The statute of limitations set forth in Probate Code Section 16460 applies to Plaintiff's fraud-based claims.**

In Plaintiff's Complaint, Plaintiff alleged that Defendants were Plaintiff's

trustees: "Settlement funds were received by Girardi to be held in trust and Girardi was therefore the trustee of such funds or Plaintiff's benefit." (Complaint, ¶ 66.)

In *Prakashpalan v. Engstrom, Lipscomb and Lack* (2014) 223 Cal.App.4th 1105, 1125 [167 Cal.Rptr.3d 832, 849], *as modified on denial of reh'g (Feb. 27, 2014)*, the Court recognized that attorneys holding client settlement funds in trust are trustees of an express trust that is the client trust account and as such had a duty to account. The Court also held that because attorneys were trustees of the settlement funds, the provisions of the Probate Code, which by their terms are applicable to the actions of "trustees," were applicable to the plaintiffs' fraud-based claims against attorneys for their actions taken as trustees. The Court specifically held that because the information given to the plaintiffs in that case was "incomplete," it was insufficient to enable the clients "to evaluate whether all monies were distributed, and whether they received the sums they were entitled to receive":

> Thus, under the rule of statutory construction that we apply a more specific statute, ***given the accounting duty applicable to the express trust that is a client trust account***, we apply Probate Code section 16460 to plaintiffs' fraud-based claims that Engstrom did not properly distribute the aggregate settlement proceeds in the Allegro Matter. As alleged, the only information plaintiffs received from Engstrom was the amount of their share of the Allegro Settlement, Engstrom's attorney fees, and that the 93 families received a total of $100 million. Even without applying the more detailed standard of American Bar Association Model Rules of Professional Conduct, rule 1.8(g), ***Engstrom's accounting was incomplete because it did not provide plaintiffs with sufficient information to evaluate whether all monies were distributed, and whether they received the sums they were entitled to receive***. (*Id.*) (Emphasis added.)

The Court went on to hold that the plaintiffs' fraud-based claims and related claims, including claims for an accounting, conversion, unjust enrichment, and conspiracy to commit fraud were ***not*** time-barred:

> . . . Engstrom failed to provide an accounting sufficient for them to determine whether their portion of the settlement proceeds was fairly and accurately distributed to them.[7] ***As a result of this insufficient accounting***

*which plaintiffs have alleged was the result of concealment, plaintiffs, who had no other sources of information, were not put on notice of any wrongdoing until they later conducted an investigation by surveying other settling plaintiffs in the Allegro Matter*. We note that substantively, the trial court found plaintiffs' claims based on the Allegro Matter failed because they were based upon speculation. However, based upon the accounting duty Engstrom owed to plaintiffs under the Professional Rules of Conduct, and the fact plaintiffs' allegations indicate they received an insufficient amount of information concerning the disposition of the aggregate settlement, this ground for sustaining Engstrom's demurrer is without merit because the *plaintiffs' lack of information resulted from Engstrom's alleged failure to adequately account*. " 'Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances "a prudent man" would not be put upon inquiry, the mere fact that means of knowledge are open to a plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery.' [Citation.]" (*Vai v. Bank of America National Trust & Savings Ass'n* (1961) 56 Cal.2d 329, 342 [15 Cal.Rptr. 71, 364 P.2d 247] [failure of fiduciary to fully and fairly disclose material facts constituted breach of fiduciary duty and constructive fraud].)

> [Footnote 7 provides: The pertinent causes of action are the fourth cause of action (fraudulent concealment of embezzlement), seventh cause of action (unjust enrichment), eighth cause of action (unfair business practices), tenth cause of action (conversion), twelfth cause of action (conspiracy to commit fraud), and thirteenth cause of action (accounting). (Emphasis added.) (*Id.*, 223 Cal.App.4th at 1125-1126.)

Here, as in *Prakashpalan*, Plaintiff received no accounting from Defendants that revealed that Defendants had defrauded them by charging them excessive fees and costs or had otherwise misused settlement proceeds. Thus, as discussed below, Plaintiff's fraud-based claims are not barred by section 16460.

## C.   Even if Section 340.6 is deemed to apply, Plaintiff's claims are not barred thereunder.

Even if Section 340.6 is determined to apply to Plaintiff's claims, Defendants have not established as a matter of law that Plaintiff's claims are barred by the one-year

"discovery" provision or the four-year provision of Section 340.6.

          **1.**      **Plaintiff has alleged sufficient facts establishing that he did not discover Defendants' wrongful conduct more than one year before the complaint was filed.**

In Plaintiff's Complaint, Plaintiff alleges that he did not discover Defendants' wrongful acts more than one year before the filing of the complaint. (¶¶ 26-28.) Defendants have simply not established as a matter of law that Plaintiff did in fact discover, or as a matter of law should have discovered, that Defendants had taken excessive costs or fees from Plaintiff's share of the Lockheed settlements more than one year before filing the action.

The fact that Plaintiff trusted Defendants and did not question them when they provided him with "net" settlement checks cannot be held against Plaintiff. The existence of a fiduciary relationship between Plaintiff and Defendants limits the duty of inquiry. "Thus, when a potential plaintiff is in a fiduciary relationship with another individual, that plaintiff's burden of discovery is reduced and he is entitled to rely on the statements and advice provided by the fiduciary." (*Sherman v. Lloyd, supra*, 181 Cal.App.3d at p. 698; *Sears v. Rule* (1945) 27 Cal.2d 131, 148 [163 P.2d 443] (Defendant fiduciary fraudulently concealed his wrongdoing where "He not only made false representations to cross-complainant, tending to lull her into a sense of security, but it also appears that he was a fiduciary and, accordingly, had a duty to disclose the true facts to her.")

