PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: (818) 883-4900
Fax:          (818) 883-4902
Email:       peter@dion-kindemlaw.com

Attorneys for Plaintiff Paul Kranich

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Kranich,<br><br>        Plaintiff,<br><br>        vs.<br><br>Thomas V. Girardi, Robert Finnerty,<br>Girardi – Keese, and Does 1 through 100,<br><br>        Defendants. | Case No. 2-16-CV-01209-CAS-E<br><br>**Declaration of Peter R. Dion-Kindem in Opposition to Defendants' Motion to Dismiss**<br><br>**Date:     May 2, 2016**<br>**Time:    10:00 a.m.**<br>**Crtrm:  5 - 2d Floor** |

   I, Peter R. Dion-Kindem, declare:

1.   I am an attorney licensed to practice law in the State of California and before this Court and am counsel for Plaintiff in this action. I have personal knowledge of the following facts and would and could competently testify thereto if called as a witness in this case.

**Declaration of Peter R. Dion-Kindem in Opposition to Defendants' Motion to Dismiss**

**The Court should recuse itself because the Marc M. Selzer, Judge Snyder's husband, has been and is co-counsel with Defendants on many other cases and they share a financial interest based on their fee-sharing agreements.**

2.   28 U.S.C.A. § 455 provides in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

. . .

(4) He knows that he, individually or as a fiduciary, *or his spouse* or minor child residing in his household, *has* a financial interest in the subject matter in controversy or in a party to the proceeding, or *any other interest that could be substantially affected by the outcome of the proceeding*;

(5) He or *his spouse*, or a person within the third degree of relationship to either of them, or the spouse of such a person:

. . .

**(iii)** Is known by the judge *to have an interest that could be substantially affected by the outcome of the proceeding*;

**(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

. . .

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

3.   I understand that Judge Snyder is married to Marc M. Selzer, an attorney at Susman Godfrey, LLP. Based on my Westlaw research, it appears that Mr. Selzer and his firm have been or currently are co-counsel with Defendants on the following federal cases:

**Declaration of Peter R. Dion-Kindem in Opposition to Defendants' Motion to Dismiss**

- *In re Toyota Motor Corp.*, Case No. 8:10ML 02151 JVS (FMOx)
- *In re Motor Fuel Temperature Sales Practices Litigation,* MDL No. 1840. Nos. 07–1840–KHV, 06–2582–KHV, 07–2053–KHV
- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07–1827 SI.MDL No. 1827
- *In re Transpacific Passenger Air Transportation Antitrust Litigation*, No. C 07–05634 CRB

4.  There may be other state court cases in which they are co-counsel and have fee-sharing agreements.

5.  I understand that they have fee sharing arrangements between each other with respect to such cases and therefore share a financial interest based on same.

6.  Obviously, if Defendants have been the source of financial benefit to Mr. Seltzer and his firm through their "joint venturing" of high profile class actions or other mass tort cases that have the potential of generating millions of dollars of fees to Defendants and Mr. Selzer and his firm, if Defendants are found liable for wrongful conduct in this case, such result would severely impair the future potential financial benefit to Mr. Seltzer and his firm from Defendants.

7.  I intend to depose Mr. Selzer regarding his knowledge of Defendants' conduct with respect to the charging of fees and costs with respect to such cases.

8.  Because of the appearance of impropriety that would result if this Court continues to act as the judge in this case in view of her husband's financial relationship with Defendants, I believe it is appropriate for the Court to disqualify itself and that the case be assigned to another judge.

**Mr. O'Callahan's Declaration is replete with false and misleading statements.**

9.  In his Declaration submitted in support of Defendants' Motion to Dismiss, Mr. O'Callahan avers that, in his "meet and confer" telephonic conversation with me, I

stated that I did "not have to plead facts in [my] complaint." This is not true. What I did state is that the law does not require the pleading of "evidentiary facts" in a complaint, but that, in any event, Plaintiff had made sufficiently detailed factual allegations to support of the claims asserted in the Complaint in this action.

10. Mr. O'Callahan also avers that I "admitted" that "retired judges allocated the funds in the underlying Lockheed Litigation." This is not true. What was discussed is that even if it were true, as Defendants were apparently contending, that that retired judges had been involved in allocating *gross* settlement amounts between the participating plaintiffs in the various settlements entered into in the underlying Lockheed Litigation, such fact would not in any way have put Plaintiff on inquiry or actual notice that Defendants had taken excessive fees or costs or had otherwise misused settlement funds for their own benefit as alleged in the Complaint.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: April 11, 2016

_____

Peter R. Dion-Kindem

**Declaration of Peter R. Dion-Kindem in Opposition to Defendants' Motion to Dismiss**

4