UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 16-01209-CAS (Ex) | | Date | April 28, 2016 |
|---|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, et al | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED.STATES DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (not present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** MOTION TO DISQUALIFY JUDGE CHRISTINA SNYDER (DE 12)

On April 22, 2016, Paul Kranich ("Plaintiff") filed an Opposition to Motion to Dismiss. In his Opposition, Plaintiff argues that Judge Christina Snyder should recuse herself. This portion of Plaintiff's opposition has been deemed a motion to disqualify Judge Snyder. The Motion was referred to this Court pursuant to General Order 08-05 and Local Rule 72-5. For the following reasons, the Court denies Plaintiff's Motion.

Plaintiff brings his motion pursuant to 28 U.S.C. § 455. Under 28 U.S.C. § 455, the court determines whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). If so, recusal or disqualification is warranted.

In his motion, Plaintiff states that Judge Snyder's husband, Marc M. Selzer, has been and is co-counsel with Defendants on class action cases and share a financial interest based on their fee-sharing agreements in those cases. Further, Plaintiff states that he intends to depose Mr. Selzer regarding his knowledge of Defendants' conduct with respect to the charging of fees and costs with respect to such cases. However, these facts alone are insufficient for the Court to conclude that Judge Snyder's impartiality might reasonably be questioned, and court records indicate that Mr. Selzer is not a party to, or involved in, the current action. Nor is there any indication that Mr. Selzer has any financial interest in the outcome of this case. As such, Plaintiff has not met his burden on this motion.

Thus, the Court **DENIES** Plaintiff's Motion to Disqualify.

**IT IS SO ORDERED.**

  :  
Initials of Preparer