1  GIRARDI | KEESE
   ROBERT W. FINNERTY, State Bar No. 119775
2  rfinnerty@girardikeese.com
   JAMES G. O'CALLAHAN, State Bar No. 126975
3  jgocallahan@girardikeese.com
   1126 Wilshire Boulevard
4  Los Angeles, California 90017
   Telephone: (213) 977-0211
5  Facsimile: (213) 481-1554

6  Attorneys for Defendants

7

8                    UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  Paul Kranich,                          Case No. 2:16−cv−01209−CAS (E)

12          Plaintiff,                      **DEFENDANTS THOMAS V.
                                            GIRARDI, ROBERT W.
13      v.                                  FINNERTY, AND GIRARDI |
                                            KEESE'S REQUEST FOR
14  Thomas V. Girardi, Robert Finnerty,     JUDICIAL NOTICE IN SUPPORT
    Girardi - Keese, and Does 10 through    OF DEFENDANTS NOTICE OF
15  100,                                    MOTION AND MOTION TO
                                            DISMISS PURSUANT TO FRCP
16          Defendants.                     RULE 12(b)(6)**

17                                          Date:    August 8, 2016
                                            Time:    10:00 a.m.
18                                          Crtrm.:  5 − 2nd floor

19                                          The Hon. Christina A. Snyder

20  _____

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**DEFENDANTS** hereby request that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following true and correct copies of the following documents:

**Exhibit 1:**   June 6, 2016, Civil Minutes Granting Defendants' Motion for Judgment on the Pleadings

**Exhibit 2:**   Civil Complaint filed in *Anzures, et al. v. Girardi Keese, et al.*

**Exhibit 3:**   Class Action Complaint filed on October 24, 2008 by plaintiff's counsel, Gutierrez v. Girardi Keese

**Exhibit 4:**   Third Amended Complaint filed in *Gutierrez v. Girardi Keese, et al.*

**Exhibit 5:**   March 15, 2016 Order Granting Defendants' Motion for Judgment on the Pleadings in *Gutierrez v. Girardi*, Los Angeles Superior Court Case No. BC 400560.

**Exhibit 6:**   Notice of Entry of Judgment as to Plaintiff Paul Kranich in the underlying Lockheed Litigation

**Exhibit 7:**   Plaintiff's Civil Complaint in the underlying Lockheed Litigation, *Almon v. Lockheed Corporation, et al.*

**Exhibit 8:**   February 19, 1998 Settlement Agreement between Plaintiff and certain Lockheed Defendants

| | | |
|---|---|---|
| 1 | **Exhibit 9:** | A December 14, 2000 Letter From Judge Jack Tenner (Ret.) to |
| 2 | | Plaintiff Paul Kranich Enclosing a Lockheed Authorization Form |
| 3 | | |
| 4 | **Exhibit 10:** | A July 7, 1992 Letter from Girardi | Keese to Plaintiff Paul |
| 5 | | Kranich explaining the Lockheed settlement allocation process, |
| 6 | | including the availability of Special Masters. |

Case No. 2:16–cv–01209–CAS (E)

DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP RULE 12(b)(6)

# I.   BASIS FOR TAKING JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence and relevant Federal Court case law, courts may take judicial notice of both documents and the statements contained within them.   *See e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001) (taking notice of the existence of extradition documents as well as statements contained in the documents); *see also Kottle v. Northwest Kidney Centers*, 146 F.3d 1056, 1064 fn. 7 (9th Cir. 1998);   *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).   Specifically, Rule 201(b)(2) allows courts to take judicial notice of facts not subject to reasonable dispute if a source's "accuracy cannot reasonably be questioned."   Fed. R. Evid. § 201(b)(2).

The Court may also take judicial notice of documents outside the four corners of the complaint under limited circumstances. *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) ("However, we are permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them."), citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001); *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-999 (9th Cir. 2011) (the court may consider unattached materials necessarily relied upon by the complaint if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."); *Gemtel Corp. v. Community Redevelopment Agency of City of Los*

Case No. 2:16–cv–01209–CAS (E)

DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)

1  *Angeles*, C.A.9th, 1994, 23 F.3d 1542 (court can consider matters of public record on

2  Rule 12(b)(6) motion); *Lee*, 250 F.3d at 689 (citing, *Mack v. S. Bay Beer Distrib.*, 798

3
4  F.2d 1279, 1282 (9th Cir.1986)).

5          Similarly, a court may take judicial notice of a document outside the four corners

6  of the complaint under the incorporation by reference doctrine. The incorporation by

7  reference doctrine applies "to situations in which the plaintiff's claim depends on the

8
9  contents of a document, the defendant attaches the document to its motion to dismiss,

10 and the parties do not dispute the authenticity of the document, even though the

11
12 plaintiff does not explicitly allege the contents of that document in the complaint."

