Exhibit 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL 'O'

| | | | |
|---|---|---|---|
| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Peter Dion-Kindem | | Robert Finnerty |

**Proceedings:** DEFENDANTS' MOTION TO DISMISS (Dkt. 9, filed March 29, 2016)

## I. INTRODUCTION

On February 22, 2016, plaintiff Paul Kranich filed the instant action against defendants Thomas V. Girardi ("Girardi"), Robert Finnerty ("Finnerty"), Girardi-Keese, and Does 1 through 100 (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff asserts claims against defendants for: (1) fraud; (2) Civil RICO in violation of 18 U.S.C. § 1962(c) and 1964(c); (3) Civil RICO conspiracy in violation of 18 U.S.C. § 1962(d) and 1964(c); (4) conversion; (5) accounting; (6) breach of fiduciary duty; (7) violation of California Penal Code § 496; (8) unjust enrichment; and (9) money had and received. Id.

On March 29, 2016, defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 9. On April 11, 2016, plaintiff filed an opposition, Dkt. 12, and on April 18, 2016, defendants filed a reply, Dkt. 15.[1] Defendants motion is presently before the Court.

## II. BACKGROUND

On May 15, 1991, plaintiff filed a civil lawsuit against his employer, Lockheed Corporation, and various chemical manufacturers for damages allegedly caused by

---

[1] In his opposition, plaintiff argued that this Court should recuse itself pursuant to 28 U.S.C. § 455. Opp'n., at 1. Accordingly, on April 20, 2016, pursuant to General Order 08-05 and Local Rule 72-5 this matter was referred to another district court judge in the Central District of California. Dkt. 19. On April 28, 2016, the Honorable Judge R. Gary Klausner denied plaintiff's motion to disqualify the undersigned. Dkt. 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

chemical exposure while he was employed at Lockheed (the "underlying lawsuit"). Defs.' RJN Ex. 4.[2] Defendants represented plaintiff in the underlying lawsuit. Compl. ¶ 2. After several years of litigation, the defendants in the underlying lawsuit filed a motion for summary judgment on the grounds that plaintiff's suit was barred by the statute of limitations. Def's. RJN Ex. 3. On June 7, 2002, the trial court in the underlying lawsuit determined that plaintiff's claims were, in fact, time-barred and dismissed plaintiff's suit. Id. Specifically, the trial Court determined that, on October 19, 1989, plaintiff had applied for workers compensation benefits seeking compensation for the identical injuries he claimed in the underlying lawsuit. Id. at 5. Nonetheless, plaintiff had not filed the underlying lawsuit until May 15, 1991 and thus the trial court concluded that plaintiff's claims were barred by the applicable one-year statute of limitations. Id. at 6-7.

Prior to the dismissal of the underlying lawsuit, general settlements were reached with various defendants. Compl. ¶ 3. Plaintiff alleges that the settlements, with interest, totaled approximately $130 million. Id. Defendants received the settlement funds from the settling defendants in the underlying lawsuit and controlled all disbursements of such settlement funds. Id. Plaintiff received his last settlement check in 2001. Id.

In the instant action, plaintiff alleges that, despite owing him a fiduciary duty as his attorneys, defendants charged him excessive costs and used the settlement proceeds from the underlying lawsuit for improper purposes. See generally Compl. For example,

---

[2] Defendants request that the Court take judicial notice of various court documents related to the underlying lawsuit. Dkt. 10, Defs.' Request for Judicial Notice ("Defs.' RJN"). "Under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see also Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts"). Accordingly, the Court takes judicial notice of the documents in defendants' request for judicial notice because they are matters of public record, but does not accept them for the truth of the matters asserted therein. See also Munguia v. Wells Fargo Bank, N.A., 2015 WL 1475996, at *1, n.1 (C.D. Cal. Mar. 30, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

plaintiff alleges that defendants used the settlement proceeds to pay individuals in unrelated cases who were apparently represented by defendants and that on several occasions defendants used settlement proceeds to pay personal or unrelated business debts. Id. ¶ 11. And plaintiff alleges that defendants charged him and other plaintiffs in the underlying lawsuit a fixed amount of $22,000 in "costs" even though the total amount of legitimate costs that had been incurred by defendants was substantially less. Id. ¶ 12. Plaintiff now brings claims against defendants for, *inter alia*, fraud, civil RICO, and breach of fiduciary duty.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee, 250 F.3d at 689.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

IV. ANALYSIS

Based on the conduct alleged in the complaint, plaintiff asserts nine claims against defendants. In their motion, defendants argue that all of plaintiff's claims are barred by the applicable statute of limitations. For the following reasons the Court agrees.

