Exhibit 4

PETER R. DION-KINDEM (SBN 95267)
PETER R. DION-KINDEM, P. C.
DION-KINDEM & CROCKETT
21271 Burbank Blvd., Suite 100
Woodland Hills, California 91367
Telephone:   (818) 883-4400
Fax:           (818) 676-0246

Attorneys for Plaintiff Luis Gutierrez

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Luis Gutierrez, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Thomas V. Girardi, Girardi & Keese, and Does 1 through 100,<br><br>Defendants | Case No. BC 400560<br>**CLASS ACTION**<br>*(Assigned to the Hon. William Highberger - Dept. CCW 307)*<br><br>**Third Amended Complaint for:**<br><br>1.  **Fraudulent Breach of Fiduciary Duty**<br>2.  **Money Had and Received** |

Plaintiff Luis Gutierrez on information and belief alleges as follows:

1. This is a class action brought by Plaintiff on behalf of himself and other persons who were represented by Thomas Girardi and his law firm, Girardi & Keese, (hereinafter collectively referred to as "Girardi") in connection with litigation filed on behalf of current or former employees of Lockheed Corporation against Lockheed and other defendants ("Lockheed Litigation"), Judicial Council Coordination Proceeding No. 2967.

2. Between 1992 and 2001, settlements were reached in the Lockheed Litigation with various defendants. The settlements, with interest, totaled approximately $131 million. Defendants received settlement funds from the Lockheed Litigation and controlled all disbursements.

**Third Amended Complaint**

1

4-2072

3. Plaintiff claims that Defendants fraudulently breached their fiduciary duty and committed other wrongful acts with respect to the handling and distribution of the settlement funds generated in the Lockheed Litigation that were owing to Plaintiff and plaintiff class members by, among other things:

    a. Failing and refusing to promptly disburse to Plaintiff and plaintiff class members said plaintiffs' rightful shares of the settlements;

    b. Disbursing Plaintiff and plaintiff class members' funds to Defendants without said plaintiffs' knowledge and consent;

    c. Disbursing Plaintiff and plaintiff class members' funds to third parties without said plaintiffs' knowledge and consent;

    d. Disbursing and/or utilizing Plaintiff and plaintiff class members' funds for Defendants' own individual interests without said plaintiffs' knowledge and consent;

    e. Disbursing and/or withholding from distribution to Plaintiff and plaintiff class members as costs amounts and/or items not properly chargeable as costs;

    f. Failing to maintain Plaintiff and plaintiff class members' funds in interest bearing trust accounts;

    g. Failing to deal honestly and loyally with Plaintiff and plaintiff class members;

    h. Misrepresenting and/or concealing from Plaintiff and plaintiff class members Defendants' wrongful conduct with respect to the disposition of the settlements;

    i. Managing Plaintiff and plaintiff class members' funds in a way to maximize profits for Defendants at the expense of said plaintiffs.

4. Plaintiff Luis Gutierrez is an individual residing in California. Girardi represented Plaintiff in the Lockheed Litigation.

5. Thomas Girardi is an attorney practicing law in California. Girardi & Keese is a law firm believed to be owned in whole or in part by Thomas Girardi.

6. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 100 and therefore sues such defendants by these fictitious names.

Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

7. Defendants have been or are the principals, officers, directors, agents, employees, representatives and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some or all of the Defendants entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy and Defendants aided and abetted each other in their execution. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in effecting the acts alleged herein.

### Class Action Allegations

8. Plaintiff brings this action on behalf of himself and all others similarly situated as representative of the following class:

> All persons who were represented by Defendants in connection with the Lockheed Litigation whose claims have been adjudicated or settled as to all of the defendants in the Lockheed Litigation, except for those class members who settled their claims against Defendants.

9. Plaintiff is a member of the class.

10. Members of the class are so numerous that joinder of all members is impracticable. Plaintiff believes that the size of the class exceeds 200 persons.

11. Plaintiff's claims relate solely to Defendants' handling of the settlement funds in the Lockheed Litigation. There are questions of fact and law common to the class, which common questions predominate over any questions affecting only individual members.

