Exhibit 5

**FILED**
Superior Court of California
County of Los Angeles

MAR 15 2016

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Aldwin Lim

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LUIS GUTIERREZ, Plaintiff<br><br>vs.<br><br>THOMAS V. GIRARDI, GIRARDI & KEESE, and Does 1 through 100, Defendants | Case No: BC400560<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |

On February 11, 2016 at 8:30 a.m., the Motion for Judgment on the Pleadings filed on behalf of Defendants THOMAS V. GIRARDI; GIRARDI & KEESE (collectively "Defendants") came on for hearing before the Honorable William F. Highberger, in Department 322 of the above-entitled Court, located at 600 S. Commonwealth Ave., Los Angeles, California, 90005. Robert W. Finnerty, Esq. of Girardi & Keese appeared on behalf of Defendants. Peter Dion-Kindem, Esq. appeared on behalf of Luis Gutierrez (hereinafter "Plaintiff).

The Court having considered all of the evidence, all of the points and authorities, all of the documents upon which it took judicial notice, the oral argument of counsel, and upon proof made to the satisfaction of the Court, IT IS ORDERED, ADJUDGED AND DECREED as set forth below:

On December 1, 2015, Defendants filed a motion for judgment on the pleadings. A written opposition was proffered by plaintiff's counsel which contested the adequacy of notice amongst other things, and the motion was fully argued on December 23, 2015. The Court denied

1

Defendants' motion without prejudice on December 23, 2015 based on the inadequacy of notice. The Court found that Defendants were one day late in serving plaintiff's counsel with the motion pursuant to the rules of electronic service that governed this matter. Defendants got the same motion reset for hearing based on an ex parte application granted on December 30, 2015. The renewed motion was argued on the merits and denied on December 31, 2015 for reasons stated in a written "Ruling After Oral Argument." As noted therein, the Court declined to take judicial notice of various items which were first proffered to the Court and opposing counsel less than 24 hours before the December 31 hearing, which had been set on shortened time since it otherwise was based entirely on the same papers filed in connection with the defectively noticed motion hearing held December 23, 2015.

Plaintiffs were able to take the deposition of defendant Thomas V. Girardi and the deposition of a person most knowledgeable of Girardi & Keese thereafter. At the final status conference hearing on February 5, 2016, the adequacy of Plaintiffs pleading was revisited. Defendants brought an ex parte application asking that their renewed motion for judgment on the pleadings be heard on shortened time since the trial date of February 16, 2016, was otherwise fast approaching. The Court determined that it had questions as to the correctness of its ruling on December 31, 2015, for which reason it was re-setting that motion for sua sponte reconsideration with further argument on February 11, 2016, with limited further briefing by each side allowed.

On February 11, 2016, after argument and due consideration, the Court did take judicial notice of many additional documents of which it had declined to take judicial notice on December 31. This was the reason that the Court then reached a different conclusion, i.e. to grant the motion in full – based on the clear showing that the applicable statute of limitations

2

barred plaintiff's claims – which was indisputably a different ruling from the ruling on December 31.

The Court, recognizing its power to review its prior ruling on December 31, 2015 on the motion for judgment on the pleadings sua sponte, and having considered all of the evidence, all of the points and authorities, all of the supplemental briefing, all of the documents upon which it took judicial notice, including: Exhibit A, The Tentative Order and June 7, 2002 Order Dismissing Plaintiff Luis Gutierrez from the Lockheed Litigation; Exhibit B (only as to Bates DEF 000000598-000000607, and DEF 000000013-000000029) The Order of Compromise and Release, Signed by Luis Gutierrez, relating to his claims against Lockheed Corporation notifying Luis Gutierrez of his right to meet with retired judges to "have his claim heard by the judicial panel, appointed by the Honorable Melvin B. Grover, Superior court Judge...", Bates DEF 000000022-23; Exhibit G, Plaintiffs Class Action Complaint; Exhibit H, Plaintiffs Third Amended Complaint for Damages; Exhibit I, Plaintiff Luis Gutierrez's April 13, 2015 Status Report; Exhibit L, Notice of Ruling and Orders after hearing on Accounting and Request to Disclose Settlement Agreements and Termination of hearing and Turnover order; Exhibit N, Girardi | Keese v. Jeffrey McIntyre Cross Complaint filed on September 14, 2001; Exhibit O, Anzures, Robert, et al. v. Girardi Keese Complaint filed on October 3, 2001; and Exhibit P, Britton, et al. v. Thomas V. 2 Girardi, et al. Second Amended Complaint filed on February 11, 2013, the oral argument of counsel, and upon proof made to the satisfaction of the Court:

    1. The Court ordered the exhibits attached to Plaintiffs Reply Memorandum re Right to Jury Trial on Plaintiffs' Claims; Declaration of Peter Dion-Kindem, re-lodged by Plaintiffs' Counsel on February 11, 2016, be placed under conditionally under seal with

the expectation that defendants would, in due course, make a formal application for a sealing order (which has not yet occurred).

