1  PETER R. DION-KINDEM (SBN 95267)
2  THE DION-KINDEM LAW FIRM
   PETER R. DION-KINDEM, P. C.
3  21550 Oxnard Street, Suite 900
4  Woodland Hills, California 91367
   Telephone: (818) 883-4900
5  Fax:        (818) 883-4902
6  Email:      peter@dion-kindemlaw.com

7  Attorneys for Plaintiff Paul Kranich

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Kranich,<br><br>     Plaintiff,<br><br>vs.<br><br>Thomas V. Girardi, Robert Finnerty, Girardi – Keese, and Does 1 through 100,<br><br>     Defendants. | **Case No. 2-16-CV-01209-CAS-E**<br><br>**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**<br><br>Date:   August 8, 2016<br>Time:   10:00 a.m.<br>Crtrm:  5 – 2nd Floor |

Plaintiff objects to Defendants' Request for Judicial Notice filed in support of Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Not only are certain of the documents not properly the subject of judicial notice, even if they were, none of them establish as a matter of law that Plaintiff was aware or should have been aware that Defendants had charged him excessive fees and costs more than three years before he filed this action or had otherwise misused the settlement proceeds as alleged in

**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**

1

the First Amended Complaint.

I. **THE LAW IS CLEAR THAT THE COURT CANNOT RELY ON THE MATTERS OF WHICH DEFENDANTS REQUEST JUDICIAL NOTICE FOR THEIR "FACTUAL" ACCURACY IN RULING ON DEFENDANTS' MOTION.**

The law is clear that the Court cannot rely on such matters of which it takes judicial notice for their "factual" accuracy in ruling on Defendants' motion. As the Court held in *Richtek USA, Inc. v. uPI Semiconductor Corporation* (2015) 242 Cal.App.4th 651, 659-60 [195 Cal.Rptr.3d 430, 437]:

> While it was proper for the trial court to judicially notice the Taiwanese complaints as appended to the United States District Court case, it was not proper to use the allegations in those complaints to resolve factual disputes for purposes of the demurrer in this case. (Evid. Code §§ 452, 453). "In ruling on a demurrer, a court may consider facts of which it has taken judicial notice. (Code Civ. Proc. § 430.30, subd. (a).) This includes the existence of a document. When judicial notice is taken of a document, however, the truthfulness and proper interpretation of the document are disputable. [Citation.]" (*StorMedia, Inc. v. Superior Court,* (1999) 20 Cal.4th 449, 457, fn. 9, 84 Cal.Rptr.2d 843, 976 P.2d 214.)
>
> Here, the trial court did not take notice of the *existence* of the complaints; rather, it used the complaints to resolve the disputed issue of when appellants' had knowledge of respondents' misappropriation of trade secrets for purposes of the statute of limitations. The allegations in the amended complaint, which we must accept as true for purposes of evaluating a demurrer, state that appellants learned of specific misappropriations in 2009, 2010 and 2011. This is contrary to the allegations in the Taiwanese complaints. In sustaining respondents' demurrer, the trial court used the allegations in the Taiwan complaints to conclude that appellants had knowledge of respondents' misappropriation in 2007, and as such, appellants' claims in this case were time-barred. ***This was improper.***
>
> "[A] court ruling on a demurrer cannot decide a question that may depend on disputed facts by means of judicial notice." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 115, 55 Cal.Rptr.3d 621.) . . . The hearing on demurrer may be turned into a contested evidentiary hearing through the guise of having the court take judicial notice of documents whose truthfulness or proper interpretation are disputable.

**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**

[Citation.]' [Citation] ...' "judicial notice of matters upon demurrer will be dispositive only in those instances where there is not or cannot be a factual dispute concerning that which is sought to be judicially noticed." [Citation.]' " (*Id.* at pp. 113–114, 55 Cal.Rptr.3d 621; see also *Joslin v. H.A.S. Brokerage,* (1986) 184 Cal.App.3d 369, 374, 228 Cal.Rptr. 878. . .)

We find that the trial court erred in this case by using the 2007 Taiwan complaints to conclude that appellants "had knowledge of both the misappropriation at issue in this lawsuit and the identity of the parties liable for damages." The trial court's conclusions regarding the Taiwan complaints are contradictory to the express allegations in the amended complaint. The trial court erred in sustaining respondents' demurrer.

