UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

| | |
|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER |

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Peter Dion-Kindem | Robert Finerty |

**Proceedings:**        DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT (Dkt. 27, filed July 5, 2016)

## I.    INTRODUCTION

On February 22, 2016, plaintiff Paul Kranich filed the instant action against defendants Thomas V. Girardi ("Girardi"), Robert Finnerty ("Finnerty"), Girardi-Keese, and Does 1 through 100 (collectively, "defendants"). Dkt. 1 ("Compl."). On March 29, 2016, defendants filed a motion to dismiss plaintiff's complaint. Dkt. 9. On June 6, 2016, the Court granted defendant's motion without prejudice. Dkt. 24. On June 13, 2016, plaintiff filed a First Amended Complaint ("FAC"). Dkt. 25. The FAC asserts claims against defendants for: (1) fraud; (2) civil RICO in violation of 18 U.S.C. §§ 1962(c), 1964(c); (3) civil RICO conspiracy in violation of 18 U.S.C. §§ 1962(d), 1964(c); (4) conversion; (5) petition for an accounting pursuant to California Probate Code §§ 16061, 17200; (6) violation of California Business and Professions Code § 6091; (7) breach of fiduciary duty; (8) violation of California Penal Code § 496; (9) unjust enrichment; and (10) money had and received. Id.

On July 5, 2016, defendant filed a motion to dismiss plaintiff's FAC. Dkt. 27. On July 18, 2016, plaintiff filed an opposition, Dkt. 29, and on July 25, 2016, defendants filed a reply, Dkt. 31. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

On May 15, 1991, plaintiff filed a civil lawsuit against his employer, Lockheed Corporation, and various chemical manufacturers for damages allegedly caused by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'    JS-6

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

chemical exposure while he was employed at Lockheed (the "underlying lawsuit").
Defs.' RJN Ex. 7.[1]  Defendants represented plaintiff in the underlying lawsuit.  FAC ¶ 2.
After several years of litigation, some of the defendants in the underlying lawsuit filed a
motion for summary judgment on the grounds that plaintiff's suit was barred by the
statute of limitations.  See Def's. RJN Ex. 6.  The trial court in the underlying lawsuit
ultimately determined that plaintiff's claims against these defendants were, in fact, time-
barred.  Id.  Specifically, the trial court determined that, on October 19, 1989, plaintiff
had applied for workers compensation benefits seeking compensation for the identical
injuries he claimed in the underlying lawsuit.  Id.  Because plaintiff had not filed the
underlying lawsuit until May 15, 1991, the trial court concluded that plaintiff's claims
were barred by the applicable one-year statute of limitations.  Id.  On July 29, 2002, the
trial court entered a judgment against plaintiff.

Prior to the entry of judgment in the underlying lawsuit, general settlements were
reached with several of the defendants who did not move for summary judgment.  FAC ¶
3.  Plaintiff alleges that these settlements, with interest, totaled approximately $130
million.  Id.  Defendants received the settlement funds from the settling defendants in the
underlying lawsuit and controlled all disbursements of such settlement funds.  Id.
Plaintiff received his last settlement check in 2001.  Id.

---

[1] Defendants request that the Court take judicial notice of various court documents
related to the underlying lawsuit and other cases filed against defendants.  Dkt. 10, Defs.'
Request for Judicial Notice ("Defs.' RJN").  "Under Federal Rule of Evidence 201, a
court may take judicial notice of matters of public record."  Lee v. City of Los Angeles,
250 F.3d 668, 688-89 (9th Cir. 2001); see also Harris v. County of Orange, 682 F.3d
1126, 1132 (9th Cir. 2012) (holding that a court "may take judicial notice of undisputed
matters of public record, including documents on file in federal or state courts").
Accordingly, the Court takes judicial notice of the documents in defendants' request for
judicial notice because, as publicly filed court documents, they are all matters of public
record, but does not accept them for the truth of the matters asserted therein.  See also
Munguia v. Wells Fargo Bank, N.A., 2015 WL 1475996, at *1, n.1 (C.D. Cal. Mar. 30,
2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'   JS-6**

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

In the instant action, plaintiff alleges that, despite owing him a fiduciary duty as his attorneys, defendants charged him excessive costs and used the settlement proceeds from the underlying lawsuit for improper purposes.  See generally FAC.  For example, plaintiff alleges that defendants used the settlement proceeds to pay individuals in unrelated cases who were apparently represented by defendants and that on several occasions defendants used settlement proceeds to pay personal or unrelated business debts.  Id. ¶ 11.  And plaintiff alleges that defendants charged him and other plaintiffs in the underlying lawsuit a fixed amount of $22,000 in "costs" even though the total amount of legitimate costs that had been incurred by defendants was substantially less.  Id. ¶ 12.  Plaintiff now brings claims against defendants for, *inter alia*, fraud, civil RICO, and breach of fiduciary duty.

