**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAUL KRANICH, | No.  16-56164 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-01209-CAS-E |
| v. | |
| THOMAS V. GIRARDI; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted February 9, 2018
Pasadena, California

Before:  CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,[**] District Judge.

Plaintiff-appellant, Paul Kranich (hereinafter referred to as "Kranich")

appeals the district court's grant of a motion to dismiss filed by the appellees, a law

firm and members of the law firm (hereinafter referred to collectively as "law

firm").  The lawsuit alleged that the law firm and its members defrauded their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

clients by charging excessive fees and costs and by fraudulently converting settlement proceeds which belonged to Kranich.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.  Without citation to legal authority, Kranich contends the district court abused its discretion in taking judicial notice of certain documents. *See Lee v. City of LA.,* 250 F.3d 668, 689 (9th Cir. 2001) (abuse of discretion standard).  We disagree.  The district court was permitted to take notice of documents referenced in the complaint, such as those related to settlement of the underlying claim.  *See Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir. 2006).  In addition, state court documents, such as the letter sent by a retired judge on behalf of the trial court, may be judicially noticed.  *See, e.g., Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998).  The district court did not err in taking judicial notice of the documents.

2.  We review the dismissal of a case de novo.  *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir. 2004).  The district court did not err when it determined that Kranich was on notice of his claim no later than 2001 when he received his final settlement check.  Sufficient notice existed to put Kranich on notice of the fraud, and thus he had a duty to further investigate.  *See Britton v. Girardi,* 185 Cal. Rptr. 3d 509, 519-21 (Ct. App. 2015) (holding that "facts were available to plaintiffs to trigger their inquiry duty" on nearly identical facts); *see*

16-56164

*also Miller v. Bechtel Corp.,* 663 P.2d 177, 181-82 (Cal. 1983) (holding that if plaintiff "became aware of facts which would make a reasonably prudent person suspicious, she had a duty to investigate further, and she was charged with knowledge of matters which would have been revealed by such an investigation" even where wrongdoer was fiduciary); *Noggle v. Bank of America*, 82 Cal. Rptr. 2d 829, 836 (Ct. App. 1999)

3.  The district court did not err in finding that Kranich's claims were barred by the statute of limitations, no matter which limitations period applied.  California Probate Code § 16460 contains a three-year statute of limitations and an action for accounting is tied to the nature of the case.  *See Jefferson v. J.E. French Co.*, 355 P.2d 643, 644 (Cal. 1960) *(*two year statute of limitations for accounting action based on an oral employment agreement); *Manok v. Fishman*, 107 Cal. Rptr. 266, 269-70 (Ct. App. 1973) (accounting for partnership affairs subject to a four year catch all statute of limitations); *Azevedo v. Azevedo*, 129 P.2d 127, 129 (Cal. Ct. App. 1942) (action for accounting subject to four year statute of limitations for claims founded upon written contract).  Also, an action for an accounting to a client is required by Rule 4-100 of the California Rules of Professional Conduct.  There is a four year statute of limitations or a one year limitation after discovery which applies to state law claims against attorneys.  Cal. Civ. Proc. Code § 340.6.  Further, there is a five-year limitation period on the retention of records after the

"final appropriate distribution of client funds." *Britton,* 185 Cal. Rptr. 3d at 521-22 (quoting Rule of Professional Conduct 4-100(B)(3)).  The district court correctly determined that under any of these limitation periods, Kranich, who waited 14 years to make a claim, was without recourse.

**AFFIRMED**

16-56164