Where, as here, Plaintiff is not under a duty to inquire, the limitations period does not begin to run until plaintiff actually discovers the facts constituting the cause of action. (*Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 438 [159 P.2d 958].)

The case of *Levin v. Graham & James* (1995) 37 Cal.App.4th 798, 805-06 [44 Cal.Rptr.2d 69], cited by Defendants, actually supports Plaintiff's contentions in this case. The Court in *Levin* recognized that a claim for charging excessive fees does not run until the client discovers the overcharge:

As to such a claim, we further hold the statute is not tolled until the client actually pays the fees, but begins to run, as with any other allegation of an attorney's negligence or misconduct, except actual fraud, when the client knows or should have known the facts constituting the alleged overcharge.

. . . In some cases, a client exercising reasonable diligence might not discover that the fees charged for legal services were excessive until after they were paid. In that event, the statute of limitations would be tolled until discovery.

Here, Plaintiff not only alleges actual fraud, but also alleges that he did not discover Defendants' excessive charges of fees and costs (and could not have discovered same because of Defendants willful concealment) until he was advised of same by his current attorney within a year of the date the complaint was filed.

### 2. Because Defendants willfully concealed their wrongful acts, the four-year period of Section 340.6 was tolled by Defendants' continuous representation /or Defendants' willful concealment.

An attorney who represents a client has the continuing duty to properly account to his clients for any settlement proceeds obtained as the result of his representation and that such attorney continues to represent the client with respect to the distribution of such funds until he properly accounts to his client and distributes everything to which the client is entitled. Because Defendants have failed and continue to fail to properly account for Plaintiff's share of the settlement proceeds, Defendants have continuously breached their fiduciary duty, and the "wrongful acts" that starts the running of the statute are continuous until a proper accounting is provided to Plaintiff and Plaintiff receives his proper share of the settlements.

Even assuming, *arguendo*, that there is no "continuous representation," Code of Civil Procedure Section 340.6 specifically provides that the four-year period is tolled when ". . . (3) the attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney . . ." In Plaintiff's Complaint, Plaintiff alleges that Defendants willfully concealed their wrongful conduct from Plaintiff. (Complaint, ¶¶ 26-28.) Thus, assuming Section 340.6 applies to any of

Plaintiff's claims, Plaintiff has alleged sufficient facts to toll the four-year statute of limitations.

**IV.   DEFENDANTS HAVE NOT DEMONSTRATED THAT PLAINTIFF'S FRAUD-BASED CLAIMS ARE TIME-BARRED UNDER SECTION 16460.**

In *Prakashpalan v. Engstrom, Lipscomb and Lack* (2014) 223 Cal.App.4th 1105, 1125 [167 Cal.Rptr.3d 832, 849], *as modified on denial of reh'g (Feb. 27, 2014)*, the Court held that the limitation provisions of Probate Code Section 16460 applied to plaintiffs' fraud-based claims that their attorneys did not properly distribute settlement proceeds to them. The Court specifically held that the plaintiffs' claims fraud-based claims, and related claims, ***including a claim for fraudulent concealment of embezzlement, unjust enrichment, conversion, conspiracy to commit fraud, and an accounting***, were ***not*** time-barred because the attorneys "failed to provide an accounting sufficient for them to determine whether their portion of the settlement proceeds was fairly and accurately distributed to them." (*Id.*, 223 Cal.App.4th at, 1125-1126.)

Probate Code Section 16460 adopts a three year "discovery" statute of limitations. In the context of this action, the "breach of trust" at issue is Defendants' misappropriation of settlement proceeds. Thus, the relevant inquiry is whether Defendants have demonstrated, as a matter of law, that Plaintiff discovered, or reasonably should have discovered, Defendants' misappropriation or misuse of settlement proceeds more than three years before he filed this action.

**A.   Because Defendants never provided a written accounting to Plaintiff, subdivision (a) of Section 16460 does not apply.**

In this case, Defendants, Plaintiff's trustees of the settlement funds, never provided ***any*** written account or report as to their handling of the settlement proceeds until after this action was filed.  Thus, Defendants did not provide a written account or report that "provides sufficient information so that the beneficiary knows of the claim or reasonably should have inquired into the existence of the claim [for misappropriation of settlement proceeds]." Accordingly, Plaintiff's claims are not barred by subsection (a) of

Section 16460.

**B.    Plaintiff's fraud claims are not barred by subdivision (b) of Section 16460.**

Under subsection (b), a claim is only barred if Plaintiff discovered or should have discovered that Defendants had misappropriated the settlement funds more than three years before Plaintiff filed the action. Defendants' misuse, and concealment of their misuse, of the settlement funds is fraud. Furthermore, Defendants, in violation of their fiduciary duty to Plaintiff, willfully concealed their wrongful conduct as alleged and affirmatively misrepresented that Plaintiff had been distributed all of the moneys to which they were entitled.