13 *Okwu v. McKim*, 2:10-CV-0653-GEB-KJM, 2011 WL 219565, at *2 (E.D. Cal. Jan. 19,

14
15 2011) aff'd, 682 F.3d 841 (9th Cir. 2012), (quoting, *Knievel v. ESPN*, 393 F.3d 1068,

16 1076 (9th Cir.2005)).

17         Moreover, Federal Courts may take judicial notice of court records filed in prior

18 actions, including court transcripts. *Southern California Stroke Rehabilitation*

19
20 *Associates, Inc., v. Nautilus, Inc.*, S.D.Cal.2011, 782 F.Supp.2d 1096 (District Court

21 would take judicial notice of certain documents filed in prior action brought by

22
23 purchaser of medical grade exercise equipment against manufacturer…as documents

24 were matters of public record, and authenticity of documents were not in dispute.);

25 *Airframe Systems, Inc. v. Raytheon Co.*, D.Mass.2007, 520 F.Supp.2d 258, *affirmed*

26
27 601 F.3d 9, 95 U.S.P.Q.2d 1082 (On motion to dismiss for failure to state claim, court

28

could consider admission made by defendant's counsel in prior action between parties, which was found in oral argument transcript, since it was public record upon which plaintiff's entire subsequent action relied.)

Exhibits 1 through 7 attached herein are such examples of sources whose accuracy and authenticity remains unchallenged. **Exhibit 1**, is this Court's June , 2016 Civil Minutes Granting Defendants' Motion for Judgment on the Pleadings. **Exhibit 2,** is the civil Complaint filed in the *Anzures v. Girardi Keese* action. Similarly, **Exhibit 3**, the Class Action Complaint filed in the *Gutierrez v. Girardi* action, is available to the public. **Exhibit 4,** the Third Amended Complaint filed in the *Gutierrez v. Girardi* action, is a matter of public record.

In addition, **Exhibit 5**, the March 15, 2016 Order Granting Defendants' Motion for Judgment on the Pleadiings in the *Gutierrez* action, is also a matter of public record. **Exhibit 6**, the Notice of Entry of Judgment as to Plaintiff Paul Kranich in the underlying Lockheed Litigation, is a court document and matter of public record. Finally, **Exhibit 7** is the complaint filed by Timothy Larson on behalf of Paul Kranich in the underlying Lockheed Litigation.

Furthermore, **Exhibit 8**, one of many settlement agreement's entered into between Plaintiff and Lockheed defendants in the underlying Lockheed Litigation, is subject to judicial notice because Plaintiff repeatedly makes reference to the settlements throughout his Complaint and the settlement agreement, and money resulting

DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS
PURSUANT TO FRCP RULE 12(b)(6)

therefrom, is central to Plaintiff's claim. Moreover, the authenticity of the settlement agreement in not reasonably in dispute because it is signed and acknowledged by the Plaintiff, himself. Thus, judicial notice of **Exhibit 8** is appropriate under the incorporation by reference doctrine.

Moreover, **Exhibit 9** consists of a letter by one of the retired judges appointed by the Honorable Melvin B. Grover to oversee the settlement process in the underlying Lockheed Litigation.   Thus, this letter, and attached authorization is part of the Lockheed proceeding, which is directly relevant to Plaintiff's claims.  Therefore, the Court should take judicial notice of this document.

Finally, **Exhibit 10** consists of a letter Plaintiff received, signed and returned to Defendant, Girardi | Keese, acknowledging that he was aware of the contents of the letter and chose to accept the Lockheed settlement. Judicial notice of this letter is proper because the letter is part of the Lockheed proceeding which is directly relevant to Plaintiff's claims. Moreover, judicial notice is proper because Defendants are not asking the Court to take judicial notice of the truth of the contents of the letter. Instead, Defendants are simply requesting that the Court to take judicial notice of the fact that Plaintiff received the letter and was made aware of its contents, which is demonstrated by Plaintiff's signature on the final page. His receipt and acknowledgment of the letter further illustrates the level to which Plaintiff was on inquiry notice of his claims as early as 1992.

Defendant cannot reasonably challenge that either one of these documents is questionable because the documents: (1) are promulgated by the court; (2) are a matter of public record; (3) have been authenticated; and (4) are referenced in Plaintiff's complaint and/or are central to Plaintiff's claim.  Accordingly, their content is indisputable.

## II.   **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant its request for judicial notice of the attached documents.

DATED:  July 5, 2016                    GIRARDI | KEESE

                                   By:  _____/s/ Robert W. Finnerty_____
                                        ROBERT W. FINNERTY
                                        Attorneys for Defendants

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1126 Wilshire Boulevard, Los Angeles, CA 90017-1904.

On July 5, 2016, I served true copies of the following document(s) described as **DEFENDANTS THOMAS V. GIRARDI, ROBERT W. FINNERTY, AND GIRARDI | KEESE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 5, 2016, at Los Angeles, California.

_____
Tracey Faust