Each of the claims asserted in the complaint is subject to a statute of limitations of either two, three, or four years. See Yamachi v. Cotterman, 84 F. Supp. 3d 993, 1010 (N.D. Cal. 2015) ("fraud claims are subject to a three-year statute of limitations") (citing Cal. Civ. Proc. Code § 338(d)); Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987) (holding that the four–year statute of limitations of the Clayton Act, 15 U.S.C.A. § 15(b), should be applied uniformly to all civil RICO claims); Am. Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1479 (Cal. Ct. App. 2014) ("The statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent."); F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 346-50 (Cal. Ct. App. 2008) (explaining that, depending on the grounds on which an unjust enrichment claim is based, the applicable statute of limitations is either three or four years); Murphy v. Am. General Life Ins. Co., 74 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

Supp. 3d 1267, 1279 (C.D. Cal. 2015) ("The statute of limitations period for a claim of conversion is three years.") (citing Cal. Code Civ. Proc. § 338(c)(1)); Id. at 1280 ("The limitations period for bringing a claim of money had and received is two years.") (citing Cal. Code Civ. Proc. § 339(1)); Greenwood v. Mooradian, 137 Cal. App. 2d 532, 546 (Cal. Ct. App. 1955) (statute of limitations for an accounting four years); People v. Grant, 113 Cal. App. 4th 579, 594 (Cal. Ct. App. 2003) (four year statute of limitations applies to violations of California Penal Code § 496). Alternatively, all of the allegations in the complaint arise out of defendants representation of plaintiff in the underlying lawsuit. Pursuant to California Code of Civil Procedure section 340.6, "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first." Cal. Civ. Proc. Code. § 340.6(a).[3]

In the instant action, the conduct which gives rise to each of plaintiffs claims arose in the course of the underlying lawsuit. Plaintiff received his last settlement check in connection with the underlying lawsuit in 2001 and the action was dismissed by the trial court in 2002. Nonetheless, plaintiff did not file the instant suit until February 22, 2016—nearly fourteen years after the underlying lawsuit was dismissed. Accordingly, applying either a two, three, or four year statute of limitations, all of plaintiffs claims have been time-barred for nearly a decade.

---

[3] In plaintiff's papers and at oral argument, counsel for plaintiff argued that there is no statute of limitations for a claim for an accounting. This is incorrect. "With respect to trust accounts, Probate Code section 16460 applies to a fiduciary's duty to provide an accounting to a beneficiary and provides a three-year limitations period that is triggered by the trustee's accounting duty." Praskashpalan v. Engstrom, Lipscomb, and Lack, 223 Cal. App. 4th 1105, 1123 (Cal. Ct. App. 2014). The Court discusses section 16460 supra, n. 4. Moreover, as defendants note, a plaintiff may not resuscitate an expired statute of limitations simply by demanding performance many years after its expiration. See Stafford v. Oil Tool Corp., 133 Cal. App. 2d 763, 765-66 (Cal. Ct. App. 1955) (noting that a plaintiff may not "indefinitely suspend the running of the statute by delaying to make a demand"; rather, "the demand must be made within a reasonable time after it can lawfully be made.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

Plaintiff resists this conclusion. He argues that he did not discover defendants' wrongful conduct until one year before filing the complaint and, in any event, defendants willfully concealed their misconduct thereby tolling the statutes of limitations on plaintiff's claims. As a general matter, under California law, most statutes of limitations are subject to the discovery rule. The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397–398 (1999). "[T]o rely on the doctrine of delayed discovery, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.' " Zamora v. Wells Fargo Bank, 2013 WL 2319079, at *5 (N.D. Cal. May, 28, 2013) (citing Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005)). In addition, "[t]he discovery related facts should be pleaded in detail to allow the court to determine whether the [cause of action] should have been discovered sooner." Cansino v. Bank of America, 22 Cal. App. 4th 1462, 1472 (Cal. Ct. App. 2014). "Conclusory allegations will not withstand a demurrer." Id.