---

**Third Amended Complaint**

3

DION-KINDEM & CROCKETT

Those common questions include whether Defendants engaged in the following conduct and whether such conduct is improper and subjects Defendants to civil liability:

a. Failing and refusing to promptly disburse to Plaintiff and plaintiff class members said plaintiffs' proportional share of the settlements;

b. Disbursing Plaintiff and plaintiff class members' funds to Defendants without said plaintiffs' knowledge and consent;

c. Disbursing Plaintiff and plaintiff class members' funds to third parties without said plaintiffs' knowledge and consent;

d. Disbursing and/or utilizing Plaintiff and plaintiff class members' funds for Defendants' own individual interests without said plaintiffs' knowledge and consent;

e. Disbursing and/or withholding from distribution to Plaintiff and plaintiff class members as costs amounts and/or items not properly chargeable as costs;

f. Failing to maintain Plaintiff and plaintiff class members' funds in interest bearing trust accounts;

g. Failing to deal honestly and loyally with Plaintiff and plaintiff class members;

h. Misrepresenting and/or concealing from Plaintiff and plaintiff class members Defendants' wrongful conduct with respect to the disposition of the settlements;

i. Managing Plaintiff and plaintiff class members' funds in a way to maximize profits for Defendants at the expense of said plaintiffs;

j. Whether Defendants breached their fiduciary duty to Plaintiff and plaintiff class members in connection with the Lockheed Litigation;

k. Whether Defendants are liable for money had and received for the benefit of Plaintiff and plaintiff class members.

12. Plaintiff can and will fairly and adequately represent and protect the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class. Plaintiff has retained experienced and competent attorneys who are capable of representing the interests of the class.

13. All class members have the same legal rights to, and interest in, the fair treatment by Defendants.

14. The class action is an appropriate method for fair and efficient adjudication of the controversy given the following:

   A. Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a class wide instead of a repetitive individual basis;

   B. Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

   C. Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

   D. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law or fact to be litigated at the liability stage are common to the class.

15. Class certification is fair and efficient as well because prosecution of separate actions would create a risk of adjudications with respect to individual members of the class, which as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

16. Class certification is appropriate because Defendants have acted on grounds generally applicable to the class.

### First Cause of Action - Fraudulent Breach of Fiduciary Duty
### (Against all Defendants)

17. Plaintiff realleges paragraphs 1 through 16.

**Third Amended Complaint**

5

18. Defendants were the attorneys for Plaintiff and plaintiff class members in the Lockheed Litigation and owed them a fiduciary duty to hold as trustees all settlement proceeds they received in the Lockheed Litigation for the benefit of Plaintiff and plaintiff class members.

19. As the attorneys for Plaintiff and plaintiff class members, Defendants were required, among other things, to promptly disburse to Plaintiff and plaintiff class members their portion of the settlement proceeds, to promptly provide a complete and accurate accounting to said plaintiffs of all funds received and disbursements made, to deposit the settlement proceeds in interest bearing trust accounts for the benefit of Plaintiff and plaintiff class members, to disburse as costs only those expenses that were properly and reasonably incurred in the Lockheed Litigation, and to take as fees only those fees to which they were entitled.

20. Defendants knowingly, intentionally and fraudulently breached their fiduciary duties owed to Plaintiff and plaintiff class members by:

   a. Failing and refusing to promptly disburse to Plaintiff and plaintiff class members said plaintiffs' proportional share of the settlements;

   b. Disbursing Plaintiff and plaintiff class members' funds to Defendants without said plaintiffs' knowledge and consent;

   c. Disbursing Plaintiff and plaintiff class members' funds to third parties without said plaintiffs' knowledge and consent;

   d. Disbursing and/or utilizing Plaintiff and plaintiff class members' funds for Defendants' own individual interests without said plaintiffs' knowledge and consent;

   e. Disbursing and/or withholding from distribution to Plaintiff and plaintiff class members as costs amounts and/or items not properly chargeable as costs;

   f. Failing to maintain Plaintiff and plaintiff class members' funds in interest bearing trust accounts;

   g. Failing to deal honestly and loyally with Plaintiff and plaintiff class members;

h. Misrepresenting and/or concealing from Plaintiff and plaintiff class members Defendants' wrongful conduct with respect to the disposition of the settlements;

i. Managing Plaintiff and plaintiff class members' funds in a way to maximize profits for Defendants at the expense of said plaintiffs.