2. The Court granted Defendants request to take judicial notice of:

   a. **Exhibit A,** The Tentative Order and June 7, 2002 Order Dismissing Plaintiff Luis Gutierrez from the Lockheed Litigation,

   b. **Exhibit B** (only as to Bates DEF 000000598-000000607, and DEF 000000013- 10 000000029) The Order of Compromise and Release, Signed by Luis Gutierrez, relating to his claims against Lockheed Corporation notifying Luis Gutierrez of his right to meet with retired judges regarding his accounting,

   c. **Exhibit G,** Plaintiffs Class Action Complaint,

   d. **Exhibit H,** Plaintiffs Third Amended Complaint for Damages,

   e. **Exhibit I,** Plaintiff Luis Gutierrez's April 13, 2015 Status Report,

   f. **Exhibit L,** Notice of Ruling and Orders after hearing on Accounting and Request to Disclose Settlement Agreements and Termination of Keese v. Jeffrey McIntyre Cross hearing and Turnover order,

   g. **Exhibit N,** Girardi Keese v. Jeffrey McIntyre Cross Complaint filed on September 14, 2001,

   h. **Exhibit O,** Anzures, Robert, et al. v. Girardi Keese Complaint filed on October 3, 2001, and

   i. **Exhibit P,** Britton, et al. v. Thomas V. Girardi, et al. Second Amended Complaint filed on February 11, 2013.

3. On sua sponte reconsideration, the Court still declined Defendants' request to take judicial notice of:

   a. **Exhibit C**, A December 14, 2000 Letter from Judge Jack Tenner (Ret.) to Luis Gutierrez, enclosing a Lockheed Authorization Form Plaintiff Luis Gutierrez, bearing Bates DEF000000123-000000125;

   b. **Exhibit D**, A Lockheed Authorization Form signed by Plaintiff Luis Gutierrez, bearing Bates DBF 000000126;

   c. **Exhibit E**, A February 9, 2001 Letter From Luis Gutierrez to Girardi/Keese Lawyers, bearing Bates DBF 000000128;

   d. **Exhibit F**, Two Releases Signed by Plaintiff Luis Gutierrez, bearing bates DEF000000129-000000137;

   e. **Exhibit J**, April 3, 2012 Tentative Ruling on the Second Amended Complaint;

   f. **Exhibit K**, Report of the Honorable Jack Tenner;

   g. **Exhibit M**, Declaration of Peter P. Brotzen in Support of Motion for Good Faith;

   h. **Exhibit Q**, Excerpts from the Handbook on Client Trust Accounting for California Attorneys, without prejudice to offering them as evidence at trial.

4. Note that on December 31, 2015, the Court had only taken judicial notice of **Exhibits A, G through I and L**, and the Court has expressly declined to take judicial notice of **Exhibits B through F, J, K and M**. The Court on December 31 denied judicial notices of **Exhibits N through Q inclusive** because of the lateness of their submission to opposing counsel and the Court. As noted above, it was this change in the ruling on what

5

would be considered via judicial notice which led to the change in the ultimate ruling on the motion for judgment on the pleadings. The Court found it indisputable on this record that the statute of limitations barred plaintiff's claim. Under the circumstances, proceeding to a formal trial to reach the same conclusion would be an idle and needless formality.

5. The Court Granted Defendants Motion for Judgment on the Pleadings in its entirety as to all of the theories articulated verbally, as well as the theories expressly stated in the Third Amended Complaint.

6. The Court vacated the trial date of February 16, 2016.

7. The Court directed that Judgment via a separate document so titled be entered in due course in favor of Defendants Thomas V. Girardi and Girardi & Keese and against Plaintiff Luis Gutierrez in his individual capacity and that Defendants are entitled to recover their costs as provided by law.

Dated: March 15, 2016

_____
William F. Highberger

6