## II. NONE OF THE DOCUMENTS IDENTIFIED IN DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ESTABLISH AS A MATTER OF LAW THAT PLAINTIFF WAS AWARE OR SHOULD HAVE BEEN AWARE THAT DEFENDANTS HAD CHARGED HIM EXCESSIVE FEES AND COSTS OR HAD OTHERWISE MISUSED SETTLEMENT PROCEEDS MORE THAN ONE YEAR BEFORE HE FILED THIS ACTION.

| Matter for which Defendants seek judicial notice | Reasons why such matter is not properly considered or irrelevant to Defendants' motion |
|---|---|
| 1. Order Dismissing Plaintiff's Complaint in instant action dated June 6, 2016. | Such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| 2. Complaint filed on October 3, 2001 by attorney Jeffrey C. McIntyre in action entitled *Robert Anzures, et al., v. Girardi & Keese, et al.*, Case No. VC035337. | Plaintiff was not a named plaintiff in this action, and there is no allegation in the First Amended Complaint that Plaintiff had retained Mr. McIntyre or Mr. Larson to represent him in any claims against Girardi & Keese. Moreover, Plaintiff has specifically averred that he was not aware of such lawsuit more than three years prior to filing this lawsuit, and there are no facts that put Plaintiff on inquiry notice that he may have been defrauded by Defendants.<br><br>Such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or |

**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**

3

| | |
|---|---|
| | costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| 3. *Gutierrez v. Girardi, et al.* Class Action Complaint, Case No. BC400560 filed October 23, 2008. | Plaintiff Kranich was not a party to this action.<br><br>Moreover, such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| 4. Third Amended Complaint in *Gutierrez v. Girardi, et al.,* Case No. BC400560 | Plaintiff Kranich was not a party to this action.<br><br>Such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| 5. Order dated March 15, 2016 granting Defendants' Motion for Judgment on the Pleadings in *Gutierrez v. Girardi, et al.,* Case No. BC400560. | Plaintiff Kranich was not a party to this action. Moreover, this case is currently on appeal to the Second District Court of Appeal and has no binding effect on this Court.<br><br>Moreover, such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| 6. Notice of Entry of Judgment dated August 15, 2002 as to Plaintiffs Vuna Evans, John Flores, Michael Gilliam, Tommie Hooper, Joel James, Darnese Horne, Patricia Ann Isaacs, Judith Jones, Paul Kranich and Emma Lewis in Judicial Council Coordination Proceeding Number 2967. | Such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action.<br><br>Moreover, the fact that Plaintiff's claim in the underlying action against certain non-settling defendants was dismissed does not absolve Defendants from their fraud in mishandling the |

**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**

settlement proceeds from the settling defendants in the underlying action.

The Court of Appeal expressly held in *Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925, 936-37 [125 Cal.Rptr.3d 210, 219] that the fact that Plaintiff's underlying claim was dismissed as to certain non-settling defendants is irrelevant to any statute of limitations defense:

> Because there was no pending or potential action against the settling defendants when G & K allegedly misappropriated the settlement funds, a trial within a trial regarding Gutierrez's substantive claims in the Lockheed Action is unnecessary. Gutierrez's breach of fiduciary duty cause of action must stand or fall without regard to the merits of his underlying claims against the settling defendants. Accordingly, whether Gutierrez's claims against the settling defendants objectively would have been barred by the statute of limitations is irrelevant to Gutierrez's breach of fiduciary duty cause of action against G & K.
>
> If we were to adopt G & K's position—that the merits of Gutierrez's underlying claims against the settling defendants must be adjudicated—we would create a rule of law that would lead to absurd and inequitable results. For example, suppose a plaintiff retains an attorney to represent him in an employment discrimination action on a contingency basis. After the plaintiff's employer settles the case for $100,000, the attorney absconds with the settlement proceeds without paying the plaintiff anything. Under G & K's position, if the plaintiff sued the attorney, the attorney could raise each of the employer's defenses to the plaintiff's settled claims and, if the attorney prevailed in this trial within a trial, he could keep the $100,000 with

**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**

5

| | | |
|---|---|---|
| | | impunity. That is not, should not be, and never has been the law in this state. |
| | 7. Complaint filed May 15, 1991 in *Robert Almon, et al., vs. Lockheed Corporation, et al*. | This is the complaint in the underlying action against Lockheed Corporation and other defendants, in which Plaintiff was a named party. Such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| | 8. Full Release of Claims for personal Injury and Wrongful Death between Minnesota Mining & Manufacturing Company and Henkel Corporation and Paul Kranich dated February 22, 1998 in underlying Lockheed Litigation. | This is not a document of which judicial notice may properly be taken. Even assuming that Plaintiff signed this Release, such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| | 9. Letter from Retired Judge Jack Tenner to Lockheed Clients Dated December 14, 2000. | This is not a document of which judicial notice may properly be taken. Moreover, such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |
| | 10. Letter from Thomas Girardi to all Lockheed Clients dated July 7, 1992. | This is not a document of which judicial notice may properly be taken. Moreover, such document does not establish as a matter of law that Plaintiff knew or should have known that Defendants had fraudulently overcharged him fees or costs or otherwise misused settlement proceeds more than one year before filing this Action. |

**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**

Dated: July 18, 2016

THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P.C.

BY: _____
PETER R. DION-KINDEM
Attorneys for Plaintiff Paul Kranich

**Plaintiff's Objections to Defendants' Request for Judicial in Support of Defendants' Motion to Dismiss First Amended Complaint**

7