## III.    LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       **'O'   JS-6**

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee, 250 F.3d at 689.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   ANALYSIS

In the Court's order granting defendants' earlier motion to dismiss, it determined that all of plaintiff's claims in this action were barred by the applicable statutes of limitation. Specifically, the Court explained that each of plaintiff's claims was subject to either a two, three, or four year statute of limitations. See Dkt. 24, at 4-5 (citing Yamachi v. Cotterman, 84 F. Supp. 3d 993, 1010 (N.D. Cal. 2015) ("fraud claims are subject to a three-year statute of limitations") (citing Cal. Civ. Proc. Code § 338(d)); Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143 (1987) (holding that the four–year statute of limitations of the Clayton Act, 15 U.S.C.A. § 15(b), should be applied uniformly to all civil RICO claims); Am. Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1479 (Cal. Ct. App. 2014) ("The statute of limitations for breach of fiduciary duty is three years or four years, depending on whether the breach is fraudulent or nonfraudulent."); F.D.I.C. v. Dintino, 167 Cal. App. 4th 333, 346-50 (Cal. Ct. App. 2008) (explaining that, depending on the grounds on which an unjust enrichment claim is based, the applicable statute of limitations is either three or four years); Murphy v. Am.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'   JS-6**

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

General Life Ins. Co., 74 F. Supp. 3d 1267, 1279 (C.D. Cal. 2015) ("The statute of limitations period for a claim of conversion is three years.") (citing Cal. Code Civ. Proc. § 338(c)(1)); Id. at 1280 ("The limitations period for bringing a claim of money had and received is two years.") (citing Cal. Code Civ. Proc. § 339(1)); Greenwood v. Mooradian, 137 Cal. App. 2d 532, 546 (Cal. Ct. App. 1955) (statute of limitations for an accounting four years); People v. Grant, 113 Cal. App. 4th 579, 594 (Cal. Ct. App. 2003) (four year statute of limitations applies to violations of California Penal Code § 496)).[2]

Alternatively, the Court noted that all of the allegations in the complaint arise out of defendants representation of plaintiff in the underlying lawsuit.  Pursuant to California Code of Civil Procedure section 340.6, "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."  Cal. Civ. Proc. Code. § 340.6(a).  Accordingly, under this provision as well, plaintiff's claims are subject to a statute of limitations of, at most, four years.[3]

---

[2] In the FAC, plaintiff asserts an additional claim against defendants for violation of California's Unfair Competition Law ("UCL").  However, like many of the claims raised in plaintiff's original complaint, claims for violation of the UCL are subject to a four-year statute of limitations.  See Aryeh v. Canon Bus. Solutions, Inc., 55 Cal. 4th 1185, 1192 (2013) ("Any action to enforce any cause of action pursuant to [the UCL] shall be commenced within four years after the cause of action accrued.") (citing Cal. Bus. & Prof. Code § 17208).

[3] Plaintiff argues, as he did in his opposition to defendants' earlier motion to dismiss, that his claims for an accounting are not subject to a statute of limitations.  However, the Court has already rejected this argument.  In its prior order, the Court explained that "[w]ith respect to trust accounts, Probate Code section 16460 applies to a fiduciary's duty to provide an accounting to a beneficiary and provides a three-year limitations period that is triggered by the trustee's accounting duty."  Dkt. 24, 5 n.3 (quoting Praskashpalan v. Engstrom, Lipscomb, and Lack, 223 Cal. App. 4th 1105, 1123 (Cal. Ct. App. 2014)).  Plaintiff also argues that, notwithstanding the provisions of section 16460, the three-year statute of limitations does not begin to run until a plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|
| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

In the instant action, the conduct which gives rise to each of plaintiffs claims arose in the course of the underlying lawsuit.  Plaintiff received his last settlement check in connection with the underlying lawsuit in 2001 and the action was dismissed by the trial court in 2002.  Nonetheless, plaintiff did not file the instant suit until February 22, 2016—nearly fourteen years after the underlying lawsuit was dismissed.  Accordingly, applying either a two, three, or four year statute of limitations, all of plaintiffs claims have been time-barred for nearly a decade.