**1.    Because Defendants were Plaintiff's fiduciaries, the statute of limitations did not begin to run until Plaintiff had knowledge of the wrongful conduct.**

It is the settled law of California and elsewhere, that "'[Where] there exists a relationship of trust and confidence it is the duty of one in whom the confidence is reposed to make full disclosure of all material facts within his knowledge relating to the transaction in question and any concealment of material facts is a fraud.'" (*Estate of Shay* (1925) 196 Cal. 355, 365.) "'Where there is [such] a duty to disclose, the disclosure must be full and complete, and any material concealment or misrepresentation will amount to fraud sufficient to entitle the party injured thereby to an action.'" (*Stafford v. Schultz* (1954) 42 Cal.2d 767, 777.)

Where a fiduciary obligation is present, the courts have recognized a postponement of the accrual of the cause of action until the beneficiary has knowledge or notice of the act constituting a breach of fidelity. (*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596 [83 Cal.Rptr. 418, 463 P.2d 770]; *Sherman v. Lloyd* (1986) 181 Cal.App.3d 693, 698; *Schneider v. Union Oil Co.* (1970) 6 Cal.App.3d 987, 994 [86 Cal.Rptr. 315].)

***The existence of a trust relationship limits the duty of inquiry.*** Thus, when a

potential plaintiff is in a fiduciary relationship with another individual, that plaintiff's burden of discovery is reduced and he is entitled to rely on the statements and advice provided by the fiduciary." (*Sherman v. Lloyd, supra*, 181 Cal.App.3d at p. 698; *Hobbs v. Bateman Eichler, Hill Richards, Inc.* (1985) 164 Cal.App.3d 174, 201-202 ("Where a fiduciary relationship exists, facts which ordinarily require investigation may not incite suspicion [citation] and do not give rise to a duty of inquiry [citation]. Where there is a fiduciary relationship, the usual duty of diligence to discover facts does not exist. [Citation.].)

Where, as here, the plaintiff was under no duty to inquire, the limitations period does not begin to run until plaintiff actually discovered the facts constituting the cause of action. (*Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 438 [159 P.2d 958].) Moreover, a defendant's fraudulent concealment of a cause of action tolls the statute as long as the plaintiff's reliance is reasonable. (*Grisham v. Philip Morris USA, Inc* (2007) 40 Cal.4th 623, 637 [54 Cal.Rptr.3d 735, 151 P.3d 1151].)

In Plaintiff's Complaint, Plaintiff alleged that Defendants concealed their wrongful conduct from Plaintiff. (Complaint, ¶¶ 26-28.) Here, there are no facts alleged establishing as a matter of law that Plaintiff was on "inquiry notice" that Defendants had misappropriated settlement funds. Indeed, Plaintiff not only alleges Defendants' concealment of their perfidy, but also allege that they did not discover Defendants' excessive charges of fees and costs until within a year before the original complaint was filed and that the "means for obtaining the information" was not available. (Complaint, ¶ 28.) Defendants simply have not established, based on the pleadings, that Plaintiff, as a matter of law, did in fact discover or should have discovered that Defendants had taken excessive costs or fees from Plaintiff's share of the Lockheed Litigation settlements or had improperly treated distributions to third parties as "client distributions" more than three years before filing the action.

**2.     The fact that Defendants only provided Plaintiff with "net" checks and did not provide Plaintiff with an accounting did not put Plaintiff on "inquiry" notice that Defendants had misappropriated settlement funds.**

The fact that an attorney only provides "net" checks without any accounting of how such net checks were calculated does not put the client on notice that the attorney has misappropriated trust funds by taking excessive fees or costs. As discussed above, a client is entitled to rely on his attorney's good faith, and the mere fact that an attorney has provide a client "net" checks does not require the client to assume that the attorney has misappropriated trust funds.

According to the logic of Defendants' argument, any client who receives a net check from an attorney representing that such check is his share of settlement, without an accounting, must sue the attorney within three years or forever be barred if the client later discovers that the attorney had concealed his misappropriation of trust funds. This is directly contrary to the holding of the Court in *Prakashpalan*, which held that the absence of an accounting did not put the plaintiffs on notice of their fraud-based claims.

Defendants' contention that a trustee's failure to give an accounting to the beneficiaries, even though the beneficiaries have no notice that the trustee is misappropriating trust funds, as a matter of law puts the beneficiaries "on notice" of such misappropriation is illogical and inconsistent with subsection (b). If the mere fact that the trustee did not provide an accounting were sufficient to put the beneficiary "on notice" of *every* potential breach of trust committed by the trustee, subsection (b) would not also require that the beneficiary to have discovered "*the subject of the claim*" in order for the statute to run.