Here, plaintiff alleges that he did not discover defendants' wrongful conduct until March of 2015 when his current attorney, Peter R. Dion-Kindem, advised him of defendants' wrongful conduct. Compl. ¶ 28. However, plaintiff pleads only a single fact to explain why he could not have discovered his causes of action prior to March of 2015. Specifically, plaintiff alleges that "[t]he bank records and other records reflecting Girardi's improper use of the settlement proceeds were in Girardi's possession, and Plaintiff did not have access to such records." Id. In short, plaintiff appears to allege that defendants' bank records revealed that they had used the Lockheed settlement proceeds for improper purposes and that, without access to these bank records, even if plaintiff had conducted a reasonable investigation he would not have discovered defendants allegedly wrongful conduct. Yet plaintiff fails to explain why access to defendants' bank records was the only way to determine how the Lockheed settlement proceeds had been allocated. And plaintiff makes only conclusory allegations that an investigation would have been fruitless without access to the bank records. Indeed, the complaint is devoid of any facts describing the steps plaintiff took to investigate or otherwise apprise himself of his causes of actions. Accordingly, the meager allegations in the complaint are insufficient to explain why, during the nearly thirteen years between the end of the underlying lawsuit and March 2015, plaintiff was unable to discover the existence of his causes of action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

Moreover, plaintiff was arguably on inquiry notice of his claims long before he filed the instant action. Specifically, in 2001, defendants' co-counsel in the underlying lawsuit, Jeffrey C. McIntyre and Timothy Larson, filed a lawsuit against defendants on behalf of ninety other plaintiffs in the underlying lawsuit. RJN, Ex. 1. This action, Anzures et al. v. Girardi & Keese, Los Angeles Superior Court Case No. VC35337, raised virtually identical allegations as the instant suit. See id. In the complaint, plaintiff fails to explain how ninety of his fellow plaintiffs in the underlying lawsuit were aware of defendants' alleged misconduct and yet he remained unaware until nearly fourteen years later. Moreover, as a law suit filed in Los Angeles Superior Court, the Anzures action is a matter of public record. Had plaintiff conducted a reasonable investigation he would have likely discovered the Anzures litigation and become aware of his causes of action. See also Miller v. Bechtel Corp., 33 Cal. 3d 868, 875 (1983) (explaining that, if a plaintiff "[becomes] aware of facts which would make a reasonably prudent person suspicious, she ha[s] a duty to investigate further, and [is] charged with knowledge of matters which would have been revealed by such an investigation."). At a minimum, the existence of the Anzures litigation rebuts plaintiffs argument that, without access to defendants' bank records, he could not have discovered his causes of action through reasonable investigation.

Finally, plaintiff argues that defendants willfully concealed the existence of the Anzures action from him, thus preventing him from discovering his causes of action until March of 2015. This argument fails for two reasons. First, as already stated, the Anzures action was a matter of public record. Assuming that defendants did not inform plaintiff of the Anzures action, plaintiff still fails to explain why he could not have independently discovered the existence of this ligation. Second, "[t]o toll the statute of limitations under a fraudulent concealment theory, a plaintiff 'must plead facts showing that [defendants] affirmatively misled [him] and that [plaintiff] had neither actual nor constructive knowledge of the facts giving rise to [his] claim despite [his] diligence in trying to uncover those facts." In re Capacitors Antitrust Litigation, 106 F. Supp. 3d 1051, 1065 (N.D. Cal. 2015) (citing Conmar Corp. v. Mitsui & Co. (U.S.A.), 858 F.2d 499, 502 (9th Cir.1988)); see also Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal. App. 4th 1105, 1123 (Cal. Ct. App. 2014) ("To take advantage of [the fraudulent concealment] doctrine 'the plaintiff must show . . . the substantive elements of fraud . . . and . . . an excuse for late discovery of the facts.'") (citations omitted). "Conclusory statements are not enough, and plaintiffs must instead 'plead with particularity the circumstances of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                                                    'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

concealment and the facts supporting [their] due diligence.'" In re Capacitors Antitrust Litigation, 106 F. Supp. 3d at 1065 (citing Conmar Corp., 858 F.2d at 502). Here, plaintiff does not identify a single affirmative statement by which defendants misled him. This is insufficient to toll the statute of limitations under a fraudulent concealment theory.