### Defendants' improper use of Lockheed Settlement Funds

21. Plaintiff believes that Defendants improperly used Lockheed Settlement funds for the following improper purposes, *inter alia*, which Plaintiff only discovered after this lawsuit was filed:

   a. The payments to individuals in unrelated cases who were apparently represented by Defendants, including but not limited to the payment of $619,000 to a person named Albert R. Snider, $405,926.76 to a person named Robert Katz, and $400,000 to a person named Lester Elmore.

   b. The payment for Defendants' personal or unrelated business debts, including but not limited to payments to the following persons or entities:

      i. $250,000 to G&L Aviation, an entity of which Defendant Girardi is a principal;

      ii. $100,000 to Robert Baker falsely designated variously at various times as "settlement" and "associate counsel fees," when in fact Mr. Baker is believed to have been one of Defendant Girardi's divorce attorneys and was neither a settling plaintiff nor an associate counsel in the Lockheed Litigation.

      iii. $181,534 to Fred J. Martino. counsel for Albert R. Snider in an unrelated matter;

      iv. $50,000 to David Harney as associate counsel fees even though he was not an associate counsel;

      v. $500,000 to Everen Securities purportedly as "settlement," when ln fact said sum was paid to fund defendant Girardi's private investment account;

---

**Third Amended Complaint**

7

  vi. $350,000 to Western Bank purportedly for "fees" when no such fees were legitimately due out of Lockheed Litigation settlement funds and/or funds held by Defendants on behalf of Plaintiff or plaintiff class members;

  vii. $1,000,000 purportedly paid to "Global Client Payments" and $827,446.77 purportedly paid to "Lockheed Plaintiffs" out of Lockheed Litigation Cases funds and/or funds held by Defendants on behalf of Plaintiff and plaintiff class members when, on information and belief, Defendants paid said funds to themselves or others who were not Lockheed Litigation plaintiffs.

22. Plaintiff is informed and believes that Defendants were removing for their own purposes and in violation of Defendants' duties to Plaintiff and plaintiff class members funds held in client trust accounts that belonged to and were for the benefit of plaintiff and plaintiff class members. Said wrongful removal of funds included, but was not limited to, the complete exhaustion of $8,500,000 in Lockheed Litigation settlement funds during the period from in or about September 1997 to in or about 2000, including monies due Plaintiff and plaintiff class members out of a client trust account maintained by Defendants at Wells Fargo Bank, for expenditures unrelated to Plaintiff or plaintiff class members, including, for example only, the payment of $500,000 in or about 1998 toward obligations due under a real estate escrow in which Defendants were involved and which was unrelated to the Lockheed Litigation.

### Defendants' Charging of Excessive Costs

23. Defendants charged excessive costs. For example, Defendants charged a fixed amount of $22,000 in "costs" each to Plaintiff and plaintiff class members, even though the total amount of legitimate costs that had been incurred by Defendants in connection with the Lockheed Litigation prior to the last settlement distribution made to Plaintiff and plaintiff class members was substantially less than $22,000 for each Lockheed plaintiff. Defendants charged Plaintiff and plaintiff class members this fixed "cost" charge without disclosing such fact to Plaintiff and plaintiff class members and without obtaining their

---
**Third Amended Complaint**

8

prior written consent and in fact concealed from Plaintiff and plaintiff class members that Defendants' were basing their settlement distributions to them based in part on such excessive fixed "cost" charge with the intent of defrauding Plaintiff and plaintiff class members.

24. Not only did Defendants take excessive costs and conceal such fact from Plaintiff and plaintiff class members, they also improperly charged as "costs" the following:

   a. In a cost accounting submitted to Plaintiff in this litigation, Defendants claimed as costs $480,011.74 in "consulting fees" which had previously been characterized by Defendants as "associate counsel fees." These were payments to other attorneys and possibly other persons who were allegedly involved in the Lockheed Litigation. These amounts were not properly chargeable as "costs" to the Lockheed plaintiffs, however. Moreover, even assuming that such payments were for work done on the Lockheed Litigation, to the extent such payments were to attorneys for their work on the Lockheed Litigation, such payments should have been borne as part of Defendants' share of attorney's fees, not chargeable as "costs." Moreover, many of the alleged "fees" are believed to be unrelated to the Lockheed Litigation and not properly chargeable to Lockheed plaintiffs as "costs" in any event.