Plaintiff resists this conclusion and argues, as he did in opposition to defendants' previous motion to dismiss, that the statute of limitations on his claims did not begin to run until March 2015 when he first discovered the existence of his claims.  As a general matter, under California law, most statutes of limitations are subject to the discovery rule.  The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."  Norgart v. Upjohn Co., 21 Cal. 4th 383, 397–398 (1999).  "[T]o rely on the doctrine of delayed discovery, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.' "

---

makes a demand for an accounting and his demand is refused.  Plaintiff contends that he first made a demand for an accounting less than one year before the filing of this lawsuit and, as such, argues that his claims for an accounting are timely.  However, again, the Court has already rejected this argument.  Specifically, in the Court's prior order it explained that a plaintiff may not "indefinitely suspend the running of the statute by delaying to make a demand"; rather, "the demand must be made within a reasonable time after it can lawfully be made."  Stafford v. Oil Tool Corp., 133 Cal. App. 2d 763, 765-66 (Cal. Ct. App. 1955).  Here, as already stated, plaintiff received his last settlement check in 2002.  As of that time, plaintiff had the right to demand an accounting from defendants.  Nonetheless, plaintiff delayed in demanding an accounting for more than a decade.  Accordingly, plaintiff failed to make his demand for an accounting "within a reasonable time after it [could] lawfully be made."  See also id. at 766 ("What is a reasonable time depends upon the circumstances of each case; but in the absence of peculiar circumstances, a time coincident with the running of the statute will be deemed reasonable, and if a demand is not made within that period, the action will be barred.").  The Court, therefore, finds that plaintiff's claims for an accounting are time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** | **JS-6** |
|---|---|---|---|---|
| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 | |
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | | |

<u>Zamora v. Wells Fargo Bank</u>, 2013 WL 2319079, at \*5 (N.D. Cal. May, 28, 2013) (citing <u>Fox v. Ethicon Endo-Surgery, Inc.</u>, 35 Cal. 4th 797, 806 (2005)).  In addition, "[t]he discovery related facts should be pleaded in detail to allow the court to determine whether the [cause of action] should have been discovered sooner."  <u>Cansino v. Bank of America</u>, 22 Cal. App. 4th 1462, 1472 (Cal. Ct. App. 2014).  "Conclusory allegations will not withstand a demurrer."  <u>Id.</u>

In the Court's prior order, it determined that plaintiff had failed to meet his burden of pleading facts to support a theory of delayed discovery.  Specifically, the Court stated:

> Here, plaintiff alleges that he did not discover defendants' wrongful conduct until March of 2015 when his current attorney, Peter R. Dion-Kindem, advised him of defendants' wrongful conduct.  Compl. ¶ 28.  However, plaintiff pleads only a single fact to explain why he could not have discovered his causes of action prior to March of 2015.  Specifically, plaintiff alleges that "[t]he bank records and other records reflecting Girardi's improper use of the settlement proceeds were in Girardi's possession, and Plaintiff did not have access to such records."  <u>Id.</u>  In short, plaintiff appears to allege that defendants' bank records revealed that they had used the Lockheed settlement proceeds for improper purposes and that, without access to these bank records, even if plaintiff had conducted a reasonable investigation he would not have discovered defendants allegedly wrongful conduct.  Yet plaintiff fails to explain why access to defendants' bank records was the only way to determine how the Lockheed settlement proceeds had been allocated.  And plaintiff makes only conclusory allegations that an investigation would have been fruitless without access to the bank records.  Indeed, the complaint is devoid of any facts describing the steps plaintiff took to investigate or otherwise apprise himself of his causes of actions.  Accordingly, the meager allegations in the complaint are insufficient to explain why, during the nearly thirteen years between the end of the underlying lawsuit and March 2015, plaintiff was unable to discover the existence of his causes of action.