**3.     The fact that summary judgment was entered against Plaintiff in the underlying action has no relevance to Plaintiff's claims against Defendants for their wrongful conduct in the handling of the settlement proceeds.**

Defendants' argument that Plaintiff was "harmed" and the statute of limitations

ran when his underlying action against certain non-settling defendants was dismissed on summary judgment was the identical argument Defendants unsuccessfully asserted, and which the Court of Appeal soundly rejected, in *Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 936-37 [125 Cal.Rptr.3d 210, 218-19]. In *Gutierrez*, the Court of Appeal held that a client's claim against his attorney for fraudulent breach of fiduciary stood or fell **without regard** to the merits of his underlying claims against the settling defendants:

> Unlike the plaintiffs in *Slovensky* and *Loube,* Gutierrez is *not* alleging that but for G & K's breach of fiduciary duty he objectively would have obtained a better litigation result (e.g. a higher settlement amount). This is because G & K was not representing Gutierrez with respect to a potential or pending lawsuit against the settling defendants at the time it allegedly breached its fiduciary duty. Before G & K committed any alleged wrongdoing, the settling defendants entered into "general settlements" with the plaintiffs in the Lockheed Action, including Gutierrez. A settlement is "[a]n agreement ending a dispute or lawsuit." (Black's Law Dict. (8th ed. 2004) p. 1405, col. 1; *Page v. MiraCosta Community College Dist.* (2009) 180 Cal.App.4th 471, 489, 102 Cal.Rptr.3d 902.) After the settlement agreements were executed, Gutierrez could no longer pursue his causes of action against the settling defendants and the settling defendants could no longer raise defenses to Gutierrez's claims. Thus, once the settling defendants chose to pay the plaintiffs in the Lockheed Action, including Gutierrez, to settle the case, Gutierrez and the other plaintiffs were entitled to their rightful share of the settlement proceeds regardless of whether the settling defendants had a valid statute of limitations defense.

> Because there was no pending or potential action against the settling defendants when G & K allegedly misappropriated the settlement funds, a trial within a trial regarding Gutierrez's substantive claims in the Lockheed Action is unnecessary. Gutierrez's breach of fiduciary duty cause of action must stand or fall without regard to the merits of his underlying claims against the settling defendants. Accordingly, whether Gutierrez's claims against the settling defendants objectively would have been barred by the statute of limitations is irrelevant to Gutierrez's breach of fiduciary duty cause of action against G & K.

> If we were to adopt G & K's position—that the merits of Gutierrez's underlying claims against the settling defendants must be adjudicated—we

**Plaintiff's Opposition Memorandum re Defendants' Motion to Dismiss**

would create a rule of law that would lead to absurd and inequitable results. For example, suppose a plaintiff retains an attorney to represent him in an employment discrimination action on a contingency basis. After the plaintiff's employer settles the case for $100,000, the attorney absconds with the settlement proceeds without paying the plaintiff anything. Under G & K's position, if the plaintiff sued the attorney, the attorney could raise each of the employer's defenses to the plaintiff's settled claims and, if the attorney prevailed in this trial within a trial, he could keep the $100,000 with impunity. That is not, should not be, and never has been the law in this state.

The "harm" alleged in this case is the loss of settlement funds through Defendants' misuse of same, and Plaintiff has sufficiently alleged that he did not know or have reason to know that Defendants had defrauded him in this regard until he consulted his current attorney.

> **4.**   **The fact Defendants had been sued by other Lockheed Plaintiffs in the *Anzures* action does not mean that the statute of limitations began to run as to Plaintiff's claims when the *Anzures* action was filed.**

Defendants' contention that Plaintiff was "on notice" of Defendants' wrongful conduct because such allegations were made in the *Anzures* action, which was a "public record," is nonsense. Defendants cite no law that a client whose attorney concealed his fraudulent charging of excessive fees and costs is held to have constructive knowledge of facts available in public filings, of which he has no actual knowledge, alleging that the attorney defrauded other clients. Because Defendants were Plaintiff's fiduciaries, Plaintiff had no duty to investigate whether Defendants were defrauding him by charging excessive fees or costs. (*See Prudential Home Mortgage Co. v. Superior Court* (1998) 66 Cal.App.4th 1236, 1248 [78 Cal.Rptr.2d 566, 572-73].)

In *Prudential*, the plaintiff borrowers brought three potential class actions against real estate lenders who failed to clear title by reconveyance of deed of trust after borrowers repaid loans. The Court of Appeal held that the fact that matters were of public record did not impart notice to the plaintiffs such as to commence the running of the applicable statute of limitations. The Court reasoned:

1
2
3
4
5
6
7
8
9
10

 While public records certainly impart presumptive notice under some circumstances, we decline to hold their mere existence imparts knowledge as a matter of law. The public policy that would support such a holding is not present here. On the contrary, the Legislature has firmly established the public policy that trustees must execute and record full reconveyances upon payment of loans, and has underscored it by providing for the $300 penalty in Civil Code section 2941, subdivision (d). Furthermore, the Legislature has provided that "[e]very person who willfully violates Section 2941 is guilty of a misdemeanor punishable by fine of not less than fifty dollars ($50) nor more than four hundred dollars ($400), or by imprisonment in the county jail for not to exceed six months, or by both such fine and imprisonment. [¶] For purposes of this section, 'willfully' means simply a purpose or willingness to commit the act, or make the omission referred to. It does not require an intent to violate the law, to injure another, or to acquire any advantage." (Civ.Code, § 2941.5.)

11
12
13
14
15
16
17
18
19
20

The borrowers here were entitled to expect petitioners would perform an act they were required to perform by statute and the omission of which is a crime. (Civ.Code, § 3548; In re Neilson's Estate (1962) 57 Cal.2d 733, 22 Cal.Rptr. 1, 371 P.2d 745 [It is presumed that a person obeys the law].) Under these circumstances, they had no reason to check the public records to see if reconveyances had been made. "Where no duty is imposed by law upon a person to make inquiry, and where under the circumstances a prudent man would not be put upon inquiry, the mere fact that means of knowledge are open to a plaintiff, and he has not availed himself of them, does not debar him from relief when thereafter he shall make actual discovery. [Citations.]" (Watts v. Crocker–Citizens National Bank (1982) 132 Cal.App.3d 516, 523, 183 Cal.Rptr. 304, internal quotation marks omitted.) (Emphasis added.)