    Accordingly, for all of the foregoing reasons, the Court finds that each of plaintiffs claims is barred by the applicable statute of limitations and that plaintiff has failed to allege sufficient facts to support a theory of either delayed discovery or fraudulent concealment.[4]

---

[4] Plaintiff also argues that the statute of limitations in Probate Code section 16460 should apply to his fraud-based claims. Probate code section 16460 applies to claims by a beneficiary of a trust against a trustee. See Noggle v. Bank of America, 70 Cal. App. 4th 853, 859 (Cal. Ct. App. 1999) (noting that the statute of limitations in section 16460 is "applicable to all claims for breach of trust"). Some courts have held that, because an attorney who takes possession of settlement funds on behalf of his client acts as a trustee for those funds, actions arising out of the attorney's administration of those funds are subject to the statute of limitations in section 16460. See,e.g., Prakashpalan, 223 Cal. App. 4th at 1125 ("we apply Probate Code section 16460 to plaintiffs' fraud-based claims that Engstrom did not properly distribute the aggregate settlement proceeds"). The statute of limitations under section 16460 is tied to the trustee's duty to provide an accounting. A beneficiary of a trust who receives an accounting that adequately discloses the existence of a claim against the trustee has three years from the date of receipt of the accounting to file an action. Cal. Prob. Code. § 16460(a)(1). If the accounting does not adequately disclose the existence of a claim against the trustee, the beneficiary has three years from the date of discovery of the claim to file an action. Cal. Prob. Code. § 16460(a)(2). Here, plaintiff contends that, because defendants never provided him with any written account or report as to their handling of the settlement proceeds, the statute of limitations under section 16460 has not yet begun to accrue and plaintiff's fraud-based claims are not time-barred. Plaintiff also appears to argue that, in the absence of an accounting, his fraud-based claims could not begin to accrue until he *actually* discovered defendants' wrongdoing, i.e., not merely when plaintiff had reason to suspect defendant's misconduct, but rather, when plaintiff, in fact, knew of defendants' misconduct. This argument runs counter to the express language of section 16460. Specifically, section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                      'O'

| Case No. | CV16-1209-CAS(Ex) | Date | June 6, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff is hereby given **thirty (30) days** in which to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal of plaintiff's complaint with prejudice.

IT IS SO ORDERED

|  | 00 : 11 |
|---|---|
| Initials of Preparer | CL |

---

16460 states "if a beneficiary does not receive any written account or report, the claim is barred as to that beneficiary unless a proceeding to assert the claim is commenced within three years after the beneficiary discovered, or reasonably should have discovered, the subject of the claim." Id.; see also Britton v. Girardi, 235 Cal. App. 4th 721, 734 (Cal. Ct. App. 2015) ("Under [section 16460], the duty of inquiry is triggered where there is sufficient information (either through an accounting *or otherwise* ) to put the beneficiary on notice to take action.") (emphasis in original). In other words, when the beneficiary has received no accounting, section 16460 simply incorporates the delayed discovery rule discussed *supra*. See Quick v. Pearson, 186 Cal. App. 4th 371, 378 (Cal. Ct. App. 2010) (explaining that Cal. Probate Code § 16460(a)(2) "refers to the delayed discovery rule"). Finally, plaintiff argues that, because he was in a fiduciary relationship with defendants, he had no duty to inquire into their misconduct. However, this argument has been rejected by the California Courts of Appeals. See Britton, 235 Cal. App. 4th at 734 ("[A] duty of inquiry exists even where the alleged wrongdoer is a fiduciary.") (citing Noggle, 70 Cal. App. 4th at 861 n.5). Accordingly, even applying section 16460 to plaintiff's fraud-based claims, the Court finds that plaintiff had a duty to inquire into defendants' alleged misconduct and, for the reasons already stated, plaintiff has failed to allege sufficient facts to support a theory of delayed discovery.