   b. In a cost accounting submitted to Plaintiff in this litigation, Defendants claimed $221,926.76 in "client advances" it had allegedly made as "costs." These are not costs, however, but distributions to clients and should not have been chargeable as "costs" to Lockheed Plaintiffs. .

   c. In a cost accounting submitted to Plaintiff in this litigation, Defendants claimed as "costs" $3.5 million in payments made in August 2005 in settlement of the *Anzures* litigation brought by McIntyre, which settlement included attorney's fees payable to McIntyre. Any allocation of this amount for attorney's fees would not be costs, nor would any allocation of amounts distributed to McIntyre's clients as their share of the settlements be "costs."

**Third Amended Complaint**

9

d. Costs incurred in connection with matter unrelated to the Lockheed litigation, including other litigation being handled by Defendants.

### Defendants' Charging of Excessive Fees

25. The fees taken by Defendants were excessive and unreasonable. For example:

   a. In calculating Plaintiff and class members' share of the Lockheed settlements, Defendants' took their fees "off the top," without first deducting from the gross settlements the reasonable costs incurred. This was inconsistent with the fee agreements between Larson and Lockheed plaintiffs, which provided that fees were to be taken on the "net" settlements, *i.e.*, **after** costs were deducted from gross amount of the settlements. Defendants' willfully concealed this fact from Plaintiff and plaintiff class members, and Plaintiff did not know that Defendants were doing this until after this litigation was filed and Defendants admitted that they were doing this.

   b. In calculating their fees, Defendants charged plaintiff and plaintiff class members a total contingency fee of 40% of total gross proceeds, even though Defendants had agreed to accept only one-third in fees on many of the settlements, including without limitation the Lockheed settlement. Defendants' willfully concealed this fact from Plaintiff and plaintiff class members, and Plaintiff did not know that Defendants were doing this until after this litigation was filed and Defendants admitted that they were doing this.

26. In furtherance of Defendants' fraudulent scheme to defraud Plaintiff and plaintiff class members, when Defendants made settlement distributions to Plaintiff during the Lockheed Litigation, Defendants did not provide a proper accounting for each distribution showing:

   a. the gross amount of the settlements to which the settlement distribution related;

   b. how Plaintiff's gross share of each settlement payment was calculated;

   c. how much attorney's fees Defendants were taking from each settlement in which Plaintiff participated;

    d.    how Defendants had calculated the fees they were taking from each settlement in which Plaintiff participated;

    e.    the amount of costs were being deducted from each settlement in which Plaintiff was participated;

    f.    the calculation of Plaintiff's share of such costs with respect to each settlement in which Plaintiff participated or the basis for such calculation.

27. Rather than proving Plaintiff and plaintiff class members with a proper accounting, Defendants provided them with "net" checks and represented that this was the money to which they were entitled.

28. After this lawsuit was filed, Plaintiff demanded that Defendants account to Plaintiff for his share of the Lockheed settlements in which he participated pursuant to Business and Professions Code Section 6091. A copy of this demand is attached as Exhibit 1. In breach of their fiduciary duty and in violation their obligations under Section 6091, Defendants refused and continue to refuse to provide Plaintiff with the information required under Section 6091.

29. As a proximate result of Defendants' violation of their fiduciary duty and their duty under Section 6091, Plaintiff has incurred attorney's fees in attempting to obtain such accounting.

### Defendants' Fraudulent Representations

30. When Defendants made settlement distributions to Plaintiff and plaintiff class members, Defendants represented in writing that they were distributing the shares of the Lockheed Litigation settlements to which they were entitled.

31. Defendants' representations were false, and Defendants knew that the representations were false when they made them, or Defendants made such representations recklessly and without regard for their truth.

32. Defendants intended Plaintiff and plaintiff class members to rely on the representations.

33. Plaintiff and plaintiff class members believed Defendants' representations were true and reasonably relied on Defendants' representations.

**Third Amended Complaint**

11

34. Plaintiff and plaintiff class members were harmed as a proximate result of Defendants' fraudulent conduct in that they did not receive the proper share of the Lockheed Litigation settlement proceeds to which they were entitled.

35. Plaintiff's and plaintiff class members' reliance on Defendants' representations was a substantial factor in causing their harm.