> Moreover, plaintiff was arguably on inquiry notice of his claims long before he filed the instant action.  Specifically, in 2001, defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'    JS-6**

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

co-counsel in the underlying lawsuit, Jeffrey C. McIntyre and
Timothy Larson, filed a lawsuit against defendants on behalf of ninety
other plaintiffs in the underlying lawsuit.  RJN, Ex. 1.  This action,
Anzures et al. v. Girardi & Keese, Los Angeles Superior Court Case
No. VC35337, raised virtually identical allegations as the instant suit.
See id.  In the complaint, plaintiff fails to explain how ninety of his
fellow plaintiffs in the underlying lawsuit were aware of defendants'
alleged misconduct and yet he remained unaware until nearly fourteen
years later.  Moreover, as a law suit filed in Los Angeles Superior
Court, the Anzures action is a matter of public record.  Had plaintiff
conducted a reasonable investigation he would have likely discovered
the Anzures litigation and become aware of his causes of action.  See
also Miller v. Bechtel Corp., 33 Cal. 3d 868, 875 (1983) (explaining
that, if a plaintiff "[becomes] aware of facts which would make a
reasonably prudent person suspicious, she ha[s] a duty to investigate
further, and [is] charged with knowledge of matters which would have
been revealed by such an investigation.").  At a minimum, the
existence of the Anzures litigation rebuts plaintiffs argument that,
without access to defendants' bank records, he could not have
discovered his causes of action through reasonable investigation.
August 4, 2016

Dkt. 24, at 6-7.[4]

_____

[4] Plaintiff objects to the Court's consideration of the Anzures litigation.  He
contends that the fact that other Lockheed plaintiff's had sufficient knowledge of their
claims to bring suit against defendants has no bearing on whether *plaintiff* had sufficient
knowledge to bring the claims in this action.  However, plaintiff concedes that he
received his final settlement check from defendants in 2001.  California courts have held
that when a plaintiff receives a settlement check from his attorney that plaintiff has a duty
to exercise reasonable diligence and to make a reasonable inquiry to determine if he has
been charged excessive costs or have received less than their full share of settlement
proceeds.  Britton v. Girardi, 235 Cal. App. 4th 721, 730 (2015) ("claims based upon the
underpayment of settlement shares and excessive fees and costs require[] plaintiffs to
exercise reasonable diligence and make a reasonable inquiry upon receiving their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'   JS-6

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

Alternatively, plaintiff argues that the court should toll the statute of limitations because defendants fraudulently concealed their purportedly wrongful conduct. However, again the Court has already rejected this argument in its prior order. In particular, the Court explained:

> [P]laintiff argues that defendants willfully concealed the existence of the Anzures action from him, thus preventing him from discovering his causes of action until March of 2015. This argument fails for two reasons. First, as already stated, the Anzures action was a matter of public record. Assuming that defendants did not inform plaintiff of the Anzures action, plaintiff still fails to explain why he could not have independently discovered the existence of this ligation. Second, "[t]o toll the statute of limitations under a fraudulent concealment theory, a plaintiff 'must plead facts showing that [defendants] affirmatively misled [him] and that [plaintiff] had neither actual nor constructive knowledge of the facts giving rise to [his] claim despite [his] diligence in trying to uncover those facts." In re Capacitors Antitrust Litigation, 106 F. Supp. 3d 1051, 1065 (N.D. Cal. 2015) (citing Conmar Corp. v. Mitsui & Co. (U.S.A.), 858 F.2d 499, 502 (9th Cir.1988)); see also Prakashpalan v. Engstrom, Lipscomb & Lack, 223 Cal. App. 4th 1105, 1123 (Cal. Ct. App. 2014) ("To take advantage of [the fraudulent concealment] doctrine 'the plaintiff must show . . . the substantive elements of fraud . . . and .

---

settlement checks"). As the Court noted previously, at a minimum the Anzures litigation demonstrates that, in 2001—i.e., the same year that plaintiff received his final settlement check—there was sufficient publicly available information for ninety of the Lockheed plaintiffs to identify their claims and bring suit against defendants. And, even more significantly, the Anzures litigation was a matter of public record. Thus, had plaintiff conducted a reasonable inquiry, he could have discovered the fact that many of his fellow plaintiffs had initiated an action against defendants for the exact same claims plaintiff brings against defendants in the instant action. Accordingly, the Court finds that, contrary to plaintiff's assertion, the Anzures litigation does bear upon whether plaintiff had sufficient knowledge of his claims to initiate this action within the limitations period. Specifically, the Anzures litigation demonstrates that, had plaintiff conducted a reasonable inquiry—as he was obligated to do upon receipt of his settlement check—he would have discovered the existence of his claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**   **JS-6**

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

. . an excuse for late discovery of the facts.' ") (citations omitted).  "Conclusory statements are not enough, and plaintiffs must instead 'plead with particularity the circumstances of the concealment and the facts supporting [their] due diligence.' "  In re Capacitors Antitrust Litigation, 106 F. Supp. 3d at 1065 (citing Conmar Corp., 858 F.2d at 502).  Here, plaintiff does not identify a single affirmative statement by which defendants misled him.  This is insufficient to toll the statute of limitations under a fraudulent concealment theory.