21
22

Here, Defendants have failed to demonstrate that Plaintiff actually knew about the *Anzures* litigation and the allegations therein.

23
24
25
26
27
28

*Cowden v. Kress* (1962) 202 Cal.App.2d 1, 7 [20 Cal.Rptr. 560, 564], cited by Defendants, is inapplicable as it involved a case where a party was claiming to be a "bona fide purchase for value without notice" of certain claims that had been reflected in the recorded written agreements. The Court held that the defendants had constructive notice of plaintiff's rights claimed under the agreement because such agreement had been recorded. This, of course, is not a real property/title dispute.

Defendants' citation to *Gerbosi v. Gaims, Weil, West & Epstein, LLP* (2011) 193 Cal.App.4th 435, 448 [122 Cal.Rptr.3d 73, 83] is puzzling and inapplicable. That case involved an anti-SLAPP claim. The plaintiff had alleged wrongful conduct by her ex-boyfriend and his attorneys. Addressing the issue of whether the plaintiff's claims were barred by the statute of limitations, the Court of Appeal rejected the plaintiff's claim that she was entitled to rely on the "discovery rule," ***because she was admittedly aware of the wrongful conduct.***

Unlike the plaintiff in *Gerbosi*, Plaintiff did not know of the *Anzures* action before filing this lawsuit. Here, Plaintiff was entitled to expect Defendants, as his attorneys, would comply with their fiduciary duty. Plaintiff had no reason to scour the public records to see if Defendants had been sued for defrauding other clients in connection with the distribution of the Lockheed Litigation settlement proceeds.

> **5.**    **Larson's purported knowledge of claims against Defendants cannot be imputed to Plaintiff because Larsen never represented Plaintiff in connection with the pursuit of Plaintiff's claims against Defendants.**

There is no basis for Defendants' attempt to impute Mr. Larson's purported knowledge of Defendants' wrongful acts to Plaintiff. There are no facts alleged in the Complaint that support such imputation. Mr. McIntyre, the attorney of record in the *Anzures* action, never represented Plaintiff in the Lockheed Litigation. Moreover, Plaintiff was never a plaintiff in the *Anzures* action, and there are no facts alleged establishing that Mr. Larson or Mr. McIntyre had been retained by Plaintiff to prosecute any claims against Defendants.

"It is settled law that " '(k)nowledge of the agent is not knowledge of the principal as to matters not within the scope of the agent's authority' " conferred by the principal. (*J. A. Eck Co. v. Coachella Valley O. G. Assn.*, 102 Cal.App. 1, 9, 282 P. 408, 411; *see also Herdan v. Hanson*, 182 Cal. 538, 545, 189 P. 440; *Los Angeles Inv. Co. v. Home Sav. Bank*, 180 Cal. 601, 606, 182 P. 293; *Thompson v. Williams*, 190 Cal.App.2d 56,

60, 12 Cal.Rptr. 9; *Crofoot v. Blair Holdings Corp*., 119 Cal.App.2d 156, 194, 260 P.2d 156." (*Redman v. Walters* (1979) 88 Cal.App.3d 448, 454 [152 Cal.Rptr. 42, 45].)

Mr. Larson's knowledge of facts regarding Defendants' alleged wrongdoing cannot be imputed to Plaintiff any more than Defendants' knowledge of their own wrongdoing would be imputed to Plaintiff because Defendants were Plaintiff's attorneys.

### 6. Even if Plaintiff were on "inquiry notice," there are no facts demonstrating that a reasonable "inquiry" would have revealed Defendants' misappropriation.

Contrary to Defendants' contention, it is not the duty to inquire that starts the statute, but the date of the discovery of facts that would have been learned from a reasonable inquiry that triggers the statute of limitations. (*Miller v. Bechtel Corp.* (1983) 33 Cal.3d 868, 875 [191 Cal.Rptr. 619, 623, 663 P.2d 177, 181] (plaintiff "was charged with knowledge of matters which would have been revealed by such an investigation.") Thus, even though a plaintiff may be under a duty to inquire, if a reasonably inquiry would have not have revealed the existence of the claim, the statute will not begin to run.

Here, there are no facts demonstrating as a matter of law that if Plaintiff had conducted a "reasonable investigation," he would have discovered Defendants' fraudulent conduct in charging excessive fees or costs, or claiming as client contributions payments to non-clients. In fact, Plaintiff alleges that he had no access to the bank records reflecting Defendants' misuse of the settlement proceeds, which were in Defendants' possession. (Complaint, ¶ 28.)

### 7. The matters of which Defendants have requested the Court to take judicial notice do not establish as a matter of law that Plaintiff was aware of Defendants' fraudulent conduct more than three years before Plaintiff filed this action.

The matters of which Defendants have requested the Court to take judicial notice (some of which are matters of which the Court may not properly take judicial notice) do

not establish as a matter of law that Plaintiff was aware or should have been aware that Defendants had charged him excessive fees and costs more than three years before he filed this action. This is discussed in detail in Plaintiff's Objections to Defendants' Request for Judicial Notice.

### 8. At a minimum, the issue of Plaintiff's knowledge or imputed knowledge is an issue of fact not properly resolved on the pleadings.

In *Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 440-41 [159 P.2d 958], this Court held that issues regarding the discovery of wrongful conduct for statute of limitations purposes are issues of fact, not issues of law. Accordingly, assuming the truth of Plaintiff's allegations, which this Court must, at a minimum, whether Plaintiff was on "inquiry notice" of Defendants' fraudulent charging of excessive fees and costs is an issue of fact and could have discovered Defendants' wrongful conduct are not issues resolvable on a motion to dismiss.

## V.   PLAINTIFF'S RICO CLAIMS ARE NOT TIME-BARRED.

The RICO statute does not contain an express limitations period. In 1987, the Supreme Court held in *Agency Holding Corp. v. Malley-Duff & Associates, Inc.* (1987) 483 U.S. 143, 156 [107 S.Ct. 2759, 2767, 97 L.Ed.2d 121] that a four-year statute of limitations applies to all civil RICO actions.

The Ninth Circuit has adopted the "injury discovery" rule with respect to the accrual of the statute. *See Stitt v. Williams,* 919 F.2d 516, 525 (9th Cir.1990) ("The limitations period [for civil RICO actions] begins to run when a plaintiff knows or should know of the injury which is the basis for the action."); *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1415 (9th Cir.1987) ("The limitations period begins to run when a plaintiff knows or should know of the injury which is the basis for the action."); *Compton v. Ide,* 732 F.2d 1429, 1433 (9th Cir.1984) (reasoning that the general rule for accrual, plaintiff's discovery of the injury, should apply to civil RICO claims).

As discussed above, Defendants have failed to demonstrate that, as a matter of

law, Plaintiff knew or should have known that Defendants had fraudulently misappropriated settlement proceeds or fraudulently overcharged him fees or costs more than four years before he filed this action.

**VI.   THERE IS NO STATUTE OF LIMITATIONS APPLICABLE TO PLAINTIFF'S CLAIM FOR AN ACCOUNTING.**

**A.   Under common law, no statute of limitations bars a beneficiary of a trust from seeking an accounting.**

A trustee has a duty to account to the beneficiary upon request. (*Strauss v. Superior Court In and For Los Angeles County* (1950) 36 Cal.2d 396, 401-02 [224 P.2d 726].) Moreover, under common law, there is no statute of limitations that bars a beneficiary from seeking an accounting. (*Elizalde v. Murphy* (1912) 163 Cal. 681, 684-85 [126 P. 978] ("The duty of the administrator to account was a continuing duty and does not become barred. [Citations.] . . . no plea of the statute of limitations could avail the defendants. . . .); s*ee also In re Clary's Estate* (1928) 203 Cal. 335, 342 [264 P. 242]; *MacMullan v. Kelly* (1912) 19 Cal.App. 700, 706 [127 P. 819].)

**B.   Probate Code Section 16060 obligates trustees, such as Defendants, to account to their beneficiaries when requested and contains no statute of limitations on a trustee's duty to account.**

Probate Code Section 16060 sets forth the trustee's duty to account to beneficiaries: "The trustee has a duty to keep the beneficiaries of the trust reasonably informed of the trust and its administration." There is no provision in the Probate Code that relieves a trustee from his statutory duty to account pursuant to Section 16060 when requested by a beneficiary, and no statute or case law holds that an attorney-trustee's duty to account to his beneficiary-client evaporates merely with the passage of time.

Moreover, Probate Code Section 16061 specifically obligates a trustee to provide a written account to his beneficiary upon the beneficiary's request. In *Salter v. Lerner* (2009) 176 Cal.App.4th 1184, 1188 [99 Cal.Rptr.3d 1, 3], *as modified (Aug. 19, 2009)*, the Court upheld a trustee's duty to account under Section 16060 and the right of a

beneficiary to obtain an accounting, and further held that the rights under Section 16060 were **non-waivable.** The Court went on to hold that where, as here, the trustee refuses to provide any information regarding the handling of the trust funds, the beneficiaries were entitled to an order for an accounting under Section 16060 (*Id.*)

Here, Plaintiff alleged the existence of a trust, Defendants' status as trustees, Plaintiff's request for an accounting, and Defendants' refusal to provide an accounting. Under the facts as alleged, Plaintiff has alleged sufficient facts to support a claim for relief of an accounting.

### C. Business & Professions Code Section 6091 specifically obligates attorney-trustees to account for trust funds and contains no limitations period on such duty.

Not only does Probate Code Section 16060 obligate trustees, such as Defendants, to account to their beneficiaries upon request, California Business & Professions Code Section 6091 also specifically obligates attorneys holding funds in trust for their clients to account to the client:

> . . . At the client's written request, the attorney shall furnish the client with a complete statement of the funds received and disbursed and any charges upon the trust account, *within 10 calendar days after receipt of the request*. Such requests may not be made more often than once each 30 days unless a client files a complaint with the State Bar and the State Bar determines that more statements are warranted. (Emphasis added.)

In Plaintiff's Complaint, Plaintiff alleged that Defendants violated Section 6091 within a year prior to the filing of the complaint. (Complaint, ¶¶ 66-71.) Section 6091 does not limit the client's right to seek an accounting after a specific period of time has elapsed following the receipt of a "distribution" of trust funds from the attorney.

In support of their claim that Section 6091 is limited in time (even though no such time limit is set forth therein), Defendants cite Rules of Professional Conduct, Rule 4-100(B)(3) and contend that Plaintiff's claim for violation of section 6091 "are time barred because Defendants have no obligation to maintain the records for more than five

---

**Plaintiff's Opposition Memorandum re Defendants' Motion to Dismiss**

years." Thus, according to Defendants, because they are entitled to "destroy" all records of their handling of trust funds after five years of a distribution of such funds, they cannot have a duty to account under Section 6091.

Rule 4-100(B)(3), however, specifically requires attorneys to --

> maintain complete records of all funds, securities, and other properties of a client coming into the possession of the member or law firm and ***render appropriate accounts to the client regarding them***; preserve such records for a period of no less than five years ***after final appropriate distribution*** of such funds or properties. (Emphasis added.)

Defendants completely ignore the word "appropriate" in discussing their obligations under Rule 4-100(B)(3). This word, however, cannot be read out of the Rule, for if it were, an attorney could make a fraudulent distribution to his client without providing any accounting, wait five years, concealing his theft, and then destroy all records of his misappropriation. According to Defendants' interpretation of this Rule, if, after five years, the client learns that the attorney may have defrauded him and requests an accounting of the trust proceeds pursuant to Section 6091, the attorney could claim that he has no duty to account since he was entitled to destroy his trust records and is therefore relieved of any obligation to provide for an accounting specifically authorized by Section 6091.

There are no public policy considerations that support such a reading of Rule 4-100(B)(3) or Section 6091. Indeed, when viewed in a manner consonant with the attorney's common law and ethical duty under Rule 4-100(B)(3) to "***render appropriate accounts to the client regarding [trust funds],***" an "appropriate" distribution can only be a distribution that is accompanied by a full, complete, truthful and accurate accounting. Under no circumstances can there be an "appropriate distribution" when ***no accounting whatsoever*** has been provided to the client with the purported "final distribution." The law simply cannot be construed to permit an attorney to violate his duty to account and then claim the client has no right to an accounting specifically provided under Section 6091.

1

2

**VII. DEFENDANTS' RELIANCE ON THE *BRITTON V. GIRARDI* IS UNAVAILING BECAUSE THE UNDERLYING FACTS AND ALLEGATIONS IN THAT CASE ARE DIFFERENT.**

3

4

5

6

7

8

9

10

Defendants' reliance on the Court's opinion in *Britton v. Girardi* (2015) 235 Cal.App.4th 721 [185 Cal.Rptr.3d 509], *reh'g denied (Apr. 23, 2015), review denied (June 17, 2015)* is misplaced. Indeed, it is clear from a review of the Court's opinion that it is based on alleged "facts" completely absent from the allegations in Plaintiff's Complaint. Moreover, there were no detailed allegations in the *Britton* operative complaint that are alleged in Plaintiff's Complaint, including allegations that Defendants charged Plaintiff for costs completely unrelated to the litigation, paid trust funds to unrelated third parties for Defendants' personal benefit, and charged excessive fees.

11

12

13

Defendants' motion is based on numerous "extra-judicial" factual allegations that are not contained within the Complaint or in matters that are properly the subject of judicial notice.

14

15

16

17

18

19

20

For example, there is nothing alleged in the Complaint that Plaintiff was aware that retired judges were involved in the allocation of the settlement proceeds among the plaintiffs. Moreover, even if Plaintiff had been so aware, or had been aware that he was settling with some of the underlying defendants, such facts in no way put Plaintiff "on inquiry notice" that Defendants had taken excessive fees or costs, and Defendants do not explain why a retired judge's involvement in the allocation between the plaintiffs would have excited a "suspicion" in Plaintiff that Defendants had cheated him by overcharging fees and costs.

21

22

23

24

25

26

Moreover, there is nothing in the record that any retired judge had in fact reviewed each and every cost charged by Defendants. There is nothing that demonstrated as a matter of law that Plaintiff was aware that the costs he was being charged exceeded the actual costs incurred or that the fees Defendants had agreed to take were less than what they charged Plaintiff more than three years before this lawsuit was filed.

27

28

Finally, even if Plaintiff knew that a retired judge was involved in the "vetting" of

Defendants' fees and costs, such fact would give Plaintiff **greater** comfort and a more confident belief that the distributions check he received from Defendants were appropriate. Such fact would certainly not put Plaintiff on "inquiry notice" that he had been cheated.

## VIII. PLAINTIFF HAS ADEQUATELY PLED HIS RICO CLAIMS.

"Racketeering activity" includes extortion, mail fraud and wire fraud. 18 U.S.C. § 1961(1). The elements of an indictable offense under the federal mail and wire fraud statutes are: (1) the existence of a scheme to defraud, and (2) the use of the mails or interstate wires in furtherance of the fraudulent scheme. *See* 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud); *United States v. Murr,* 681 F.2d 246, 248 (4th Cir.1982) (the common element of mail fraud cases is that the accused attempted to use the mail as an instrument of his crime); and *United States v. Condolon,* 600 F.2d 7, 8 (4th Cir.1979) (must show a scheme to defraud and use of an interstate communication facility, such as a telephone, to execute that scheme). *See also, Virden v. Graphics One,* 623 F.Supp. 1417 (C.D.Cal.1985).

A "scheme to defraud" must seek to deprive one of property through fraudulent or deceptive means, such as material misrepresentation, ***concealment, breach of duty to disclose information*** or taking of bribes or kickbacks. "It is settled in this Circuit that a scheme to defraud need not be an active misrepresentation. A nondisclosure or concealment may serve as a basis for the fraudulent scheme. [Citations.] (*U.S. v. Dowling* (9th Cir. 1984) 739 F.2d 1445, 1448-49 *rev'd on other grounds,* (1985) 473 U.S. 207 [105 S.Ct. 3127, 87 L.Ed.2d 152].) Moreover, "a non-disclosure can . . . serve as a basis for a fraudulent scheme when there exists an independent duty that has been breached by the person so charged. This independent duty may exist in the form of a fiduciary duty to third parties, *see Buckley,* 689 F.2d at 898; *Bohonus,* 628 F.2d at 1172; and *Cacy,* 298 F.2d at 229, or may derive from an independent explicit statutory duty created by legislative enactment. *See United States v. Brewer,* 528 F.2d 492 (4th

Cir.1975)." (*Id*.)

Defendants again confuse Plaintiff's fraudulent concealment claim with the requirements of a fraudulent misrepresentation claim. Fraudulent concealment can be the wrongful conduct in a mail fraud or wire fraud claim and Plaintiff has adequately alleged Defendants' fraudulent concealment in violation of their duty of disclosure and trustees and fiduciaries.

The use of the mails to provide "net checks" to Plaintiff, as alleged by Plaintiff, while concealing Defendants' misuse of proceeds and taking excessive fees and costs is a sufficient allegation of the use of the mail "in furtherance" of the scheme to defraud. It is not necessary that the communications sent by mail themselves contain fraudulent statements.

Moreover, Defendant Finnerty is alleged to have participated in the fraudulent scheme by concealing from Plaintiff the existence of the *Anzures* action. (Complaint, ¶¶ 27, 43, 48.)

## IX. PLAINTIFF HAS SUFFICIENTLY ALLEGED A CLAIM UNDER PENAL CODE SECTION 496.

California Penal Code section 484 defines "theft" to include:

> (a) Every person who shall . . . fraudulently appropriate property which has been entrusted to him or her . . . is guilty of theft. . . .

Plaintiff has clearly alleged with detailed facts Defendants' fraudulent misappropriation of the settlement funds that had been entrusted to them and the knowing receipt of such misappropriated funds.

## X. PLAINTIFF'S CLAIM FOR THE REMEDY OF RESTITUTION BASED ON DEFENDANTS' UNJUST ENRICHMENT BASED ON THEIR FRAUD IS A COGNIZABLE CLAIM UNDER CALIFORNIA LAW.

In Plaintiff's Eighth Claim, Plaintiff seeks restitution of funds wrongfully obtained by Defendants by which they were unjustly enriched. California courts have recognized this type of claim. *Lectrodryer v. SeoulBank* (2000) 77 Cal.App.4th 723, 728

[91 Cal.Rptr.2d 881, 884] ("As SeoulBank acknowledges, Lectrodryer's claim for restitution was "technically an action at law." Indeed, Lectrodryer sought and received money damages as its only remedy. Such a remedy, even when equitable principles are applied, indicates the gist of the claim is legal in nature.").)

## XI. PLAINTIFF'S THIRD CLAIM FOR CONSPIRACY UNDER RICO IS NOT REDUNDANT.

Title 18, United Sates Code, section 1962(c) provides, in relevant part, that "[i]t shall be unlawful for any person employed by or associated with any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity."

Title 18, United States Code, section 1962(d) provides, in relevant part, that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsections . . . (b) or (c) of this section [1962]."

In Plaintiff's Third Claim, Plaintiff alleges the violation of Section 1962(d) and included detailed allegations of conspiracy that are not present in the Second Claim for Relief for the violation of Section 19629(c). (See ¶ 48.)

Claims for the violations of these two separate provisions are separate claims, and not, as Defendants' contend, redundant. Plaintiff's Third Claim should not be stricken.

## XII. PARAGRAPH 14 SHOULD NOT BE STRICKEN.

There is no basis to "strike" paragraph 14 from the Complaint. These are factual allegations, and even if they were admissions by Defendants, that would not be grounds to strike them from the Complaint. Defendants are free to dispute such allegations, as they are free to dispute any other allegations. It is wholly inappropriate to "strike" such allegations from the Complaint, and Defendants offer no legal authority in support of such request.

## XIII. CONCLUSION.

Defendants have not established as a matter of law that Plaintiff's requested relief is time-barred. Plaintiff has alleged sufficient facts to support his claims, and, to the

extent the Court believes that he has not done so, Plaintiff should be given leave to amend. (*Mayes v. Leipziger* (9th Cir. 1984) 729 F.2d 605, 607 (order dismissing the complaint without leave to amend was improper because the plaintiffs still had a right to amend once as a matter of course.) Defendants' motion must be denied.

Dated: April 11, 2016    THE DION-KINDEM LAW FIRM

Peter R. Dion-Kindem, P.C.

BY: _____

PETER R. DION-KINDEM
Attorneys for Plaintiff Paul Kranich