### Defendants' Fraudulent Concealment

36. Defendants, as the attorneys for Plaintiff and plaintiff class members, owed Plaintiff and plaintiff class members a fiduciary duty.

37. Defendants intentionally and willfully failed to disclose and concealed the facts alleged above regarding to the costs and fees they were charging Plaintiff and plaintiff class members and their improper handling of the Lockheed Litigation settlement proceeds.

38. Plaintiff and plaintiff class members did not know of the concealed facts.

39. Defendants intended to deceive Plaintiff and plaintiff class members by concealing the facts.

40. Plaintiff and plaintiff class members reasonably relied on Defendants' deception in believing that they had received all of the settlement proceeds to which they were entitled.

41. Plaintiff and plaintiff class members were harmed in that they did not receive the proper share of the Lockheed Litigation settlement proceeds to which they were entitled.

42. Defendants' concealment was a substantial factor in causing their harm.

43. As a proximate result of Defendants' fraudulent conduct and fraudulent breach of fiduciary duty, Plaintiff and plaintiff class members have been damaged in an amount believed to be in excess of $10 million.

44. The foregoing conduct of Defendants:

   a. constituted an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff class members of property or legal rights or otherwise causing Plaintiff and plaintiff class members injury;

    b.    was intended by Defendants to cause injury to Plaintiff and plaintiff class members or was despicable conduct that was carried on by Defendants with a willful and conscious disregard of the rights or safety of others; and/or

    c.    was despicable conduct that subjected Plaintiff and plaintiff class members to cruel and unjust hardship in conscious disregard of Plaintiff and plaintiff class members' rights so as to justify an award of punitive damages against Defendants.

45. By virtue of Defendants' violation of their fiduciary duty to Plaintiff and plaintiff class members, Defendants' retention of Plaintiff's and plaintiff class members' share of the settlement funds is wrongful, and Plaintiff is entitled to an order declaring that Defendants hold said settlement funds and any proceeds thereof and any other property acquired therewith (collectively "Property") as a constructive trustee for the benefit of Plaintiff and plaintiff class members and compelling Defendants to convey the Property to Plaintiff and plaintiff class members. To the extent that all or a portion of said Property has been transferred by Defendants to third persons who had no knowledge of Defendants' wrongful acquisition of such Property and for valuable consideration ("Transferred Property"), Plaintiff and plaintiff class members are entitled to an order requiring Defendants to pay Plaintiff and plaintiff class members an amount equal to the value of said Transferred Property, plus interest thereon.

46. Plaintiff is not aware of the exact amount of money received by Defendants, nor is Plaintiff aware of all disbursements or the reasons therefor. The exact amount of money due from Defendants to Plaintiff and plaintiff class members is unknown to Plaintiff and cannot be ascertained without an accounting of the receipts and disbursements. Defendants have failed and refused to provide to Plaintiff and plaintiff class members an accurate and complete accounting of the settlement proceeds received in connection with the Lockheed Litigation.

**Defendants' willful concealment of their fraudulent breach of fiduciary duty**

47. In fact, in violation of their fiduciary duty to Plaintiff and plaintiff class members, Defendants willfully concealed their wrongful conduct as alleged above and affirmatively

**Third Amended Complaint**
13

DION-KINDEM & CROCKETT

misrepresented that Plaintiff and Plaintiff class members had been distributed all of the moneys to which they were entitled. Defendants knew that the payments they were making to Plaintiff and plaintiff class members were less than that to which they were entitled and that they were taking excessive fees and charging excessive costs and otherwise improperly using Lockheed Litigation settlement proceeds.

48. Plaintiff trusted Defendants because Defendants were his attorneys, and Plaintiff did not believe that Defendants were being untruthful and were not providing him with his proper share of the settlement moneys. The bank records reflecting Defendants' improper use of the settlement proceeds were in Defendants' possession, and Plaintiff did not have access to such bank records. Plaintiff did not discover, or have reason to believe, that Defendants were fraudulently breaching their fiduciary duty to him as alleged above until he was advised by his attorney, Peter Dion-Kindem, of Defendants' wrongful conduct, which occurred in 2008, within a year of the date the original complaint was filed in this action.

### Second Cause of Action - Money Had and Received
**(Plaintiff, on behalf of himself and the plaintiff class, against all Defendants)**

49. Plaintiff realleges paragraphs 1 through 48.

50. Defendants received money believed to be in excess of $10 million that was intended to be used for the benefit of Plaintiff and plaintiff class members.

51. The money was not used for the benefit of Plaintiff and plaintiff class members.

52. Defendants have not given the money to Plaintiff and plaintiff class members.

WHEREFORE Plaintiff prays that judgment be entered against Defendants and each of them and in favor of Plaintiff as follows:

1. For compensatory and general damages according to proof.

2. For the sum owing by Defendants to Plaintiff and plaintiff class members for money had and received for their benefit.

3. For restitution and/or other applicable equitable relief.

DION-KINDEM & CROCKETT

**Third Amended Complaint**
14

4. For an order declaring that Defendants hold Plaintiff's and plaintiff class members' interest in the settlement proceeds received by Defendants as constructive trustee for Plaintiff and plaintiff class members.

5. For an order compelling Defendants to convey to Plaintiff and plaintiff class members their portion of the settlement funds obtained by Defendants.

6. For an order compelling Defendants to account for settlement funds obtained by Defendants.

7. To the extent that all or portions of said settlement funds have been transferred to third persons with no knowledge of Defendants' wrongful acquisition/retention of such funds and for valuable consideration ("Transferred Property"), for an order requiring Defendants to pay Plaintiff and plaintiff class members an amount equal to the value of said Transferred Property, plus interest thereon.

8. For punitive damages according to proof.

9. For interest as allowed by law

10. For costs of suit.

11. For such other relief as the Court may deem proper.

Dated: April 20, 2012

DION-KINDEM & CROCKETT

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorneys for Plaintiff Luis Gutierrez

# Exhibit 1

# DION-KINDEM & CROCKETT
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

21271 BURBANK BLVD., SUITE 100
WOODLAND HILLS, CALIFORNIA 91367
(818) 883-4400   Fax: (818) 676-0246

EMAIL: PETER@DKCLAW.COM

July 14, 2009

*Via CaseAnywhere*

Robert W. Finnerty
Girardi & Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017

    Re:    *Gutierrez v. Girardi & Keese et al.*

Dear Mr. Finnerty:

    California Business & Professions Code section 6091 provides:

> **§ 6091. Mishandling of trust fund; Investigation; Statements of disbursements and charges**
>
> If a client files a complaint with the State Bar alleging that his or her trust fund is being mishandled, the State Bar shall investigate and may require an audit if it determines that circumstances warrant.
>
> At the client's written request, the attorney shall furnish the client with a complete statement of the funds received and disbursed and any charges upon the trust account, within 10 calendar days after receipt of the request. Such requests may not be made more often than once each 30 days unless a client files a complaint with the State Bar and the State Bar determines that more statements are warranted.

    You and I have spoken many times about my request for a written accounting of the Lockheed Litigation settlement proceeds, and I have requested such an accounting in writing on numerous occasions. You have yet to produce a complete accounting.

    Formal demand is hereby made that Girardi & Keese provide me with a "complete statement of the funds received and disbursed and any charges upon the trust account" relating to all settlements in the Lockheed Litigation in which Mr. Gutierrez participated.

DION-KINDEM & CROCKE
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

Robert W. Finnerty
July 14, 2009
Page 2

    I also note that you have not responded to my letter of June 30, 2009 or provided me with your sections of the draft Joint Status Report I sent to you. Please provide me with your sections of the Joint Status Report so that I can finalize it and have it filed with the Court.

    If your client fails to provide such accounting as required by section 6091, I will take appropriate steps through appropriate channels, to ensure that your client complies with his legal and ethical obligations.

                            Sincerely,

                            PETER R. DION-KINDEM, P.C.

                            *[signature]*

                            PETER R. DION-KINDEM

**Proof of Service**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 21271 Burbank Blvd., Suite 100 Woodland Hills, CA 91367.

On April 20, 2012, I served the following document(s) described as:

**Third Amended Complaint**

on interested parties in this action by electronically transmitting a copy thereof to CASE ANYWHERE at support@caseanywhere.com in accordance with the Order Authorizing Electronic Service dated January 6, 2009 filed in the above-entitled action.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 20, 2012.

_____
Peter R. Dion-Kindem