Dkt. 24, at 7-8.[5]

---

[5] In his opposition, plaintiff cites case law to the effect that, where a plaintiff is in a fiduciary relationship with a defendant, he does not need to identify affirmative statements by which the defendant misled him.  Rather, in those cases, the defendant's failure to inform the plaintiff of material facts may be sufficient to constitute fraudulent concealment.  See, e.g., Thorman v. Amer. Seafoods Co., 421 F.3d 1090, 1096 (9th Cir. 2005) ("The principle that passive concealment is insufficient for a court to grant equitable tolling under the doctrine of fraudulent concealment bears one caveat—unless the defendant had a fiduciary duty to disclose information to the plaintiff.") (citations omitted).  However, even where the defendant is in a fiduciary relationship with the plaintiff, "the burden of pleading and proving belated discovery of a cause of action falls on the plaintiff."  Czajkowski v. Haskell & White, LLP, 208 Cal. App. 4th 166, 174 (Cal. Ct. App. 2012).  And "a duty of inquiry exists even where the alleged wrongdoer is a fiduciary."  Britton, 235 Cal. App. 4th at 723.; see also Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1415-16 (th Cir. 1987) ("To invoke the doctrine [of fraudulent concealment] in the complaint, [plaintiffs] must plead with particularity the facts giving rise to the fraudulent concealment claim and must establish that they used due diligence in trying to uncover the facts.").  Here, for all of the reasons already stated, the Court finds that plaintiff has failed to allege facts demonstrating that he exercised reasonable diligence to discover the existence of his claims.  Moreover, even accepting as true that defendants failed to inform plaintiff of the existence of the Anzures litigation, and that defendants had an obligation to do so, that still does not address the other issue identified by the court; namely, that the Anzures litigation was a matter of public record and plaintiff has failed to explain why he could not have independently discovered its existence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'   JS-6**

| Case No. | 2:16-cv-01209-CAS(Ex) | Date | August 8, 2016 |
|---|---|---|---|
| Title | PAUL KRANICH v. THOMAS V. GIRARDI, ET AL. | | |

     In the FAC, plaintiff does not add a single factual allegation to support his theory of either delayed discovery or fraudulent concealment.  Rather, plaintiff has merely added a number of conclusory statements regarding his inability to have made earlier discovery. See, e.g., FAC ¶ 30 ("Plaintiff did not, more than one year prior to the filing of this action, suspect or have reason to believe he had been injured"); Id. ¶ 32 ("Plaintiff had no knowledge of any facts more than one year prior to the filing of this action that made him suspicious, or would have made a reasonably prudent person suspicious"); Id. ¶ 34 ("Plaintiff did not discover Defendants' wrongful conduct more than one year before the filing of this action because Defendants intentionally concealed it from him in violation of their fiduciary duty").  As the Court explained in its prior order,"[t]he discovery related *facts* should be pleaded in detail to allow the court to determine whether the [cause of action] should have been discovered sooner" and "[c]onclusory allegations" are insufficient to withstand a motion to dismiss.  Cansino, 22 Cal. App. 4th at 1472 (emphasis added).  Accordingly, like plaintiff's original complaint, the allegations in the FAC are insufficient to support a theory of either delayed discovery or fraudulent concealment.  The Court, therefore, finds that each of plaintiff's claim is barred by the applicable statute of limitations and GRANTS defendants' motion to dismiss the FAC.

## V.     CONCLUSION

     In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss plaintiff's FAC.  Moreover, the Court previously granted plaintiff leave to file an amended complaint so that plaintiff could plead additional allegations to support the application of either a delayed discovery or fraudulent concealment theory.  Plaintiff failed to add even one additional factual allegation to support these theories. Accordingly, the Court grants defendants' motion **WITH PREJUDICE**.

     IT IS SO ORDERED.

|  | 00 | : | 15 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |